IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 1:16-CV-01044-CCE-LPA

| | |
|---|---|
| DAVID CLARK, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>DUKE UNIVERSITY, *et al.*,<br><br>    Defendants. | **OPPOSITION TO PLAINTIFFS'<br>MOTION TO EXCLUDE OUTSIDE<br>MATERIALS REFERENCED IN<br>DEFENDANTS' REPLY IN SUPPORT<br>OF MOTION TO DISMISS** |

**I.  INTRODUCTION**

Plaintiffs' motion (Dkt. 42) seeks to exclude three categories of documents related to Duke's motion to dismiss: (1) the recordkeeping agreement between Duke and TIAA-CREF (Dkt. 39-2), (2) participant fee disclosures referenced in the amended complaint (Dkts. 35-3 to 35-8), and (3) appellate briefs from the *Renfro*, *Loomis*, and *Hecker* cases, all of which are available on PACER.  As explained below, Duke properly attached the recordkeeping agreement to its reply brief to respond to an argument made by Plaintiffs in their opposition brief, and the submission of that document did not violate Local Rules. The Court may also consider the participant fee disclosures because they are referenced in or integral to Plaintiffs' amended complaint and their authenticity is not disputed. Finally, the appellate briefs are public documents and the Court may take judicial notice of them.  For these reasons, Plaintiffs' motion to exclude should be denied.

## II. ARGUMENT

### A. Duke Properly Attached The TIAA-CREF Recordkeeping Agreement To Its Reply Brief To Respond To Arguments Raised In Plaintiffs' Opposition.

As a preliminary matter, Local Civil Rule 7.3(e) does not forbid a party from attaching exhibits to a reply memorandum. It merely states that when a motion relies on materials "not appearing of record," the supporting materials should be provided to the Court. None of the cases cited by Plaintiffs supports their position that Rule 7.3(e) imposes a blanket requirement that supporting materials must be filed with the original motion.

In *Dillon v. BMO Harris Bank, N.A.*, No. 1:13-CV-897, 2014 U.S. Dist. LEXIS 195823 (M.D.N.C. Sept. 12, 2014), for example, the Court criticized the defendants for an "unfortunate pattern" of failing to provide any support for a motion and "only undertak[ing] serious legal research after the plaintiff points out problems with the motion." *Id.* at *4, n.1. In contrast, Duke argued in its opening brief that Plaintiffs' "locking in" claim failed as a matter of law because ERISA permits the recordkeeping arrangement between Duke and TIAA-CREF. (Dkt. 35 at 17-19.) Plaintiffs stated in their opposition that the arrangement violated a specific ERISA regulation because the Duke/TIAA-CREF agreement "does not permit termination by the plan without penalty to the plan on reasonably short notice." (Dkt. 38 at 10 (quoting regulation).) To counter this assertion, Duke attached a copy of the recordkeeping agreement to its reply brief to show that, in fact, the agreement allows termination on 90 days' notice, which the

2

Department of Labor has held is sufficient notice under the regulation. (Dkt. 39 at 14.) Duke was not advancing "new" arguments or evidence, but simply responding to arguments raised in Plaintiffs' opposition brief. "[E]vidence attached to a reply brief is not 'new' if it responds to issues and facts raised in the non-movants opposition brief." *Kurland v. ACE Am. Ins. Co.*, No. JKB-15-2668, 2017 WL 354254, at *4 (D. Md. Jan. 23, 2017); *see also Aguilar v. LR Coin Laundromat*, No. RDB-11-02352, 2012 WL 1569552, at *3 (D. Md. May 2, 2012) (denying motion to strike or to allow sur-reply where the plaintiffs' opposition introduced arguments about defendants' sales volume, and defendants' reply included an affidavit and tax return not attached to the original motion, but used to address the arguments in the plaintiffs' opposition).[1]

Likewise, *Maisha v. University of North Carolina*, No. 1:12-CV-371, 2015 U.S. Dist. LEXIS 7026, at *3 (M.D.N.C. Jan. 22, 2015), is readily distinguishable. There the Court allowed the plaintiff to file a substitute brief in support of a motion for summary judgment but not to submit additional evidence. *Id*. at *3. When the plaintiff filed the substitute brief, he included evidence that was not in the original brief. *Id*. The Court excluded the additional evidence because it would prejudice "defendants, who wrote a reply brief based on the evidence originally submitted." *Id*. That is unlike the present

---

[1] Plaintiffs also fail to mention that the Court in *Dillon* did not exclude the "new evidence" but permitted the plaintiff to file a sur-reply. Plaintiffs' motion to exclude is tantamount to a sur-reply here.

case, where Duke submitted the recordkeeping agreement to refute the argument raised in Plaintiffs' opposition that the agreement violated ERISA regulations.[2]

> **B. The Court May Consider Two Participant Fee Disclosures Attached To Duke's Opening Brief Because They Are Explicitly Relied On In The Complaint, Are Integral To Plaintiffs' Claims, And The Authenticity Of The Documents Is Not Disputed.**

Plaintiffs seek to exclude two documents that Duke submitted with its initial motion—the 2016 Annual Participant Fee Disclosure (Dkts. 35-3 to 35-5) and the 2012 Annual Participant Fee Disclosure (Dkts. 35-6 to 35-8)—on the grounds that the fee disclosures "are not integral to the amended complaint." (Dkt. 42 at 6.) A central allegation of Plaintiffs' lawsuit is that the fees charged to Plan participants were excessive. Having challenged the fees and performance of Plan investments, Plaintiffs now want to bar the Court from considering documents disclosing that information. Yet, numerous decisions within this Circuit and elsewhere allow the Court to consider the fee disclosures under the circumstances presented here.

