IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DAVID CLARK, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:16-CV-1044 |
| | ) | |
| DUKE UNIVERSITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The defendants move to dismiss the plaintiffs' amended complaint. As pled, the first and second causes of action are barred by the statute of limitations and the sixth and eighth causes of action have insufficient facts alleged to make them plausible. The third, fourth, and fifth causes of action state a claim. The defendant has insufficiently explained why the seventh cause of action should be dismissed.

The plaintiffs assert in their first cause of action that "[d]efendants were required to independently assess 'the prudence of *each* investment option' for the Plan on an ongoing basis, and to act prudently and solely in the interest of the Plan's participants in deciding whether to maintain a recordkeeping arrangement. Defendants were also required to remove investments that were no longer prudent for the Plan." Doc. 24 at ¶ 226 (citations omitted) (emphasis in original). They then allege that defendants breached these fiduciary duties as follows:

> By allowing TIAA-CREF to mandate the inclusion of the CREF Stock Account and Money Market Account in the Plan, as well as the TIAA Traditional Annuity, and to require that it provide recordkeeping for its proprietary options, Defendants committed the Plan to an imprudent

arrangement in which certain investments had to be included and could not be removed from the plan *even if they were no longer prudent investments*, and prevented the Plan from using alternative recordkeepers who could provide superior services at a lower cost. In so doing, Defendants abdicated their duty to independently assess the prudence of each option in the Plan on an ongoing basis, and to act prudently and solely in the interest of participants in selecting the Plan's recordkeeper. By allowing TIAA-CREF to dictate these terms, Defendants favored the financial interests of TIAA-CREF in receiving a steady stream of revenues from TIAA-CREF's proprietary funds over the interest of participants.

*Id.* at ¶ 227. (emphasis in original). In their second cause of action, they assert that "[b]y allowing the Plan to be locked into an unreasonable arrangement . . . Defendants caused the Plan to engage in transactions that it knew or should have known constituted" a prohibited transaction "each time the Plan paid fees to TIAA-CREF." *Id.* at ¶ 233.

These claims are subject to a six-year limitations period, which is shortened to three years if the plaintiff had actual knowledge of the breach. 29 U.S.C. § 1113. The plaintiffs do not allege a specific date as to when Duke entered into the agreement with TIAA-CREF which "locked" Duke in to both offering the specified TIAA-CREF products and to using TIAA-CREF's recordkeeping services, *see* Doc 24 at ¶ 81, though they do allege facts indicating that Duke had entered into the arrangement with TIAA-CREF by 2010. Doc. 24 at ¶¶ 169, 181. The defendants proffer the 2009 Form 5500 it filed, showing that TIAA-CREF was an "investment" carrier" in that year. *See*, *e.g.*, Doc. 35-10 at 85. The plaintiffs do not dispute that date, *see* Doc. 38 at 10,[1] and instead

---

[1] Courts generally do not consider matters outside the pleadings when ruling on a motion to dismiss. *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004). A court may, however, consider documents that are integral to and relied upon in the complaint

2

Case 1:16-cv-01044-CCE-LPA   Document 48   Filed 05/11/17   Page 2 of 5

contend that their claim is timely because it is based on the fact that the defendants maintained the arrangement with TIAA-CREF and, as to the first cause of action, failed to monitor and remove CREF stock from the plan because of the "locked-in" agreement, Doc. 38 at 10-11, and, as to the second cause of action, engaged in prohibited transactions within the limitations period. Doc. 38 at 25.

The plaintiffs' contentions are inconsistent with their allegations, which clearly state that the violations are based on the "inclusion" of the locking-in provision and Duke's decision to "commit[] the Plan to an imprudent arrangement," to "allow[] the Plan to be locked into an unreasonable arrangement," and to "shackle[]the Plan." This act occurred no later than 2009, or, considering only the allegations in the complaint, no later than 2010. This lawsuit was filed in January 2017, more than six years after 2010. Thus these claims, as pled, are barred by the statute of limitations, and will be dismissed.

The eighth cause of action fails to state a claim. While a plaintiff need not prove a claim in the complaint, some specific facts must be alleged to make the claim plausible. That is not the case as to this cause of action, which is hypothetical and conclusory.

The third, fourth, and fifth causes of action plausibly allege claims on which relief may be granted. The defendants failed to establish a basis for dismissing the seventh cause of action in their initial brief in support. The Court declines to consider a new argument first raised in the reply brief as to this cause of action.

---

and whose authenticity is not in dispute. *Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006); *accord*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.* , 551 U.S. 308, 322 (2007).

In the sixth cause of action, the plaintiffs allege that TIAA-CREF, VALIC, Fidelity, and Vanguard are parties-in-interest "as the plan's providers of investment services." Doc. 24 at ¶ 265. They further allege that the defendants engaged in prohibited transactions "[b]y placing investment options in the Plan in investment options managed by TIAA-CREF, VALIC, Fidelity, and Vanguard." Doc. 24 at ¶ 266. To the extent the plaintiffs are alleging that it was a prohibited transaction to invest in mutual funds because the entities providing the mutual funds are parties-in-interest by virtue of making mutual funds available for investment, the statute precludes that argument. *See* 29 U.S.C. § 1002(21)(B).[2] If the plaintiffs meant to allege a claim based on some other theory or facts, that is not clear from the amended complaint.[3] *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (holding that the complaint should give the defendant fair notice of what the claim is and the grounds upon which it rests). The sixth claim for relief will be dismissed.

---

[2] The same is true to the extent the plaintiffs base their claim on the plan's purchase of annuity contracts. *See* Prohibited Transaction Exemption 84-24. *See* 49 Fed. Reg. 13208-03, 13211 (Apr. 3, 1984)

[3] In the briefing on this issue, the plaintiffs say these four entities are parties-in-interest because they are record-keepers who furnished services to the plan. That is not, however, what they said in Count VI of the amended complaint. Doc. 24 at ¶ 265. One cannot amend a complaint in a brief. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184-185 (4th Cir. 2013). Even if it were appropriately alleged that it was the record-keeper role which gave rise to the party-in-interest status asserted in the sixth cause of action, it is still not clear which of the preceding two hundred and sixty-four paragraphs are relevant and what exactly gives rise to the prohibited transaction claim the sixth cause of action purports to set forth. *See Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (noting that defendants are entitled to "fair notice of the claims against them and the grounds supporting the claims" and that the complaint should be sufficient to "frame the issue and provide the basis for informed pretrial proceedings").

It is **ORDERED** that the defendants' motion to dismiss the amended complaint, Doc. 34, is:

1. **GRANTED** as to the plaintiffs' First, Second, Sixth, and Eighth Causes of Action; and

2. **DENIED** as to the Third, Fourth, Fifth, and Seventh Causes of Action.

It is further **ORDERED** that the plaintiffs' first motion to exclude outside materials reference in defendant's reply brief, Doc. 41, is **GRANTED**.

This the 11th day of May, 2017.

UNITED STATES DISTRICT JUDGE