# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA
# 1:16-CV-01044

DAVID CLARK, *et al.*,

        Plaintiffs,

v.

DUKE UNIVERSITY, *et al.*,

        Defendants.

## STIPULATED CONFIDENTIALITY AND SEAL ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information, IT IS HEREBY ORDERED:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information (collectively, "Discovery Materials") disclosed pursuant to the disclosure or discovery duties created in this Action by the Federal Rules of Civil Procedure.

2.    As used in this Protective Order, the term "document" shall mean all documents, electronically stored information, and tangible things within the scope of Fed. R. Civ. P. 26(a)(1)(A)(ii) and 34(a)(1). A draft or non-identical copy is a separate document within the meaning of this term.

3.    Discrete Discovery Materials that the producing party reasonably believes

in good faith to include personal information, trade secrets, or sensitive strategic, technical, marketing, or financial information and that the producing party reasonably fears would, if publicly-disclosed, cause competitive injury (to the producing party or third parties), may be designated as "CONFIDENTIAL" by the party producing or disclosing the information. The party who so designates Discovery Materials as CONFIDENTIAL may at any time, and with the consent of any relevant third party, revoke that designation. No party or third party producing documents subject to this Order will designate Discovery Materials as Confidential unless a particularized, specific assessment was made as to each document and the designation only applied to the portions of the document that contain Confidential information. Information that is available to the public shall not be designated CONFIDENTIAL.

4. Discovery Materials designated as CONFIDENTIAL pursuant to Paragraph 3 shall be filed under seal, pursuant to Local Rule 5.4. To the extent practicable, information designated as CONFIDENTIAL shall be filed separately or in severable portions of filed papers, so that the non-confidential portions may be freely disseminated. Nothing in this paragraph shall prevent the party (with the consent of any relevant third-party) who produced the relevant CONFIDENTIAL materials from filing such materials, including any expert reports, deposition testimony, or any other Discovery Material designated as CONFIDENTIAL because of its reference to CONFIDENTIAL documents or information, with the Court and without seal; such filing shall constitute a revocation of the CONFIDENTIAL designation associated with such Discovery Materials.

5. If any party determines during the course of this action that this Order does not sufficiently protect the confidentiality of information produced or disclosed, it may seek to modify this Order with the agreement of the other parties. If such agreement cannot be obtained, any party may seek modification of this Order by motion to the Court.

6. Discovery Materials designated as CONFIDENTIAL shall not, without the consent of the party producing it and the consent of the party claiming confidentiality (if that party is different from the producing party) or further Order of the Court, be disclosed or made available in any way to any person other than:

    a. attorneys actively working on this case;

    b. persons regularly employed or associated with the attorneys actively working on the case, whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c. the parties in this case;

    d. witnesses in the course of deposition or trial testimony where counsel has a reasonable and good faith belief that examination with respect to the document is appropriate in conducting discovery or trial purposes in this case, and any person who is being prepared to testify where counsel has a reasonable and good faith belief that such person will be a witness in this case and that his examination with respect to the document is necessary in connection with such testimony;

e. expert witnesses and consultants retained in connection with this case, to the extent such disclosure is necessary for depositions, preparation, trial or other proceedings in this case;

f. data recovery vendors, graphic consultants or outside copy services;

g. qualified persons taking testimony involving such material and necessary stenographic and clerical personnel;

h. the Court and its employees ("Court Personnel") in this case; and

i. other persons by written agreement of all the parties.

7. Prior to disclosing Discovery Materials designated as CONFIDENTIAL to any person listed above (other than the individuals listed in Paragraphs 6(g and h)), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (in the form attached as Exhibit A) stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

8. Whenever a deposition involves the disclosure of Discovery Materials designated as CONFIDENTIAL, the deposition or portions thereof shall be designated as CONFIDENTIAL, respectively, and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL up to 30

days after receipt of the transcript, provided written notice of the designation is given to all counsel of record.

