# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# CIVIL ACTION NO.: 1:16-CV-01044-CCE-LPA

| | |
|---|---|
| DAVID CLARK, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>DUKE UNIVERSITY, *et al.*,<br><br>    Defendants. | **MEMORANDUM OF LAW SUPPORTING DEFENDANTS' MOTION TO STRIKE REBUTTAL REPORTS OF PLAINTIFFS' EXPERTS WENDY DOMINGUEZ AND TY MINNICH AND EXCLUDE THEIR TESTIMONY AT TRIAL** |

## I.    NATURE OF THE MATTER BEFORE THE COURT

Defendants (collectively, "Duke") move to strike the "rebuttal" reports of Plaintiffs' experts Wendy Dominguez and Ty Minnich that were served on September 11, 2018 (the "New Reports"). Ms. Dominguez and Mr. Minnich are brand new experts who were not previously disclosed. Rather than responding to the opinions of Duke's experts, which is the purpose of a rebuttal expert opinion, the New Reports cover the same topics as one of Plaintiffs' initially-disclosed experts, Michael Geist. They also present entirely *new* opinions on subjects that were known to Plaintiffs at the time of initial expert disclosures and that Plaintiffs' other experts should have addressed in their initial reports.

Because the opinions in the New Reports relate to Plaintiffs' case-in-chief and are not rebuttal, Plaintiffs were required to disclose Minnich and Dominguez as affirmative experts. Their failure to do so renders the New Reports untimely and subject to exclusion from trial under Rule 37(c)(1). *See McKiver v. Murphy-Brown LLC*, No. 7:14-CV-180-BR, 2018 WL 1832964, at *2 (E.D.N.C. Apr. 17, 2018) ("Because defendant did not

designate Dr. Clancy as a case-in-chief expert, the court will exclude at trial any of her opinions supporting defendant's case-in-chief.").[1]

## II. PROCEDURAL AND FACTUAL BACKGROUND

### A. Expert Disclosures

The parties filed a Joint Rule 26(f) Report on July 25, 2017, which the Court adopted by text order. (Dkt. 54). A few weeks before fact discovery was set to close, Plaintiffs requested an extension of fact discovery. (Dkt. 88). The Court granted the motion in part and extended the relevant deadlines as follows:

- May 21, 2018 – Close of fact discovery
- July 6, 2018 – Deadline for *initial* expert disclosures and reports
- August 21, 2018 – Deadline for *responsive* expert disclosures and reports
- September 11, 2018 – Deadline for *rebuttal* expert disclosures and reports
- October 19, 2018 – Close of expert discovery

(Dkt. 95 at 2) (emphasis added). In its order, the Court emphasized that it "does not anticipate extending any of these dates" and that "[t]he parties should not wait until the end of the time allowed to … file [motions with the court], should the unfortunate need arise." (Dkt. 95 at 1).

The parties exchanged initial expert reports on July 6, 2018. Plaintiffs disclosed and served initial (affirmative) reports from three experts: (1) Veronica Bray, (2) Michael

---

[1] In the alternative, if the Court does not strike the New Reports, Duke respectfully requests that it be given 30 days to respond to the New Reports, and that the Court extend expert discovery accordingly.

Geist, and (3) Gerald Buetow. According to his report, Geist offered expert opinions regarding Duke's "administration of the [Duke University Faculty and Staff Retirement] Plan, and … the recordkeeping and administrative fees charged to" the Plan. (Expert Report of Michael Geist ("Geist Rep.") ¶ 1, attached as Exhibit A to Declaration of Christopher A. Weals ("Weals Decl.") filed herewith).

Geist is also an expert witness in a virtually identical lawsuit brought by Plaintiffs' counsel challenging the retirement plans of New York University ("NYU"), *Sacerdote v. New York Univ.*, No. 15-cv-6284 (KBF) (S.D.N.Y.). A few weeks after Plaintiffs disclosed Geist as an expert in this case, the court in *Sacerdote* issued a post-trial decision finding in NYU's favor on all counts. *Sacerdote v. New York Univ.*, No. 15-cv-6284 (KBF), 2018 WL 3629598 (S.D.N.Y. July 31, 2018). The court concluded, among other things, that Geist "lacked the particular expertise necessary to provide useful opinions to the Court" and therefore was "not … a reliable expert in this area." *Sacerdote*, 2018 WL 3629598, at *2 n.19 & *23. Consequently, the court decided not to rely on Mr. Geist's testimony at all. *Id*. at 23.

