IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 1:16-CV-01044-CCE-LPA

| | |
|---|---|
| DAVID CLARK, *et al*.,<br>　　　　Plaintiffs,<br>　v.<br>DUKE UNIVERSITY, *et al*.,<br>　　　　Defendants. | **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE REBUTTAL REPORTS OF PLAINTIFFS' EXPERTS WENDY DOMINGUEZ AND TY MINNICH AND EXCLUDE THEIR TESTIMONY AT TRIAL** |

**I.　INTRODUCTION**

The Court should strike the "rebuttal" reports of Plaintiffs' experts Wendy Dominguez and Ty Minnich (the "New Reports") because they present new opinions rather than respond to specific facts or conclusions presented by Duke's experts. Instead of addressing head-on the fact that the New Reports cover the same case-in-chief topics as Plaintiffs' affirmative expert reports, Plaintiffs spend most of their opposition trying to burnish Minnich's and Dominguez's qualifications or criticize the qualifications of Duke's experts. (Dkt. 121, Pls.' Opp. at 3-5, 7-8, 8-10.) These arguments miss the mark. The only question here is whether the New Reports are proper rebuttal. They are not. Plaintiffs' position – that they can offer new experts with new opinions under the guise of "rebuttal" whenever they relate to the "same subject matter" as Defendants' reports (Pls.' Opp. at 12) – is inconsistent with the legal standards and would allow Plaintiffs to circumvent Rule 26(a)(2)'s requirements while prejudicing Duke.

## II. ARGUMENT

### A. The Dominguez Report Is Not Proper Rebuttal

The purpose of rebuttal experts is "*solely* to contradict or rebut evidence on the same subject matter identified by another party." *Boles v. United States*, No. 1:13CV489, 2015 WL 1508857, at *1 (M.D.N.C. Apr. 1, 2015) (Mag. J. Auld) (emphasis in original) (quoting Fed. R. Civ. P. 26(a)(2)(D)(ii)). Thus, "[r]ebuttal experts cannot put forth their own theories; they must restrict their testimony to attacking the theories offered by the adversary's experts." *Id.* at *2 (internal quotation marks omitted). Dominguez's report violates these maxims.

Plaintiffs submitted an affirmative report from Michael Geist, who opined on the process Duke used to monitor recordkeeping fees. Duke responded with an expert report from Conrad Ciccotello, a professor of finance at the University of Denver who spent seven years as an adviser and fiduciary to the State of Georgia University Retirement System. Ciccotello addressed each of the "procedural prudence" points Geist made in his affirmative report, opining that Duke's oversight process was reasonable and consistent with industry practice. When it came time for rebuttal, Plaintiffs offered a rebuttal report from Geist to defend his opinions and respond to Ciccotello's criticisms. But Plaintiffs went far beyond that, because they also identified two brand new experts, Dominguez and Minnich.[1]

---

[1] Minnich's alleged rebuttal is addressed below.

Plaintiffs try to downplay the fact that Dominguez covers the same ground as Geist by characterizing her process-related opinions as "background" and "foundation." (Pls.' Opp. at 4.)  Her own report belies this characterization.  Section IV of Dominguez's report (over 20 paragraphs) is entitled "Prudent Fiduciary Practices" and contains multiple statements about what a "prudent fiduciary" should do.  (*E.g.*, Dkt. 116-03, Dominguez Rep. ¶ 33: "In my experience, a prudent fiduciary conducts appropriate due diligence to develop an investment menu from which plan participants invest their retirement savings. This is a fundamental step that any prudent fiduciary must undertake when overseeing a defined contribution plan.")  These and similar statements are opinions, and the opinions do not respond to or rebut Ciccotello but rather recapitulate (and expand upon) opinions that Geist offered in his affirmative report.  (*See* Dkt. 116, Defs.' Br. at 4-5.)  Duke submits that Section IV of Dominguez's report (paragraphs 24-47) should be stricken entirely because it "offer[s] testimony under the guise of 'rebuttal' … to provide additional support for [Plaintiffs'] case in chief."  *Wise v. C.R. Bard, Inc.*, No. 2:12-CV-01378, 2015 WL 461484, at *2 (S.D. W. Va. Feb. 3, 2015).

