# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DAVID CLARK, *et al.*, | |
| Plaintiffs, | Judge Catherine C. Eagles |
| vs. | Magistrate Judge L. Patrick Auld |
| DUKE UNIVERSITY, *et al.*, | Civil Action No. 2:16-1044-CCE-LPA |
| Defendants. | |

## DECLARATION OF JIM FREEMAN IN SUPPORT OF NON-PARTY FIDELITY'S BRIEF IN RESPONSE TO PLAINTIFFS' MOTION TO SEAL EXPERT REPORTS DESIGNATED AS CONFIDENTIAL

I, Jim Freeman, declare under penalty of perjury the following:

1. I am an employee of Fidelity Brokerage Services LLC. My title is Senior Vice President for Fidelity Investments' Tax-Exempt Market. I have held this position since 2013. In this role, I am responsible for Fidelity's[1] Relationship Management team and overall client support and retention efforts within Fidelity's Tax-Exempt Market. Among the relationships I oversee is Fidelity's relationship with Duke University and the Duke Faculty and Staff Retirement Plan (the "Duke Plan").

2. I submit this declaration in support of Non-Party Fidelity's Brief in Response to Plaintiffs' Motion to Seal Expert Reports Designated as Confidential. The facts stated in this

---

[1] I use the term "Fidelity" to refer to Fidelity Brokerage Services LLC, as well as affiliated companies involved in providing recordkeeping and administrative services to retirement plans sponsored by tax exempt organizations.

declaration are based on my personal knowledge, and if called upon to testify under oath, I could and would testify thereto.

3. Fidelity provides an array of services to ERISA-governed retirement plans. In the market for these services, pricing is often determined through "blind bidding." That is, when a firm like Fidelity seeks to provide services to a plan, it often will propose financial terms under which it is willing to provide those services without necessarily knowing what financial terms its competitors are offering.

4. I have reviewed Paragraphs 114, 120, 143, and 148 of the redacted Expert Report of Conrad Ciccotello, J.D., Ph.D., dated August 21, 2018, as well as certain of the language that I understand from counsel has been redacted therefrom. The redacted language contains specific financial terms under which Fidelity is purported to have offered to provide recordkeeping and administrative services to the Duke Plan, some terms agreed to by the Duke Plan fiduciaries, and others not (the "Duke Plan Pricing Information").

5. Fidelity maintains the Duke Plan Pricing Information and information like it in strict confidence. Fidelity does not publicly disclose this type of information, and only certain Fidelity employees even have access to the information. Fidelity expends substantial resources in developing the financial terms under which it offers to provide services to clients and potential clients, including by employing a team of experienced employees that work to competitively price Fidelity's services. The confidentiality of the Duke Plan Pricing Information and information like it allows Fidelity to bid for business in the competitive marketplace without fear that a competitor could use knowledge of Fidelity's pricing strategy to gain an unfair advantage in securing the same business. Public disclosure of the Duke Plan Pricing Information would put Fidelity at a competitive disadvantage in vying with other vendors for client engagements.

2

Without direct access to the information, it would be nearly impossible for a competitor to otherwise learn of or duplicate the Duke Plan Pricing Information.

6. I declare under penalty of perjury that the foregoing statements are true and correct.

Executed on this 16th day of November 2018 in Jacksonville, Florida.

By: /s/ Jim Freeman
Jim Freeman

3