In ruling on a Rule 12(b)(6) motion, the Court may consider documents outside of the complaint where (1) the documents were incorporated by reference or integral to the complaint, and (2) the plaintiffs do not challenge the documents' authenticity.

---

[2] Plaintiffs also rely on *VS Techs., LLC v. Twitter, Inc.*, No. 2:11cv43, 2011 U.S. Dist. LEXIS 114998 (E.D. Va. Oct. 5, 2011), and *Spencer v. Sharp*, 487 F. App'x 424, 425 (9th Cir. 2012). In *VS Technologies*, the court granted a motion to strike, stating "[p]ursuant to the rules of this Court, a party is forbidden from attaching new affidavits or exhibits in its reply brief without leave of court." 2011 U.S. Dist. LEXIS 114998, at *24, n.5. Plaintiffs have identified no such local rule in this District. *Spencer* is similarly inapposite. There, the Ninth Circuit found no error in the district court's decision to consider arguments first made in a reply brief. 487 F. App'x at 425.

*Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 195, n.5 (4th Cir. 2002); *see also Stewart v. Pension Trust of Bethlehem Steel Corp.*, 12 F. App'x 174, 176 (4th Cir. 2001) (noting that "a district court ruling on a motion to dismiss may consider a document … upon which the plaintiff's complaint necessarily relies"). Plaintiffs do not dispute that the amended complaint refers to the "annual participant fee disclosures" (Dkt. 24 at ¶ 178, n.40), nor do they challenge the authenticity of the documents. Thus, their sole argument for excluding the fee disclosures is that the amended complaint refers to "annual fee disclosure" only once, positing that "[s]uch limited use is not incorporation by reference." (Dkt. 42 at 6.)

The case upon which Plaintiffs principally rely for this proposition, *Goines v. Valley Community Services Board*, 822 F.3d 159 (4th Cir. 2016), does not hold that a document which is merely quoted in a complaint is not "integral" to it. To the contrary, the court in *Goines* assumed the document *was* integral to the complaint and that the district court properly considered it on a motion to dismiss. *Id*. at 166 ("Nonetheless, because Goines does not argue otherwise, we will assume without deciding that the Incident Report was integral to the complaint. And because there is no question about the authenticity of the Incident Report, we will therefore assume that the district court properly treated the Incident Report as if it had been attached to the complaint."). More to the point are Fourth Circuit cases holding that if a plaintiff relies upon a document in a complaint, the court may consider it on a motion to dismiss. *E.g.*, *Darcangelo*, 292 F.3d at 195, n.5 (holding that when a plaintiff relies upon an agreement in his complaint, the

court may consider the agreement in ruling on a motion to dismiss); *Stewart*, 12 F. App'x at 176 (holding that the "district court did not err in considering copies of the Pension Agreement and CBAs offered by Appellees because Appellants explicitly relied on these documents in their complaint"); *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) ("[A] court may consider [a document] in determining whether to dismiss the complaint because it was integral to and explicitly relied on in the complaint and because the plaintiffs do not challenge its authenticity.").

Plaintiffs' position that the fee disclosures should be disregarded because they are not "integral" to the amended complaint makes little sense. The footnote in the amended complaint specifically referencing the fee disclosures (Dkt. 24 ¶ 178, n.40) precedes a four-page table in which Plaintiffs list the Plan investment options that allegedly underperformed a benchmark. (Dkt. 24 ¶ 178 at 99-103.) The source of this information, according to Plaintiffs, is a series of "Fee Reports" available online. (Dkt. 24 ¶ 178, n.40.) Yet, the same information appears in the participant fee disclosures attached to Duke's brief: fund names; expense ratios; average annual returns for one, five, and ten years; and benchmark.[3] It is disingenuous for Plaintiffs to make allegations based on documents they found on the Internet while barring Duke from furnishing the Court with the actual disclosures Plaintiffs received, which are also available online. *See United States v. Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 453 (E.D.N.Y. 2007) ("The Court can conceive of no good faith basis upon which the Government could make

---

[3] *Compare* https://www.valic.com/valic/internet/us/en/Tier_1_Fee_Report_v1.xls *with* Dkts. 35-3 to 35-5.

6

assertions of facts regarding the ILS's election procedures without relying on the ILA Constitution."); *see also* Dkt. 35-1 at 2-3.

Finally, contrary to Plaintiffs' allegation, Duke did not rely on the fee disclosures "to support new arguments that Plaintiffs have no opportunity to address." (Dkt. 42 at 7.) Duke argued in its opening brief that the Plan offers a range of investment options, including low-cost mutual fund share classes. (Dkt. 35 at 10.) In its reply, Duke again pointed to the fee disclosures to show how many of these low-cost funds are available to participants—hardly a "new argument."