9. In the event that a non-party or another party produces documents that a party wishes in good faith to designate as CONFIDENTIAL, the party wishing to make that designation must do so within thirty (30) business days of receipt, and identify the information by bates label or, where not bates labeled, by document title and page number(s) or page and line number(s). The non-designating parties shall thereafter mark the document or information in the manner requested by the designating party and thereafter treat the document or information in accordance with such marking. However, any use by the non-designating parties made before a post-production designation will not be a violation of this Protective Order, and the post-production designation will apply prospectively only and will not apply to any disclosure made prior to the designation, so long as the non-designating party notifies the designating party of the prior disclosure and otherwise comes into conformance with the new designation.

10. A party may, but is not obligated to, object to the designation of particular Discovery Materials designated as CONFIDENTIAL by giving written notice to the party designating the disputed information. If challenged, the written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection through meet-and-confer within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion within (5) business days after the

conclusion of that meet-and-confer process. If such a motion is not timely filed, the disputed information shall not be treated as CONFIDENTIAL under the terms of this Protective Order. If a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. Neither the attorney-client privilege nor the work product protection is waived by disclosure connected with this litigation. It is ordered that the disclosure of privileged, work product protected or other protected information is not a waiver in the pending case or in any other federal or state proceeding or arbitration. The disclosure of documents, information, or materials in this litigation as part of a production shall not itself constitute a waiver for any purpose. A Producing Party which seeks the return of documents under this section may claw back the documents that should have been withheld on the basis of the attorney-client and/or work product protection. Upon receipt of such a request for return, the Party to whom the documents were produced must segregate the documents (and all copies thereof) and may return, sequester, or destroy them within five (5) business days. All images of withheld privileged information and any notes or communications reflecting the content of such documents shall either be destroyed or sequestered.

12. This Protective Order shall by agreement of the parties and by Order of the Court establish the Parties' intention to retain the confidentiality of all privileged materials; constitute an acknowledgement that each Party has taken reasonable precautions to prevent disclosure; and operate as an order concerning waiver under, and in a manner otherwise affording the maximum protection allowed by, Federal Rule of Evidence 502(c, d, and e) and analogous law and rules of any other state or court. The provisions of Federal Rule of Evidence 502(b) are inapplicable to the production of privileged information under this Protective Order.

13. The receiving Party may, within ten (10) business days of claw-back notification, seek an order from the Court directing the production of the document on the ground that the claimed privilege or protection is invalid or inapplicable. However, the fact of the production of the document in the course of this action shall not constitute grounds for asserting invalidity or waiver of the privilege or protection.

14. Nothing in this Protective Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such materials have been produced.

15. Nothing in this Protective Order limits a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

16. At the conclusion of this case, and any appeal, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party or non-party that designated it CONFIDENTIAL, or the parties may elect to destroy the information. Where the parties agree to return the information designated CONFIDENTIAL, the returning party shall provide all parties a written certification of counsel confirming that all information designated CONFIDENTIAL has been returned. Where the parties agree to destroy information designated as CONFIDENTIAL, the destroying party shall provide all parties with a written certification of counsel confirming the destruction of all information designated as CONFIDENTIAL. This provision shall not preclude the parties from maintaining for their records a secured electronic copy of any document that is designated as CONFIDENTIAL in this case.

17. This Protective Order shall not be deemed or construed as a waiver of any right to object to the furnishing of information in response to any discovery request. Nor shall this Protective Order be deemed or construed as a waiver of the attorney-client, work product, or any other privilege, or of the rights of any party, person or entity to oppose the production of any documents or information on any permissible grounds. Further, this Protective Order does not limit, restrict or otherwise affect the ability of any party to seek the production of documents, testimony or information from any source.

18. Neither this Protective Order nor a party's designation of particular Discovery Materials as CONFIDENTIAL affects or establishes the admissibility or

waiver of any right to object to the admissibility at trial of any Discovery Materials covered by this Protective Order.