On August 21, 2018, Duke and Plaintiffs exchanged responsive expert reports, with Plaintiffs submitting reports from two experts, Eric Dyson and Gerald Buetow. Defendants served responsive expert reports from Russ Wermers and Conrad Ciccotello. The deadline for "rebuttal expert disclosures and reports" was September 11, 2018. (Dkt. 95). On that date, Plaintiffs served *five* "rebuttal" expert reports, including the New

Reports from Dominguez and Minnich, who had not previously been disclosed.[2] (*See* Exs. B and C to Weals Decl.).  Duke submitted one rebuttal report from Wermers.

## B. The New Reports

Though styled as "rebuttal," the New Reports focus entirely on whether Duke acted imprudently in administering the Plan and monitoring recordkeeping fees – the same subjects that Geist covered in his initial report.  For example, Minnich opines on the pricing of recordkeeping services for 403(b) and 401(k) plans, the purported benefits of vendor consolidation, the alleged superiority of a competitive request for proposal process, and Duke's handling of excess revenue sharing from Plan vendors.  Geist's initial report addressed the same issues, as does Geist's rebuttal report.  (*Compare* Minnich Rep. ¶¶ 19-64 [Ex. C to Weals Decl.] *with* Geist Rep. ¶¶ 28-45, 59-67, 105-08, 109-116, 123-24 [Ex. A to Weals Decl.]).  Minnich goes further, opining on the validity of Geist's opinions: "I agree with Geist's analysis of the Plan's recordkeeping fees and his conclusions as to the reasonable recordkeeping fees." (Minnich Rep. ¶ 17 [Ex. C to Weals Decl.]).

Similarly, Dominguez discusses, among other things, "prudent fiduciary practices;" the selection, monitoring, and removal of plan investments; and the importance of engaging consultants to assist with plan oversight – subjects that Geist already covered at length in his affirmative report.  (*Compare* Dominguez Rep. ¶¶ 24-47,

---

[2] The other rebuttal reports were from Veronica Bray, Michael Geist, and Gerald Buetow, each of whom submitted initial reports within the time for doing so.

4

60-61 [Ex. B to Weals Decl.] *with* Geist Rep. ¶¶ 46-48, 49-79, 93-97 [Ex. A to Weals Decl.]).

The New Reports also offer entirely new opinions about some matters that were not raised in Duke's reports. For example, Minnich examines the vendor relationships and fee structure of five other university 403(b) plans that were not previously addressed by any of Plaintiffs' experts, ostensibly to show "the level of fees the [Duke] Plan could have obtained in the marketplace." (Minnich Rep. ¶¶ 75-91 [Ex. C to Weals Decl.]). Dominguez engages in an analogous exercise, analyzing the fees charged by 40 of the Duke Plan's most popular funds in an attempt to show that they were "not good choices for participants," even though neither of Duke's experts performed such an analysis. (Dominguez Rep. ¶¶ 48-53 [Ex. B to Weals Decl.]).

## III.  QUESTION PRESENTED

Whether the Court should strike the Plaintiffs' New Reports and exclude Minnich and Dominguez from testifying at trial where Plaintiffs disclosed two new, previously undisclosed experts months after the initial expert disclosure deadline, in violation of this Court's order and the parties' agreement?

## IV.  ARGUMENT

### A.  The New Reports Do Not Qualify as Rebuttal and Should Be Stricken from the Record

"Generally, testifying expert witnesses qualify as either initial/affirmative experts or rebuttal experts." *Boles v. United States*, No. 1:13CV489, 2015 WL 1508857, at *1 (M.D.N.C. Apr. 1, 2015) (Mag. J. Auld). Rebuttal experts are "intended *solely* to

5

contradict or rebut evidence on the same subject matter identified by another party[.]" *Id.* (emphasis in original) (quoting Fed. R. Civ. P. 26(a)(2)(D)(ii)). The Fourth Circuit defines rebuttal evidence as "evidence given to explain, repel, counteract, or disprove facts given in evidence by the opposing party." *United States v. Stitt*, 250 F.3d 878, 897 (4th Cir. 2001).