Dominguez also opines on the objective prudence of the top ten investment options offered by each vendor in Tier 3 of the Duke Plan.  (Dominguez Rep. ¶¶ 48-53.)  This is not rebuttal at all, because Ciccotello did not even purport to analyze the objective prudence of those investments.[2]  Instead, he merely opined that the Tier 3 investment

---

[2]  Plaintiffs represented at oral argument on their motion for class certification that they were not alleging underperformance of any investments except the CREF Stock and TIAA Real Estate Account.  (Dkt. 86, Hearing Tr. at 8.)

3

options "reflect[] participant desire to maintain certain long-held investments, invest in a larger number of low-cost index options, and explore sophisticated investment strategies across regions and sectors." (Ciccotello Rep. ¶ 71.) Dominguez's opinions about the objective prudence of these Tier 3 options, including her repeated references to "median peers" and "alpha," are entirely new, do not respond to Ciccotello, and should have been presented – if at all – in an affirmative report by the deadline for such reports.

Finally, in paragraphs 54-55 of Dominguez's report, she asserts that Duke "knew most of the Tier III funds were imprudent" because they allegedly did not have a 4- or 5-star rating from Morningstar, a third party investment rating service. Again, this does not rebut an opinion offered by a Duke expert, as no Duke expert opined on that subject.

**B.     Minnich's Report Is Not Proper Rebuttal**

Minnich offers three categories of opinions: (1) opinions about the recordkeeping fees paid by certain specific educational institutions; (2) opinions about a "reasonable" recordkeeping fee; and (3) opinions about the process that prudent fiduciaries should use. None of these is proper rebuttal.

First, Minnich's opines in his "rebuttal" report on the recordkeeping fees paid by certain universities and one public school system – Cal Tech, Stanford, Harvard, New York University, the Nevada System of Higher Education, and a North Carolina 403(b) Plan. (Dkt. 116-04, Minnich Rep. ¶¶ 75-91.) At his deposition, Minnich testified that he discussed these particular institutions because they "were referred to in Mr. Geist's report as well as [Duke expert] Mr. Ciccotello's report. And in response to that, my report is a

4

rebuttal to those prior reports." (Minnich Dep. at 90:7-14 [Ex A to Weals Decl.]); *see also id.* (Minnich Dep. at 97:97:2-6 ("My purpose of including Nevada in this rebuttal was specific in response to Mr. Geist's report and the rebuttal by Mr. Ciccotello.")).

Contrary to these assertions, Ciccotello's report does not mention *any* of these schools. Moreover, although Plaintiffs' expert Geist briefly referenced two of those six in his affirmative report, he did not present data regarding the universities' recordkeeping costs. (Dkt. 116-02, Geist Rep. ¶¶ 121 (noting that CalTech consolidated recordkeepers), 140 (noting that Geist has experience with the NYU plan).) Minnich's discussion of the six university plans' fees, and his accompanying conclusions, is not rebuttal.

Second, Minnich's opinions about a "reasonable" per-participant recordkeeping fee each year from 2010-2017 (Minnich Rep. ¶¶ 65-74) also do not constitute rebuttal. Duke's experts do not offer any opinion on what constitutes a "reasonable" fee, to which Minnich could possibly be responding. Instead, Minnich merely opined in his *rebuttal* report that he agrees with Plaintiffs' expert Geist's opinion in Geist's *affirmative* report because "Mr. Geist's reasonable recordkeeping opinions are consistent with my experience." (Minnich Rep. 65.) Whatever the validity and utility of that type of endorsement, it is not rebuttal. *See, e.g.*, *McKiver v. Murphy-Brown LLC*, No. 7:14-CV-180-BR, 2018 WL 1832964, at *2 (E.D.N.C. Apr. 17, 2018); *Wise*, 2015 WL 461484 at *2.[3]

---

[3] It is worth noting that Minnich is also an expert for the plaintiffs in *Cunningham v. Cornell Univ.*, No. 16-cv-06525 (S.D.N.Y.), a case involving nearly identical issues. Not only

Third, Minnich offers his own opinions about the process that he believes prudent fiduciaries should use. Again, these opinions are offered to bolster Geist's opinions, not to rebut any of the opinions offered by the Duke witnesses.

### C. Duke Is Prejudiced By The Untimely Submission of the New Reports

Dominguez and Minnich should have been disclosed as affirmative experts, and Plaintiffs' failure to do so is grounds for striking the reports and excluding their testimony. *McKiver*, 2018 WL 1832964, at *2; *Boles*, 2015 WL 1508857, at *2. Plaintiffs do not dispute that Duke is prejudiced; instead they argue that the prejudice was entirely eliminated because Duke elected to take Minnich and Dominguez's depositions. (Pls.' Opp. at 1-2.) Not so.