### C. The Court May Take Judicial Notice Of Appellate Briefs Filed In *Renfro*, *Loomis*, And *Hecker*.

Plaintiffs' final request—that the Court disregard the appellate briefs in three seminal cases—is inconsistent with the law of this Circuit. Duke cited these briefs in the reply because Plaintiffs claimed that the plaintiffs in those cases did not advance the same arguments that Plaintiffs are making here – a claim that the appellate briefs contradict. As Plaintiffs acknowledge, "a court may take judicial notice of what is stated in a court record." (Dkt. 42 at 9 (citing *Nolte v. Capital One Fin. Corp.*, 390 F.3d 311, 317, n.* (4th Cir. 2004)). Other Fourth Circuit decisions confirm this. *See, e.g.*, *U.S. v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) ("in reviewing a Rule 12(b)(6) dismissal, we are not confined to the four corners of the complaint. It is well established that we may properly take judicial notice of matters of public record[.]"); *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 397 (4th Cir. 2006) ("A district court may clearly take judicial notice of [court] records[.]"); *Carter v. Archdale Police Dep't*, No.

1:13CV613, 2014 WL 791863, at *4 (M.D.N.C. Feb. 25, 2014) ("The Fourth Circuit routinely takes judicial notice of court records[.]"). Thus, it was appropriate for Duke to refer to these briefs in its reply, and the Court may take judicial notice of them. [4]

Plaintiffs contend that the briefs are "not relevant" because "briefs cannot amend a complaint." (Dkt. 42 at 9.) This misses the point. Duke is not contending that the appellate briefs amended the complaints in *Renfro*, *Loomis*, and *Hecker*. Rather, Plaintiffs' characterization of the arguments asserted in those cases (and rejected by the courts) is misleading—the nature and scope of those cases were not as narrow as Plaintiffs lead one to believe. The Court can determine which party's description of the lawsuits is more faithful to the record.

## CONCLUSION

For the reasons stated above, Duke respectfully requests that the Court deny Plaintiffs' Motion to Exclude Outside Materials Referenced in Defendants' Reply in Support of Motion to Dismiss.

Dated: April 24, 2017

/s/ Jeremy P. Blumenfeld
Jeremy P. Blumenfeld
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: 215.963.5000
Facsimile: 215.963.5001
Email: jeremy.blumenfeld@morganlewis.com

---

[4] Seemingly oblivious to the irony, Plaintiffs support their argument by *directing the Court to briefs filed in two unrelated cases*, stating in a footnote that "[b]oth briefs are publicly available on PACER and copies are attached for the Court's convenience." (Dkt. 42 at 9, n.3.)

8

Donald L. Havermann
Christopher A. Weals
Abbey M. Glenn
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Ave NW
Washington, DC 20004-2541
Telephone: 202.739.3000
Facsimile: 202.739.3001
Email: donald.havermann@morganlewis.com
Email: christopher.weals@morganlewis.com
Email: abbey.glenn@morganlewis.com

/s/ Stacy K. Wood
Stacy K. Wood (N.C. State Bar No.: 21768)
**PARKER POE ADAMS & BERNSTEIN LLP**
Three Wells Fargo Center
401 South Tryon Street, Suite 3000
Charlotte, NC 28202
Telephone: 704.335.9844
Facsimile: 704.335.9698
Email: stacywood@parkerpoe.com

# CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2017, I electronically filed the foregoing Defendants' Opposition to Plaintiffs' Motion to Exclude Outside Materials Referenced in Defendants' Reply in Support of Motion to Dismiss with the Clerk of Court using the CM/ECF system which will send notification of such filing and effectuate service to all counsel of record in this matter, including:

| | |
|---|---|
| Jerome J. Schlichter<br>Michael A. Wolff<br>Troy A. Doles<br>Heather Lea<br>Sean E. Soyars<br>Kurt C. Struckhoff<br>**SCHLICHTER, BOGARD & DENTON, LLP**<br>100 South Fourth Street, Suite 1200<br>St. Louis, MO 63102<br>Phone: (314) 621-6115<br>Fax: (314) 621-5934<br>jschlichter@uselaws.com<br>mwolff@uselaws.com<br>tdoles@uselaws.com<br>hlea@uselaws.com<br>ssoyars@uselaws.com<br>kstruckhoff@uselaws.com<br><br>*Lead Counsel for Plaintiffs* | David B. Puryear, Jr.<br>**PURYEAR AND LINGLE, PLLC**<br>5501-E Adams Farm Lane<br>Greensboro, NC 27407<br>(336) 218-0227<br>puryear@puryearandlingle.com<br><br>*Local Counsel for Plaintiffs* |

        /s/ Jeremy P. Blumenfeld
        Jeremy P. Blumenfeld
        **MORGAN, LEWIS & BOCKIUS LLP**
        1701 Market Street
        Philadelphia, PA 19103-2921
        Telephone: 215.963.5000
        Email: jeremy.blumenfeld@morganlewis.com