19. If any party in possession of information designated as CONFIDENTIAL is served with a subpoena, request for production of documents, or other similar legal process in another proceeding seeking production of information designated as CONFIDENTIAL, the receiving party shall give written notice, by electronic mail, to the undersigned counsel for the party that produced the information designated as CONFIDENTIAL. To the extent permitted by applicable law, the receiving party shall not produce any of the producing party's information designated as CONFIDENTIAL for a period of at least ten (10) business days after providing the required notice to the producing party. If, within ten (10) business days of receiving such notice, the producing party provides written notice to the receiving party that it opposes production of its information designated as CONFIDENTIAL, the receiving party shall not thereafter produce such information, except pursuant to a court order (or other order which subjects the party to penalties for noncompliance) requiring compliance with the subpoena, request for production, or other legal process. The producing party shall be solely responsible for asserting any objection to the requested production. The receiving party shall provide a copy of this Order to the Third-Party requesting production of information designated as CONFIDENTIAL. This Protective Order does not require the receiving party or anyone else covered by this Order to challenge or appeal any such order requiring production of information designated as CONFIDENTIAL covered by this

Order, or to subject itself to any penalties for noncompliance with any such order, or to seek any relief from a court.

20. The terms of this Protective Order shall survive the termination of this action, and all protections of this Protective Order shall remain in full effect in perpetuity.

21. The Court retains the right to allow, *sua sponte* or upon motion, disclosure of any subject covered by this Order or to modify this Order at any time in the interests of justice.

STIPULATED TO AND APPROVED AS TO FORM ON JULY 25, 2017.

| | |
|---|---|
| July 25, 2017 | Respectfully submitted, |

/s/ Heather Lea
Heather Lea, MO Bar No. 49872
Troy A. Doles, MO Bar No. 47958
Ethan D. Hatch, MO Bar No. 68126
Jerome J. Schlichter, MO Bar No. 32225
SCHLICHTER, BOGARD & DENTON, LLP
100 South Fourth Street, Ste. 1200
St. Louis, MO 63102
Phone: (314) 621-6115
Fax: (314) 621-5934
hlea@uselaws.com
tdoles@uselaws.com
ehatch@uselaws.com
jschlichter@uselaws.com

*Lead Counsel for Plaintiffs*

/s/ Abbey M. Glenn
Abbey M. Glenn
Christopher A. Weals
Donald L. Havermann
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave NW
Washington, DC 20004-2541
Telephone: (202) 739-3000
Fax: (202) 739-3001
donald.havermann@morganlewis.com
cweals@morganlewis.com
abbey.glenn@morganlewis.com

Jeremy P. Blumenfeld
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Fax: (215) 963-5001
jeremy.blumenfeld@morganlewis.com

*Lead Counsel for Defendant*

| | |
|---|---|
| /s/ David B. Puryear, Jr. | /s/ Stacy K. Wood |
| David B. Puryear, Jr. | Stacy K. Wood |
| North Carolina State Bar No. 11063 | North Carolina State Bar No. 21768 |
| Puryear and Lingle, PLLC | PARKER POE ADAMS & BERNSTEIN LLP |
| 5501-E Adams Farm Lane | Three Wells Fargo Center |
| Greensboro, NC 27407 | 401 South Tryon Street, Suite 3000 |
| Phone: (336) 218-0227 | Charlotte, North Carolina 28202 |
| puryear@puryearandlingle.com | Telephone: (704) 335-9844 |
| | Facsimile: (704) 335-9698 |
| *Local Counsel for Plaintiffs* | Email: stacywood@parkerpoe.com |
| | *Local Counsel for Defendants* |

DONE AND ORDERED THIS 26th Day of July, 2017

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

# EXHIBIT A

# AGREEMENT CONCERNING CONFIDENTIAL MATERIAL
# SUBJECT TO THE STIPULATED PROTECTIVE ORDER

I hereby acknowledge I have read the Stipulated Protective Order (the "Order") in *Clark, et al. v. Duke University*, *et al.*, No. 1:16-cv-01044-CCE-LPA, United States District Court for the Middle District of North Carolina. In consideration of being permitted to review confidential information, as described in the Order, I agree to comply, and be bound by, the terms set out therein.

I hereby submit myself to the jurisdiction of the United States District Court for the Middle District of North Carolina for the purpose of enforcement of the Order.

_____
Full Name, Title

_____   _____
Signature                          Date

DB1/ 92991671.1