### 1. The New Reports Offer the Same Opinions on the Same Topics as Geist's Initial Report and Therefore Are Not Rebuttal

The New Reports are not "intended *solely* to contradict or rebut evidence" offered by Duke. Fed. R. Civ. P. 26(a)(2)(D)(ii) (emphasis added). Rather, they apparently are calculated to bolster and supplement the opinions offered by Plaintiffs' other expert, Geist, in his initial report. As noted above, shortly after Geist submitted his report in this case, the court in *Sacerdote* found him unqualified and unreliable. Plaintiffs seemingly found two new experts, Minnich and Dominguez, to "offer testimony under the guise of 'rebuttal' … to provide additional support for [their] case in chief." *Wise v. C.R. Bard, Inc.*, No. 2:12-CV-01378, 2015 WL 461484, at *2 (S.D. W. Va. Feb. 3, 2015). This is not a proper use of Rule 26(a)(2)(D)(ii).

"Rebuttal experts cannot put forth their own theories; they must restrict their testimony to attacking the theories offered by the adversary's experts." *Boles*, 2015 WL 1508857, at *2 (internal quotation marks omitted). Thus, where expert reports "simply address the same general subject matter as a previously-submitted report, but do not directly contradict or rebut the actual contents of that prior report, [the reports] do not qualify as proper rebuttal or reply reports" and should be excluded. *Id.* at *2 (*quoting*

6

*Withrow v. Spears*, 967 F. Supp. 2d 982, 1002 (D. Del. 2013)); *McKiver*, 2018 WL 1832964, at *2 (excluding rebuttal expert testimony because opinions directly supported the offering party's case-in-chief); *Wise*, 2015 WL 461484, at *2 ("A party may not offer testimony under the guise of 'rebuttal' only to provide additional support for his case in chief.").

Here, the bulk of Minnich's report is devoted to assessing the process Duke used to monitor the Plan's vendors and the fees they were charging for recordkeeping and related services. (Minnich Rep. ¶¶ 25-46 [Ex. C to Weals Decl.]). These opinions go directly to the question of whether Duke's oversight of the Plan satisfied the "prudent person" standard found in ERISA § 404(a), 29 U.S.C. § 1104(a). Plaintiffs indisputably bear the burden of proof on the prudence issue, which is why they disclosed Geist as an affirmative expert and submitted his report directly addressing the prudence of Duke's process. *See Tatum v. RJR Pension Inv. Comm.*, 761 F.3d 346, 362-63 (4th Cir. 2014) (recognizing "default rule" that the plaintiff bears the burden of proving a fiduciary breach). Minnich's "rebuttal" report rehashes much of Geist's initial report, impermissibly providing "additional support for [Plaintiffs'] case in chief," *Wise*, 2015 WL 461484, at *2, and opining on "the same general subject matter as a previously-submitted report," *Boles*, 2015 WL 1508857 at *2. This is not proper rebuttal. *Berlyn Inc. v. The Gazette Newspapers, Inc.*, 73 F. App'x 576, 581 (4th Cir. 2003) ("It is well-settled that, [o]rdinarily, rebuttal evidence may be introduced *only* to counter new facts presented in the defendant's case in chief.").

7

Dominguez's report suffers the same defects. She discusses the duties of an ERISA fiduciary, the process a fiduciary should follow to oversee plan investments and fees, "best practices" with respect to investment policy statements and plan investment menus, and, most notably, "due diligence in the selection, monitoring, and removal of plan investments." Such opinions are not "intended *solely* to contradict or rebut" Duke's experts, Fed. R. Civ. P. 26(a)(2)(D)(ii). Dominguez and Minnich's reports are aimed squarely at an issue – procedural prudence – on which Plaintiffs bear the burden of proof.