Duke had to depose these experts, because the deadline for deposing expert witnesses under the Scheduling Order would have passed before its motion will be resolved. Faced with the choice between deposing the experts now or risking the chance of not being able to depose them later if the motion is denied, Duke took the prudent path. Importantly, this path allows the case to continue on schedule while ensuring that a serious issue Duke had properly raised could be resolved. Certainly, Duke cannot be punished for diligently following the terms of the parties' agreed schedule.

---

was Minnich disclosed as an *affirmative* expert in that case, Minnich explained at deposition that his opening report in *Cornell* offers the same types of opinions regarding recordkeeping fees supported by the same type of chart as his "rebuttal" report here. (Minnich Dep. at 11:2-18, 13:6-15:12).

6

Plaintiffs offer no good cause for failing to meet the Court's deadline for affirmative expert reports with respect to Dominguez or Minnich. And because Plaintiffs offered these New Reports – from new experts – as "rebuttal," they took away Duke's opportunity to identify experts to analyze and respond to these new opinions. Just by way of example, Duke did not have the opportunity to offer expert opinions responding to the 38 of the 40 Tier 3 funds analyzed by Dominguez, or on the six specific schools Minnich opines about in his report. To ensure that Duke has a fair opportunity to defend itself and that the Court has a full and appropriate record, the Court should either strike these reports or afford Duke an opportunity to provide responsive reports.

## CONCLUSION

Duke respectfully requests that the Court strike the Rebuttal Expert Reports of Ty Minnich and Wendy Dominguez and exclude them from testifying at trial. If the Court is not inclined to do so, however, Duke respectfully requests thirty days to submit reports responding to the opinions offered by Minnich and Dominguez.

Dated: October 26, 2018
*/s/ Jeremy P. Blumenfeld*
Jeremy P. Blumenfeld
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: 215.963.5000
Facsimile: 215.963.5001
Email: jeremy.blumenfeld@morganlewis.com

Donald L. Havermann
Christopher A. Weals
Abbey M. Glenn

7

**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Ave NW
Washington, DC 20004-2541
Telephone: 202.739.3000
Facsimile: 202.739.3001
Email: donald.havermann@morganlewis.com
Email: christopher.weals@morganlewis.com
Email: abbey.glenn@morganlewis.com

*Lead Counsel for Defendants*

*/s/ Stacy K. Wood*
Stacy K. Wood (N.C. State Bar No.: 21768)
**PARKER POE ADAMS & BERNSTEIN LLP**
Three Wells Fargo Center
401 South Tryon Street, Suite 3000
Charlotte, NC 28202
Telephone: 704.335.9844
Facsimile: 704.335.9698
Email: stacywood@parkerpoe.com

*Local Counsel for Defendants*

8

## **CERTIFICATE OF COMPLIANCE**

Pursuant to this Court's Local Rule of Civil Practice 7.3(d)(1), I hereby certify that this brief complies with the type-volume limitation because it contains 1,621 words, excluding the parts of the brief exempted from the type-volume calculation by Rule 7.3(d)(1).

/s/ Jeremy P. Blumenfeld
Jeremy P. Blumenfeld
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: 215.963.5000
Email: jeremy.blumenfeld@morganlewis.com

# CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing and effectuate service to all counsel of record in this matter, including:

Jerome J. Schlichter
Michael A. Wolff
Troy A. Doles
Heather Lea
Sean E. Soyars
Kurt C. Struckhoff
**SCHLICHTER, BOGARD & DENTON, LLP**
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
Phone: (314) 621-6115
Fax: (314) 621-5934
jschlichter@uselaws.com
mwolff@uselaws.com
tdoles@uselaws.com
hlea@uselaws.com
ssoyars@uselaws.com
kstruckhoff@uselaws.com

*Lead Counsel for Plaintiffs*

David B. Puryear, Jr.
**PURYEAR AND LINGLE, PLLC**
5501-E Adams Farm Lane
Greensboro, NC 27407
(336) 218-0227
puryear@puryearandlingle.com

*Local Counsel for Plaintiffs*

    */s/ Jeremy P. Blumenfeld*
    Jeremy P. Blumenfeld
    **MORGAN, LEWIS & BOCKIUS LLP**
    1701 Market Street
    Philadelphia, PA 19103-2921
    Telephone: 215.963.5000
    Email: jeremy.blumenfeld@morganlewis.com