### 2. The New Reports Improperly Offer New Opinions That Plaintiffs Failed to Assert in Their Affirmative Reports

The New Reports stray beyond permissible rebuttal in another way – by asserting entirely *new* opinions that could, and should, have been disclosed in an initial expert report. Geist's initial report confirms this. Paragraphs 19 through 79 of Geist's initial report discuss "prudent practices" that he contends a fiduciary should follow when administering a defined contribution plan, drawing on his experience in the retirement plan industry. (Geist Rep. ¶¶ 19-79 [Ex. A to Weals Decl.]). Minnich elaborates on Geist's opinions by pointing to "publicly available data" that purportedly shows how other universities have dealt with similar issues. (Minnich Rep. ¶¶ 75-90 [Ex. C to Weals Decl.]). This data was clearly available to Plaintiffs in July 2018, when they submitted their initial expert reports.[3]

---

[3] In fact, Plaintiffs' first amended complaint reveals that they were aware of "publicly available information" regarding other universities' retirement plans back in November 2016, including information about the California Institute of Technology's 403(b) plan –

8

Given that Plaintiffs already disclosed a "procedural prudence" expert (Geist) as an affirmative expert, they should not be permitted to offer a second expert (Minnich) to opine on the very same subject under the guise of rebuttal. *See Allen v. Prince George's Cty., Md.*, 737 F.2d 1299, 1306 (4th Cir. 1984) ("Rebuttal was too late for the appellants to come up with this data. Had they wanted to introduce such statistics, the time to do so was when they presented their case."); *Akeva LLC v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002) (Mag. J. Elaison) (excluding rebuttal expert report that was "makeup for initially inadequate or incomplete preparation" and should have been submitted earlier).

## B. Duke Will Be Prejudiced if the Court Allows the New Reports

Plaintiffs' failure to disclose Dominguez and Minnich is neither justified nor harmless. Where, as here, there is no good cause for the late disclosure, courts consider whether the improper disclosures will prejudice the opposing party. *See Akeva*, 212 F.R.D. at 311; *Boles*, 2015 WL 1508857, at *6.

The New Reports will prejudice Duke in several ways. Most importantly, disclosing these two experts only on rebuttal deprives Duke of the opportunity to identify its own responsive experts and respond to the opinions. Moreover, Duke must prepare for the depositions of these two additional experts within the limited time remaining for expert discovery. Had the experts been timely disclosed in July, Duke would have

---

one of the plans that Minnich discusses in his September 2018 "rebuttal" report. (*See* Dkt. 24 at ¶¶ 86-92).

9

Case 1:16-cv-01044-CCE-LPA   Document 116   Filed 10/08/18   Page 9 of 14

considerably more time to prepare. Striking the New Reports is the only fair solution. *See Boles*, 2015 WL 1508857, at *8 (rejecting the plaintiff's suggestion to allow the defendant to supplement its reports and striking improper rebuttal report instead).

Plaintiffs may contend that any prejudice can be cured by extending expert discovery and allowing Duke's experts to respond to the New Reports. Not only would an extension of expert discovery reward Plaintiffs for their misconduct, but it impedes Duke's ability to prepare its summary judgment brief and supporting evidence, which is due on November 16. Extending discovery would improperly delay the proceedings and frustrate the Court's stated intention to move forward expeditiously with this case. (*See* Dkt. 95) (the Court "does not anticipate extending any of these [deadline] dates"). Moreover, not only did Plaintiffs' untimely disclosure violate the Court's order, but it contravenes the parties' agreement regarding expert disclosure procedure, which is memorialized in the Joint Rule 26(f) Report. (*See* Dkt. 54 at 3). Judges in this District have excluded expert reports where the late or unauthorized filing of such reports would further delay proceedings, as would be the case here. *See, e.g., Boles*, 2015 WL 1508857, at *8 (granting motion to strike in part because "permitting Plaintiff to submit his four untimely experts would undoubtedly require an extension of the scheduling order"); *Akeva*, 212 F.R.D. at 311 ("The factors involving docket control planning are sufficiently important to alone justify the exclusion of an untimely disclosed expert report or opinion even in absence of prejudice to the opposing party.").

In sum, Plaintiffs should not be allowed to circumvent this Court's scheduling order with the apparent purpose of attempting to rehabilitate their discredited expert

witness after another federal court concluded his opinions were not credible by disclosing two new experts months after the initial disclosure deadline. As Magistrate Judge Eliason observed in *Akeva*, "strict adherence to discovery rules [is] necessary to prohibit not only trial by ambush, but discovery gaming wherein a party holds back evidence or does not pay sufficient attention in the first instance to develop expert testimony." 212 F.R.D. at 311. The New Reports do not qualify as rebuttal, and the Court should strike them and exclude Minnich and Dominguez from testifying at trial. *See Boles*, 2015 WL 1508857, at *2 (striking four reports filed by four experts who were disclosed for the first time on rebuttal because none of the opinions qualified as rebuttal); *Indura S.A. v. Engineered Controls Int'l Inc.*, No. 1:10CV457, 2011 WL 3862083, at *16 (M.D.N.C. Sept. 1, 2011) (Mag. J. Auld) (granting motion to strike rebuttal expert and exclude testimony at trial); *see also WPS Inc. v. Am. Honda Motor Co. Inc.*, No. 3:16-CV-2525-CMC, 2017 WL 4216159, at *3 (D.S.C. Sept. 22, 2017) (striking the majority of the plaintiff's rebuttal reports because "they do not purport to even address the specifics of [defendant's] experts' reports and do not in fact do so").

## V. CONCLUSION

The New Reports circumvent the deadline for disclosing affirmative experts and prejudice Duke by depriving it of an opportunity to respond to opinions that go to Plaintiffs' case-in-chief. Duke respectfully requests that the Court strike the Rebuttal Expert Reports of Ty Minnich and Wendy Dominguez, prohibit them from testifying at trial, and grant such other relief as the Court deems necessary. Alternatively, Duke

11

requests thirty days to submit reports responding to the opinions offered by Minnich and Dominguez.

Dated: October 8, 2018

/s/ Jeremy P. Blumenfeld
Jeremy P. Blumenfeld
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: 215.963.5000
Facsimile: 215.963.5001
Email: jeremy.blumenfeld@morganlewis.com

Donald L. Havermann
Christopher A. Weals
Abbey M. Glenn
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Ave NW
Washington, DC 20004-2541
Telephone: 202.739.3000
Facsimile: 202.739.3001
Email: donald.havermann@morganlewis.com
Email: christopher.weals@morganlewis.com
Email: abbey.glenn@morganlewis.com

*Lead Counsel for Defendants*

/s/ Stacy K. Wood
Stacy K. Wood (N.C. State Bar No.: 21768)
**PARKER POE ADAMS & BERNSTEIN LLP**
Three Wells Fargo Center
401 South Tryon Street, Suite 3000
Charlotte, NC 28202
Telephone: 704.335.9844
Facsimile: 704.335.9698
Email: stacywood@parkerpoe.com

*Local Counsel for Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to this Court's Local Rule of Civil Practice 7.3(d)(1), I hereby certify that this brief complies with the type-volume limitation because it contains 2,785 words, excluding the parts of the brief exempted from the type-volume calculation by Rule 7.3(d)(1).

/s/ Jeremy P. Blumenfeld
Jeremy P. Blumenfeld
**MORGAN, LEWIS & BOCKIUS LLP**

# CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing and effectuate service to all counsel of record in this matter, including:

Jerome J. Schlichter
Michael A. Wolff
Troy A. Doles
Heather Lea
Sean E. Soyars
Kurt C. Struckhoff
**SCHLICHTER, BOGARD & DENTON, LLP**
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
Phone: (314) 621-6115
Fax: (314) 621-5934
jschlichter@uselaws.com
mwolff@uselaws.com
tdoles@uselaws.com
hlea@uselaws.com
ssoyars@uselaws.com
kstruckhoff@uselaws.com

*Lead Counsel for Plaintiffs*

David B. Puryear, Jr.
**PURYEAR AND LINGLE, PLLC**
5501-E Adams Farm Lane
Greensboro, NC 27407
(336) 218-0227
puryear@puryearandlingle.com

*Local Counsel for Plaintiffs*

 

                                      */s/ Jeremy P. Blumenfeld*
Jeremy P. Blumenfeld
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: 215.963.5000
Email: jeremy.blumenfeld@morganlewis.com