# CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Settlement Agreement") is entered into between and among the Class Representatives, all Class Members, and the Duke Defendants.

**1.  Article 1 – Recitals**

1.1   On August 10, 2016, David Clark, Keith A. Feather, Jorge Lopez, Thomas C. Mehen, Susie Pettus, and Robert Healy filed a Complaint (Case No. 1:16-cv-1044) on behalf of themselves and other participants in the Duke University Faculty and Staff Retirement Plan ("the Plan") in the United States District Court for the Middle District of North Carolina.  The operative complaint is the Second Amended Complaint filed on December 27, 2017 (the "Clark Case") against Duke University, the Duke University Investment Advisory Committee, Kyle Cavanaugh, Tim Walsh, James S. Roberts, Rhonda Brandon, Steve Smith, Warren Grill, Anders Hall, Richard Schmalbeck, Michael Lazar, Dr. Nan Jokerst, Eric Koehrsen, and Jean Shields.  The Clark Case asserts various claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), based on the management, operation and administration of the Plan.  On August 20, 2018, Kathi Lucas, Jorge Lopez and Keith A. Feather filed a Complaint (Case 1:18-cv-00722) in the United States District Court for the Middle District of North Carolina on behalf of themselves and other participants in the Plan against Duke University (the "Lucas Case"). The Lucas Case asserts separate but related ERISA claims relating to the management, operation and administration of the Plan.

1.2   On April 13, 2018, the Court certified the following class in the Clark Case:

All participants and beneficiaries of the Duke Faculty and Staff Retirement Plan from August 10, 2010 through the date of judgment, excluding Defendants.

In the Clark Case class certification order, the Court appointed Class Representatives and Class Counsel.  The plaintiffs in the Lucas Case seek to represent the same class of participants and beneficiaries from August 14, 2012 and seek appointment of the same Class Counsel.

1.3   In July 2018, the Settling Parties began settlement discussions through private mediation with a national mediator.  The Settling Parties did not reach agreement during that mediation session, but continued with extensive discussions with the mediator thereafter, ultimately reaching agreement.  The terms of the Settling Parties' settlement are memorialized in this Settlement Agreement.

1.4   The Class Representatives and Class Counsel consider it desirable and in the Plan's and Class Members' best interests that the claims in the Class Actions be settled upon the terms set forth below.  The Class Representatives and Class Counsel have concluded that such terms are fair, reasonable, and adequate and that this settlement will result in benefits to the Plan and the Settlement Class.

1.5   Defendants deny all allegations of wrongdoing and deny all liability for the allegations and claims made in the Class Actions.  The Duke Defendants maintain that they are without

Exhibit A

fault or liability and are settling the Class Actions solely to avoid litigation costs. Defendants contend that the Plan has been managed, operated and administered at all relevant times in compliance with ERISA and applicable regulations, including the fiduciary and prohibited transaction provisions of ERISA. This Settlement Agreement, and the discussions between the Settling Parties preceding it, shall in no event constitute, be construed as, or be deemed evidence of, an admission or concession of any wrongdoing, fault or liability of any kind by Defendants or any individual named as a defendant at any time in the Clark Case.

**1.6** The Settling Parties have concluded that it is desirable that the Class Actions be finally settled upon the terms and conditions set forth in this Settlement Agreement.

**1.7** Therefore, the Settling Parties, in consideration of the promises, covenants, and agreements herein described, acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree as follows:

**2.** **Article 2 – Definitions**

As used in this Settlement Agreement and the Exhibits hereto (as listed in Paragraph 13.16), unless otherwise defined, the following terms have the meanings specified below:

**2.1** "Administrative Expenses" means expenses incurred in the administration of this Settlement Agreement, including (a) all fees, expenses, and costs associated with providing the Settlement Notices to the Class, including but not limited to the fees of the Plan's recordkeeper(s) to identify the names and addresses of Class Members; (b) related tax expenses (including taxes and tax expenses as described in Paragraph 5.3); (c) all expenses and costs associated with the distribution of funds under the Plan of Allocation, including but not limited to the fees of the Plan's recordkeeper(s) associated with implementing this Settlement Agreement, gathering the data necessary to prepare the Plan of Allocation and facilitating the distribution of funds under the Plan of Allocation; (d) all fees and expenses of the Independent Fiduciary, Settlement Administrator, and Escrow Agent; and (e) all fees, expenses, and costs associated with providing notices required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711–1715. Excluded from Administrative Expenses are internal expenses other than those of the recordkeeper(s) identified above, and the Settling Parties' respective legal expenses. Administrative Expenses shall be paid from the Gross Settlement Amount.

**2.2** "Alternate Payee" means a person other than a participant or Beneficiary in the Plan who is entitled to a benefit under the Plan as a result of a Qualified Domestic Relations Order.

**2.3** "Attorneys' Fees and Costs" means the amount awarded by the Court as compensation for the services provided by Class Counsel and to be provided in the future during the Settlement Period. The amount of attorneys' fees for Class Counsel shall not exceed $3,550,000, which shall be recovered from the Gross Settlement Amount. Class Counsel also will seek reimbursement for all costs and expenses advanced and carried by Class Counsel during the pre-litigation investigation conducted by Class Counsel and for the

duration of this litigation, not to exceed $825,000, which also shall be recovered from the Gross Settlement Amount.

2.4    "Authorized Former Participant" means a Former Participant who has submitted a completed, satisfactory Former Participant Claim Form by the Claims Deadline set by the Court in the Preliminary Order and whose Former Participant Claim Form is accepted by the Settlement Administrator.

2.5    "Beneficiary" means a person who currently is entitled to receive a benefit under the Plan upon the death of a Plan participant, other than as an Alternate Payee. A Beneficiary includes, but is not limited to, a surviving spouse, domestic partner, or child of a Plan participant who currently is entitled to a benefit.

2.6    "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711–1715.

2.7    "Claims Deadline" means a date that is no later than ten (10) calendar days before the Fairness Hearing.

2.8    "Class Actions" means the Clark Case and the Lucas Case, Case Nos. 1:16-cv-1044 and 1:18-cv-00722 respectively, venued in the United States District Court for the Middle District of North Carolina.

2.9    "Class Counsel" means Schlichter, Bogard & Denton LLP, 100 S. Fourth Street, Suite 1200, Saint Louis, Missouri, 63102.

2.10    "Class Members" means all individuals in the Settlement Class, including the Class Representatives.

2.11    "Class Period" means the period from August 10, 2010 through the date of entry of the Preliminary Order.

2.12    "Class Representatives" means David Clark, Keith A. Feather, Jorge Lopez, Kathi Lucas, and Thomas C. Mehen.

2.13    "Class Representatives' Compensation" means an amount to be determined by the Court, but not to exceed $25,000 each for Class Representatives David Clark and Thomas C. Mehen, and $30,000 each for Class Representatives Kathi Lucas, Jorge Lopez, and Keith A. Feather, which shall be paid from the Gross Settlement Amount directly to each Class Representative.

2.14    "Confidentiality Order" means the Stipulated Confidentiality and Seal Order (Doc. 56) entered on July 27, 2017.

2.15    "Court" means the United States District Court for the Middle District of North Carolina.

2.16    "Court of Appeals" means the United States Court of Appeals for the Fourth Circuit.

**2.17**  "Current Participant" means a Settlement Class Member who had a balance greater than $0 in the Plan as of December 31, 2018.

**2.18**  "Defense Counsel" means counsel for the Duke Defendants, including Morgan, Lewis & Bockius LLP and Womble Bond Dickinson (US) LLP.

**2.19**  "Duke Defendants" means Duke University.

**2.20**  "Escrow Agent" means an entity that is mutually agreed to by the Settling Parties for serving as an escrow agent for purposed of the settlement, or another entity agreed to by the Settling Parties.

**2.21**  "Fairness Hearing" means the hearing scheduled by the Court to consider (a) any objections from Class Members to the Settlement Agreement, (b) Class Counsel's petition for Attorneys' Fees and Costs and Class Representatives' Compensation, and (c) whether to finally approve the Settlement under Federal Rule of Civil Procedure 23.

**2.22**  "Final Order" means the order and final judgment approving the Settlement Agreement, implementing the terms of this Settlement Agreement, and dismissing the Class Actions with prejudice, to be proposed by the Settling Parties for approval by the Court, in substantially the form attached as Exhibit 5 hereto.

**2.23**  "Final" means with respect to any judicial ruling, order, or judgment that the period for any motions for reconsideration, motions for rehearing, appeals, petitions for certiorari, or the like ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that it has been fully and finally resolved, either by court action or by voluntary action of any Settling Party, without any possibility of a reversal, vacatur, or modification of any judicial ruling, order, or judgment, including the exhaustion of all proceedings in any remand or subsequent appeal and remand.  The Settling Parties agree that absent an appeal or other attempted review proceeding, the period after which the Final Order becomes Final is thirty-five (35) calendar days after its entry by the Court.

**2.24**  "Former Participant" is a Settlement Class Member who did not have a balance greater than $0 as of December 31, 2018.

**2.25**  "Former Participant Claim Form" means the form described generally in Paragraph 3.4.2 and substantially in the form attached as Exhibit 1.

**2.26**  "Gross Settlement Amount" means the sum of ten million, six hundred and fifty thousand dollars ($10,650,000), contributed to the Qualified Settlement Fund in accordance with Article 5.  The Gross Settlement Amount shall be the full and sole monetary payment to the Settlement Class, Plaintiffs, the Plan, and Class Counsel made on behalf of the Duke Defendants in connection with the Settlement effectuated through this Settlement Agreement, which is made expressly to resolve both Class Actions.   The Duke Defendants will make no additional payment in connection with the Lucas Case.

4

**2.27** "Independent Fiduciary" means an independent fiduciary who will serve as a fiduciary to the Plan in accordance with Article 3 that has no relationship or interest in any of the Settling Parties and is mutually agreed to by the Settling Parties.

**2.28** "Mediator" means Hunter R. Hughes, III, Alternative Dispute Resolution, 1075 Peachtree St., Suite 2550, Atlanta, GA 30309, or if he is unavailable, another mediator mutually agreed upon by the Settling Parties.

**2.29** "Net Settlement Amount" means the Gross Settlement Amount minus: (a) all Attorneys' Fees and Costs paid to Class Counsel; (b) all Class Representatives' Compensation as authorized by the Court; (c) all Administrative Expenses; and (d) a contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties that is set aside by the Settlement Administrator for: (1) Administrative Expenses incurred before the Settlement Effective Date but not yet paid, (2) Administrative Expenses estimated to be incurred after the Settlement Effective Date but before the end of the Settlement Period, and (3) an amount estimated for adjustments of data or calculation errors.

**2.30** "Plaintiffs" means the Class Representatives and the Class Members.

**2.31** "Plan" means the Duke University Faculty & Staff Retirement Plan.

**2.32** "Plan of Allocation" means the methodology for allocating and distributing the Net Settlement Amount in accordance with Article 6 herein.

**2.33** "Preliminary Order" means the order proposed by the Settling Parties and approved by the Court in connection with the Motion for Entry of the Preliminary Order to be filed by Class Representatives through Class Counsel, as described in Paragraph 3.2 and in substantially the form attached hereto as Exhibit 2.

**2.34** "Qualified Settlement Fund" or "Settlement Fund" means the interest-bearing, settlement fund account to be established and maintained by the Escrow Agent in accordance with Article 5 herein and referred to as the Qualified Settlement Fund (within the meaning of Treas. Reg. § 1.468B-1).

**2.35** "Released Parties" means (a) Duke University, the Duke University Investment Advisory Committee, Duke University Health System, Inc. d/b/a Duke University Hospital, the Private Diagnostic Clinic, PLLC, Kyle Cavanaugh, Tim Walsh, James S. Roberts, Rhonda Brandon, Steve Smith, Kenneth C. Morris, Neal Triplett, Warren Grill, Anders Hall, Richard Schmalbeck, Michael Lazar, Dr. Nan Jokerst, Eric Koehrsen, Jean Shields, (b) their insurers, co-insurers, and reinsurers, (c) their past, present, and future parent corporation(s), (d) their past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns, (e) their past, present and future members of their respective boards of trustees, agents, officers, employees, independent contractors, representatives, attorneys, administrators, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, service providers to the Plan (including their owners and employees), members of their immediate families,

5

consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them, and (f) the Plan and the Plan's fiduciaries, administrators, plan administrators, recordkeepers, service providers, consultants, and parties-in-interest.

2.36 "Released Claims" means any and all actual or potential claims, actions, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, whether arising under federal, state or local law, whether by statute, contract or equity, whether brought in an individual or representative capacity, whether known or unknown, suspected or unsuspected, foreseen or unforeseen for actions during the Class Period:

    a.   That were asserted in the Class Actions or that arise out of, relate to, or are based on any of the allegations, acts, omissions, facts, matters, transactions, or occurrences that were alleged, asserted, or set forth in the Class Actions' Complaints or in any complaint previously filed in the litigation; or

    b.   That arise out of, relate in any way to, are based on, or have any connection with: (1) the selection, retention, use, monitoring, oversight, compensation, fees or performance of the Plan's investment options or service providers, (2) any fees, costs, or expenses charged to, or paid or reimbursed by the Plan or any Class Member, (3) disclosures or failures to disclose information regarding the Plan's investment options or service providers, (4) the investment options offered to Plan participants, (5) the compensation received by the Plan's service providers, (6) maintaining more than one recordkeeper to the Plan, (7) the services provided to the Plan or the costs of those services, (8) paying compensation based on a percentage of total assets, (9) the Plan's tiered investment structure, (10) alleged breach of the duty of loyalty, care, prudence, diversification, or any other fiduciary duties or prohibited transaction; or (11) using Plan assets to defray the cost of Duke Employee salaries, fringe benefits and other expenses; or

    c.   That relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund to the Plan or any Class Member in accordance with the Plan of Allocation; or

    d.   That relate to the approval by the Independent Fiduciary of the Settlement Agreement, unless brought against the Independent Fiduciary alone.

Released Claims specifically exclude (1) those claims not related to 2.36(a) – (e) above; (2) claims of individual denial of benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) that do not fall within any of the categories identified in 2.36(a) – (e) above; (3) labor or employment claims unrelated to the Plan, including by way of example only, claims arising under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Equal Pay Act, 42 U.S.C. § 1981, the Fair Labor Standards Act, the Family and Medical Leave Act, the National Labor Relations Act, the Sarbanes Oxley Act, the Dodd-Frank Wall Street Reform and Protection Act, state anti-discrimination and wage-payment laws, claims for wrongful termination under state common law and other state law claims of a similar nature to those set forth in this subpart (3); and (4) claims arising exclusively from conduct outside the Class Period.

**2.37** "Settlement" or "Settlement Agreement" refers to the agreement embodied in this agreement and its exhibits.

**2.38** "Settlement Administrator" means an independent contractor to be retained by Class Counsel.

**2.39** "Settlement Agreement Execution Date" means that date on which the final signature is affixed to this Settlement Agreement.

**2.40** "Settlement Class" means all persons who are or were participants or beneficiaries in the Plan at any time during the Class Period, including any Beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and/or Alternate Payee, in the case of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are Kyle Cavanaugh, Tim Walsh, James S. Roberts, Rhonda Brandon, Steve Smith, Anders Hall, Richard Schmalbeck, Michael Lazar, Dr. Nan Jokerst, Eric Koehrsen, and Jean Shields.

**2.41** "Settlement Effective Date" means the date on which the Final Order is Final, provided that by such date the Settlement has not been terminated in accordance with Article 11.

**2.42** "Settlement Notice" means the Notices of Class Action Settlement and Fairness Hearing to be sent to Class Members identified by the Settlement Administrator following the Court's issuance of the Preliminary Order, in substantially the form attached hereto as Exhibits 3 and 4. The Settlement Notice also shall inform Class Members of a Fairness Hearing to be held before the Court, on a date to be determined by the Court, at which any Class Member satisfying the conditions set forth in the Preliminary Order and the Settlement Notice may be heard regarding: (a) the terms of the Settlement Agreement; (b) the petition of Class Counsel for award of Attorneys' Fees and Costs; (c) payment of and reserve for Administrative Expenses; and (d) Class Representatives' Compensation. The Settlement Notice shall inform Former Participants of the Claims Deadline by which they must file a completed Former Participant Claim Form to be eligible for a distribution in accordance with the Plan of Allocation.

**2.43** "Settlement Period" shall be from the Settlement Effective Date and continuing for a period of three years thereafter.

**2.44** "Settlement Website" means the internet website established in accordance with Paragraph 12.2.

**2.45** "Settling Parties" means the Duke Defendants and the Class Representatives, on behalf of themselves, the Plan, and each of the Class Members.

**3.** **Article 3 – Review and Approval by Independent Fiduciary, Preliminary Settlement Approval, and Notice to the Class**

**3.1** The Independent Fiduciary shall have the following responsibilities, including whether to approve and authorize the settlement of Released Claims on behalf of the Plan.

3.1.1  The Independent Fiduciary shall comply with all relevant conditions set forth in Prohibited Transaction Class Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39") in making its determination, for the purpose of Defendants' reliance on PTE 2003-39.

3.1.2  The Independent Fiduciary shall notify the Duke Defendants (with copies to Class Counsel and Defense Counsel) directly of its determination in writing, which notification shall be delivered no later than thirty (30) calendar days before the Fairness Hearing.

3.1.3  All fees and expenses associated with the Independent Fiduciary's determination and performance of its other obligations in connection with the Settlement will constitute Administrative Expenses to be deducted from the Gross Settlement Amount.

3.1.4  The Duke Defendants, Defense Counsel, and Class Counsel shall respond to reasonable requests by the Independent Fiduciary for information so that the Independent Fiduciary can review and evaluate the Settlement Agreement.

3.1.5  Within fifteen (15) calendar days of receipt of the written determination by the Independent Fiduciary, the Duke Defendants shall (a) review the determination by the Independent Fiduciary, (b) conclude whether the Independent Fiduciary has made the determinations required by PTE 2003-39, and (c) notify Class Counsel in writing of its conclusion in that regard.

3.2  Class Representatives, through Class Counsel, shall file with the Court motions seeking preliminary approval of this Settlement Agreement and for entry of the Preliminary Order in substantially the form attached hereto as Exhibit 2. The Preliminary Order to be presented to the Court shall, among other things:

3.2.1  Consolidate the Clark Case and the Lucas Case for purposes of the Settlement only;

3.2.2  Grant the motion to certify the Settlement Class as defined in Paragraph 2.40 in the Class Actions for settlement purposes only under Federal Rule of Civil Procedure 23(b)(1);

3.2.3  Approve the text of the Settlement Notice and Former Participant Claim Form for mailing or sending by electronic means to Class Members and Former Participants identified by the Settlement Administrator to notify them (1) of the Fairness Hearing and (2) that notice of changes to the Settlement Agreement, future orders regarding the Settlement, modifications to the Class Notice, changes in the date or timing of the Fairness Hearing, or other modifications to the Settlement, including the Plan of Allocation, may be provided to the Class through the Settlement Website without requiring additional mailed or electronic notice;

8

**3.2.4** Determine that under Federal Rule of Civil Procedure 23(c)(2), the Settlement Notices constitute the best notice practicable under the circumstances, provide due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and comply fully with the requirements of Federal Rule of Civil Procedure 23, the Constitution of the United States, and any other applicable law;

**3.2.5** Cause the Settlement Administrator to send the Settlement Notice by electronic means or mail to each Class Member identified by the Settlement Administrator and the Former Participant Claim Form to each Former Participant identified by the Settlement Administrator based upon the information provided by the Plan's recordkeeper(s);

**3.2.6** Provide that, pending final determination of whether the Settlement Agreement should be approved, every Class Member is prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against any Released Party or the Plan;

**3.2.7** Set the Fairness Hearing for no sooner than one hundred twenty (120) calendar days after the date the Motion for Entry of the Preliminary Order is filed, in order to determine whether (i) the Court should approve the Settlement as fair, reasonable, and adequate, (ii) the Court should enter the Final Order, and (iii) the Court should approve the application for Attorneys' Fees and Costs, Class Representatives' Compensation, Administrative Expenses incurred to date, and a reserve for anticipated future Administrative Expenses;

**3.2.8** Provide that any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and Defense Counsel. To be filed validly, the objection and any notice of intent to appear or supporting documents must be filed at least thirty (30) calendar days prior to the scheduled Fairness Hearing. Any person wishing to speak at the Fairness Hearing shall file and serve a notice of intent to appear within the time limitation set forth above;

**3.2.9** Provide that any Settling Party may file a response to an objection by a Class Member;

**3.2.10** Set a deadline of no later than ten (10) calendar days before the Fairness Hearing by which each Former Participant must file a Former Participant Claim Form with the Settlement Administrator in order to be considered for a distribution in accordance with the Plan of Allocation;

**3.2.11** Provide that the Fairness Hearing may, without further direct notice to the Class Members, other than by notice to Class Counsel, be adjourned or continued by order of the Court; and

**3.2.10** Approve the Form of CAFA Notices attached as Exhibit 6 and order that upon

9

mailing of the CAFA notices, the Duke Defendants shall have fulfilled their obligations under CAFA.

**3.3**     The Duke Defendants and Defense Counsel shall use reasonable efforts to respond timely to written requests, including by e-mail, from the Settlement Administrator for readily accessible data that are reasonably necessary to determine the feasibility of administering the Plan of Allocation or to implement the Plan of Allocation. The actual and reasonable expenses of any third-party, including the Plan's recordkeeper(s), that are necessary to perform such work shall constitute an Administrative Expense to be deducted from the Gross Settlement Amount, except that the Plan's recordkeeper(s) shall not receive compensation for crediting the accounts of the Current Participants under Paragraph 6.5.

**3.3.1**     The Settlement Administrator shall be bound by the Confidentiality Order and any further non-disclosure or security protocol required by the Settling Parties.

**3.3.2**     The Settlement Administrator shall use the data provided by the Duke Defendants and the Plan's recordkeeper(s) solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

**3.3.3**     The Settling Parties shall have the right to approve a written protocol to be provided by the Settlement Administrator concerning how the Settlement Administrator will maintain and store information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

**3.4**     By the date and in the manner set by the Court in the Preliminary Order, and unless otherwise set forth below, the Settlement Administrator shall:

**3.4.1**     Cause to be provided to each Class Member identified by the Settlement Administrator a Settlement Notice in the form and manner to be approved by the Court, which shall be in substantially the form attached hereto as Exhibits 3 and 4 or a form subsequently agreed to by the Settling Parties and the Court. The Settlement Notice shall be sent to the last known address, or e-mail address if sent electronically, of each Class Member provided by the Plan's recordkeeper(s) (or their designees) through Defense Counsel, unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known addresses provided by the Plan's recordkeeper(s) (or their designees). Class Counsel also shall post a copy of the Settlement Notice on the Settlement Website. The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-send such documents one additional time.

**3.4.2**     Cause the Former Participant Claim Form, which shall be in substantially the form attached as Exhibit 1, or a form subsequently agreed to by the Settling Parties and the Court, to be included with the Settlement Notice that is mailed or sent by electronic means to the Former Participants.

Exhibit A

4. **Article 4 – Final Settlement Approval**

4.1     No later than ten (10) business days before the Fairness Hearing, Class Counsel shall submit to the Court a mutually agreed upon motion for entry of the Final Order (Exhibit 5) in the form approved by Class Counsel and Defense Counsel, which shall request approval by the Court of the terms of this Settlement Agreement and entry of the Final Order in accordance with this Settlement Agreement. The Final Order as proposed shall provide for the following, among other things, as is necessary to carry out the Settlement consistent with applicable law and governing Plan documents:

    4.1.1   Approval of the Settlement of the Released Claims covered by this Settlement Agreement, adjudging the terms of the Settlement Agreement to be fair, reasonable, and adequate to the Plan and the Class Members, and directing the Settling Parties to take the necessary steps to effectuate the terms of the Settlement Agreement;

    4.1.2   A determination under Federal Rule of Civil Procedure 23(c)(2) that the Settlement Notice constitutes the best notice practicable under the circumstances and that due and sufficient notice of the Fairness Hearing and the rights of all Class Members has been provided;

    4.1.3   Dismissal with prejudice of the Class Actions and all Released Claims asserted therein whether asserted by Class Representatives on their own behalf or on behalf of the Class Members, or on behalf of the Plan, without costs to any of the Settling Parties other than as provided for in this Settlement Agreement;

    4.1.4   That the Plan and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) shall be (i) conclusively deemed to have, and by operation of the Final Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Claims, and (ii) barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims, whether or not such Class Members have executed and delivered a Former Participant Claim Form, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed;

    4.1.5   That each Class Member shall release the Released Parties, Defense Counsel, Class Counsel, and the Plan for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses;

11

Exhibit A

**4.1.6** That all applicable CAFA requirements have been satisfied;

**4.1.7** That the Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant in accordance with the Plan of Allocation approved by the Court;

**4.1.8** That, with respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion, including whether a Former Participant Claim Form should be accepted in the first instance;

**4.1.9** That within twenty-one (21) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

**4.2** The Final Order and judgment entered by the Court approving the Settlement Agreement shall provide that upon its entry all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and by the Final Order.

**5. Article 5 – Establishment of Qualified Settlement Fund**

**5.1** No later than five (5) business days after entry of the Preliminary Order, the Escrow Agent shall establish an escrow account. The Settling Parties agree that the escrow account is intended to be, and will be, an interest-bearing Qualified Settlement Fund within the meaning of Treas. Reg. § 1.468B-1. In addition, the Escrow Agent timely shall make such elections as necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to prepare and deliver, in a timely and proper manner, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

**5.2** For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent, or the Settlement Administrator on its behalf, shall timely and properly cause to be filed all informational and other tax returns necessary or advisable with respect to the Gross Settlement Amount (including without limitation applying for a Taxpayer Identification Number for the Fund and filing the returns described in Treas. Reg. § 1.468B-2(k)). Such returns as well as the election described in Paragraph 5.1 shall be consistent with this Article 5 and, in all events, shall reflect that all taxes (as defined in Paragraph 5.3 below) (including any estimated taxes, interest, or penalties) on the income earned by the Gross Settlement Amount shall be deducted and paid from the Gross Settlement Amount as provided in Paragraph 5.3 hereof.

**5.3**   Taxes and tax expenses are Administrative Expenses to be deducted and paid from the Gross Settlement Amount, including but not limited to: (1) all taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Gross Settlement Amount, including any taxes or tax detriments that may be imposed upon the Duke Defendants or Defense Counsel with respect to any income earned by the Gross Settlement Amount for any period during which the Gross Settlement Amount does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (2) all tax expenses and costs incurred in connection with the operation and implementation of this Article 5 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Article 5). Such taxes and tax expenses shall be Administrative Expenses and shall be paid timely by the Escrow Agent out of the Gross Settlement Amount without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any Class Member any funds necessary to pay such amounts, including the establishment of adequate reserves for any taxes and tax expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)); neither the Released Parties, Defense Counsel, nor Class Counsel are responsible nor shall they have any liability for any taxes or tax expenses. The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Article 5.

**5.4**   Within twenty-one (21) calendar days after the later of (a) the Preliminary Order is entered, or (b) the escrow account described in Paragraph 5.1 is established and the Escrow Agent shall have furnished to the Duke Defendants in writing the escrow account name, IRS W-9 Form, and all necessary wiring instructions, the Duke Defendants and/or insurer will deposit two million dollars ($2,000,000) into the Qualified Settlement Fund.

**5.5**   Within five (5) business days after the Settlement Effective Date, the Duke Defendants and/or insurer will deposit eight million six hundred and fifty thousand dollars ($8,650,000) into the Qualified Settlement Fund.

**5.6**   The Escrow Agent shall, at the written direction of Class Counsel, invest the Qualified Settlement Fund in short-term United States Agency or Treasury Securities or other instruments backed by the Full Faith and Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, and shall reinvest the proceeds of these investments as they mature in similar instruments at their then-current market rates.

**5.7**   The Escrow Agent shall not disburse the Qualified Settlement Fund or any portion except as provided in this Settlement Agreement, in an order of the Court, or in a subsequent written stipulation between Class Counsel and Defense Counsel. Subject to the orders of the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Settlement Agreement.

**5.8**   Within one-hundred twenty (120) calendar days after the Settlement Effective Date, the Gross Settlement Amount will be distributed from the Qualified Settlement Fund as

13

follows: (a) first, all Attorneys' Fees and costs shall be paid to Class Counsel within three (3) business days after the Settlement Effective Date; (b) second, all Administrative Expenses not paid previously shall be paid within three (3) business days after the Settlement Effective Date; (c) third, any Class Representatives' Compensation ordered by the Court shall be paid within three (3) business days after the Settlement Effective Date; (d) fourth, a contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties shall be set aside by the Settlement Administrator for: (1) Administrative Expenses incurred before the Settlement Effective Date but not yet paid, (2) Administrative Expenses estimated to be incurred after the Settlement Effective Date but before the end of the Settlement Period, and (3) an amount estimated for adjustments of data or calculation errors; and (e) fifth, the Net Settlement Amount will be distributed in accordance with the Plan of Allocation. Pending final distribution of the Net Settlement Amount in accordance with the Plan of Allocation, the Escrow Agent will maintain the Qualified Settlement Fund.

5.9      The Escrow Agent, or the Settlement Administrator on its behalf, shall be responsible for making provision for the payment from the Qualified Settlement Fund of all taxes and tax expenses, if any, owed with respect to the Qualified Settlement Fund and for all tax reporting, remittance, and/or withholding obligations, if any, for amounts distributed from it.  The Released Parties, Defense Counsel, and Class Counsel have no responsibility or any liability for any taxes or tax expenses owed by, or any tax reporting or withholding obligations, if any, of the Qualified Settlement Fund.

6.      **Article 6 – Plan of Allocation**

6.1      After the Settlement Effective Date, the Settlement Administrator shall cause the Net Settlement Amount to be allocated and distributed to the Authorized Former Participants and those Current Participants covered by Paragraphs 6.6 and 6.7 below, and to the Plan for distribution to the Current Participants in accordance with the Plan of Allocation set forth in this Article 6 and as ordered by the Court.

6.2      To be eligible for a distribution from the Net Settlement Amount, a person must be a Current Participant or an Authorized Former Participant, Beneficiary, or Alternate Payee of such a person.  Current Participants shall receive their settlement payments as contributions to their Plan account(s), except as provided in Paragraph 6.6 below. Authorized Former Participants shall receive their settlement payments in the form of a check, as provided in Paragraph 6.7 below.

6.3      Beneficiaries will receive checks as described in this Article 6 in amounts corresponding to their entitlement as beneficiaries of the Current Participant or of the Authorized Former Participant with respect to which the payment is made. Alternate Payees will receive checks if and to the extent they are entitled to receive a portion of a Current Participant's or Authorized Former Participant's allocation under this Article 6 in accordance with the Plan of Allocation as if they are a Current Participant or Authorized Former Participant.  The Settlement Administrator shall have sole and final discretion to determine the amounts to be paid to Beneficiaries and Alternate Payees in accordance with the Plan of Allocation set forth in this Article 6 and as ordered by the Court.

14

**6.4**     **Calculation of Settlement Payments.**  Payments to Authorized Former Participants and Current Participants shall be calculated by the Settlement Administrator as follows:

**6.4.1**     The Settlement Administrator shall obtain from Class Counsel, the Duke Defendants or the Plan's recordkeeper(s) the quarter-ending account balances invested in the Plan's investment options or the Plan for each Class Member during the Class Period.  The Duke Defendants agree to provide the necessary approvals authorizing transmission of such information to the Settlement Administrator.

**6.4.2**     The Net Settlement Fund will be allocated among Current and Authorized Former Participants as follows:

1.   The quarterly balances for the Class Period of Current and Authorized Former Participants are identified for each quarter;

2.   All quarterly balances identified in step 1 are summed together for each Participant;

3.   An average quarterly balance for each Current Participant and each Authorized Former Participant is calculated for the Class Period (with a zero included as the balance for any quarter during which the individual did not participate in the Plan);

4.   For each Current Participant and each Authorized Former Participant, the average quarterly balance of step 3 is divided by the average quarterly balance for the Class Period of all Current and Authorized Former Participants;

5.   Each Current Participant and each Authorized Former Participant will receive the fraction of the total Net Settlement Amount which is calculated in step 4.

**6.4.3**     No amount shall be distributed to an Authorized Former Participant that is five dollars ($5.00) or less, because such an amount is de minimis and would cost more in processing than its value.  All such amounts shall be retained in the Qualified Settlement Fund for distribution under Paragraph 6.13.

**6.4.4**     The Settlement Administrator shall determine the total settlement payment available to each Authorized Former Participant and Current Participant by calculating each such participant's share of the Net Settlement as set forth above.

**6.4.5**     The Settlement Administrator shall utilize the calculations required to be performed herein for (a) making the required payments to Authorized Former Participants and Current Participants under Paragraphs 6.6 and 6.7 of the Settlement Agreement; and (b) instructing the Plan as to the amounts to be distributed to the Current Participants under Paragraph 6.5 of the Settlement Agreement and calculating the total amount to deposit into each Current Participant's Plan account to fulfill this instruction.

**6.4.6** The total amount of all checks to be written by the Settlement Administrator plus the total amount of all deposits to the Current Participants' Plan accounts may not exceed the Net Settlement Amount. Nothing in this Paragraph 6.4.6 is intended to modify the requirements of Paragraph 6.8 below. In the event that the Settlement Administrator determines that the Plan of Allocation would otherwise require payments exceeding the Net Settlement Amount, the Settlement Administrator is authorized to make such changes as are necessary to the Plan of Allocation such that said totals do not exceed the Net Settlement Amount.

**6.4.7** The Released Parties shall not have any responsibility for or liability whatsoever with respect to the Plan of Allocation, including, but not limited to, the determination of the Plan of Allocation or the reasonableness of the Plan of Allocation.

**6.5** **Payments to Current Participants.** Current Participants will not be required to submit a Former Participant Claim Form to receive a settlement payment. The Settlement Administrator shall complete all payment calculations for all Current Participants and Authorized Former Participants within thirty (30) business days after the Settlement Effective Date.

**6.5.1** Within two (2) business days after the Settlement Administrator has completed all payment calculations for all Current Participants, the Settlement Administrator will provide the Duke Defendants (or designee) with an Excel spreadsheet in a form approved by the Plan's primary recordkeeper containing the name, Social Security number or other unique identifier, and the amount of the settlement payment to be made into the Plan account for each of the Current Participants.

**6.5.2** Thereafter, within ten (10) business days' written notice to the Duke Defendants (or its designee), the Settlement Administrator shall effect a transfer from the Qualified Settlement Fund to the Plan's primary recordkeeper of the aggregate amount of all settlement payments payable to Current Participants, as reflected in the spreadsheet provided by the Settlement Administrator. The Duke Defendants (or designee) shall direct the Plan's primary recordkeeper to credit the individual Plan accounts of each Current Participant in an amount equal to that stated on the spreadsheet provided by the Settlement Administrator in relation to such Current Participant.

**6.5.3** The settlement payment for each Current Participant will be invested in accordance with and proportionate to such Current Participant's investment elections then on file for new contributions into investment options for which the Plan's primary recordkeeper is the recordkeeper. If there is no investment election for new contributions on file for any Current Participant, then such Current Participant shall be deemed to have directed such payment to be invested in the Plan's "Qualified Default Investment Alternative," as defined in 29 C.F.R. § 2550.404c-5.

**6.5.4** The Plan's primary recordkeeper shall process all Current Participant transactions within thirty (30) calendar days of receiving direction from the Duke Defendants (or designee) for any Current Participant.

**6.6** **Payments to Current Participants Who Have a $0 Account Balance as of the Date the Settlement Payments Are Made.** For each Current Participant who has an account balance of zero as of the date the settlement payments are made, the Settlement Administrator shall issue a check from the Qualified Settlement Fund and mail the check to the address of the Current Participant then on file. A Current Participant who has an account balance of zero as of the date the settlement payments are made need not complete a Former Participant Claim Form. The checks shall be issued as follows:

    **6.6.1** For each check issued, the Settlement Administrator shall (i) calculate and withhold any applicable taxes associated with the payments with the Current Participant; (ii) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state revenue agents; and (iii) issue appropriate tax forms to the Current Participant.

    **6.6.2** Settlement payments that cannot be made by the Plan's primary recordkeeper within thirty (30) calendar days of receiving direction from the Duke Defendants (or designee), as described in Paragraph 6.5, because the Current Participant has an account balance of zero in the Plan, shall be returned by the Plan's primary recordkeeper to the Settlement Administrator for distribution pursuant to this Paragraph 6.6 within twenty (20) calendar days thereafter.

**6.7** **Payments to Authorized Former Participants.** The Former Participant Claim Form shall advise the Authorized Former Participant that any distribution in accordance with the Settlement may be rollover eligible and of their right to roll over such an amount. If the Authorized Former Participant elects to treat the Settlement Distribution as a rollover, the Settlement Administrator shall follow proper rollover instructions provided by the Authorized Former Participant. Neither the Released Parties, Defense Counsel nor Class Counsel shall have any responsibility for or liability whatsoever with respect to any tax advice given to the Authorized Former Participants or the Current Participants.

    **6.7.1** For each Authorized Former Participant, the Settlement Administrator will issue a check from the Qualified Settlement Fund and mail the check to the address of such Authorized Former Participant listed in his or her Former Participant Claim Form or, in the case of ambiguity or uncertainty, to the address of such person as determined by the Settlement Administrator using commercially reasonable means.

    **6.7.2** For each check issued, the Settlement Administrator shall (i) calculate and withhold any applicable taxes associated with the payments allocable to the Authorized Former Participant; (ii) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state revenue agents; and (iii) issue appropriate tax forms to the Authorized Former Participants.

**6.8** This Plan of Allocation is based upon preliminary data regarding the Class Members who may be entitled to settlement payments. If the Settlement Administrator concludes that it is impracticable to implement any provision of this Plan of Allocation, the Settling Parties will modify promptly the terms of this Plan of Allocation and present such modified terms,

first, to the Independent Fiduciary for its review and approval and, second, to the Court for its approval. Direct mailed or electronic notice to Class Members of such proposed modification of the Plan of Allocation shall not be required. However, notice of such proposed modification shall be posted on the Settlement Website within five (5) business days of the date that the proposed modification is submitted to the Court for its approval. If the proposed modification is implemented, notice of such modification shall be posted on the Settlement Website within five (5) business days of the date that the modification was implemented.

The Settlement Administrator shall be solely responsible for performing any calculations required by this Plan of Allocation.

6.9    Within ten (10) business days of completing all aspects of this Plan of Allocation, the Settlement Administrator shall send to Class Counsel and Defense Counsel one or more affidavits stating the following: (a) the name of each Class Member to whom the Settlement Administrator sent the Settlement Notice or the Former Participant Claim Form; (b) the date(s) upon which the Settlement Administrator sent the Settlement Notice or the Former Participant Claim Form; (c) the name of each Class Member whose Settlement Notice or Former Participant Claim Form was returned as undeliverable; (d) the efforts made by the Settlement Administrator to find the correct address and to mail the Settlement Notice or Former Participant Claim Form for each such Class Member; and (e) the name of each Class Member to whom the Settlement Administrator made a distribution from the Net Settlement Amount, together with the amount of the distribution, the name of the payee, the date of distribution, the amount of tax withholdings, if applicable, and the date of remittance of tax withholdings to the appropriate tax authority, if applicable. These affidavits and the accompanying information shall be considered "Confidential" under the terms of the Confidentiality Order.

6.10   The Settling Parties acknowledge that any payments to Class Members or their attorneys may be subject to applicable tax laws. The Duke Defendants, Defense Counsel, Class Counsel, and Class Representatives will provide no tax advice to the Class Members and make no representation regarding the tax consequences of any of the settlement payments described in this Settlement Agreement. To the extent that any portion of any settlement payment is subject to income or other tax, the recipient of the payment shall be responsible for payment of such tax. Deductions will be made, and reporting will be performed by the Settlement Administrator, as required by law in respect of all payments made under the Settlement Agreement. Payments from the Qualified Settlement Fund shall not be treated as wages by the Settling Parties.

6.11   Each Class Member who receives a payment under this Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person. Each Class Member shall hold the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to payments under the Settlement Agreement, and shall hold the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from the costs

18

(including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit), related to such tax liability.

**6.12** All checks issued in accordance with this Plan of Allocation shall expire no later than one hundred twenty (120) calendar days after their issue date. All checks that are undelivered or are not cashed before their expiration date shall revert to the Qualified Settlement Fund.

**6.13** No sooner than thirty (30) calendar days following the end of the Settlement Period, any portion of the Net Settlement Amount remaining after distributions, including costs and taxes, shall be paid to the Plan for the purpose of defraying administrative fees and expenses of the Plan. Except as specifically allowed in this Settlement Agreement, no part of the Settlement Fund will be used to reimburse the Duke Defendants or otherwise offset settlement related costs incurred by the Duke Defendants.

**7. Article 7 – Attorneys' Fees and Costs**

**7.1** Class Counsel intends to recover their attorneys' fees not to exceed $3,550,000, and litigation costs and expenses advanced and carried by Class Counsel for the duration of this litigation, not to exceed $825,000, both of which shall be recovered (if at all) only from the Gross Settlement Amount. Class Counsel also intends to seek Class Representatives' Compensation, in an amount not to exceed $25,000 each for Class Representatives David Clark and Thomas C. Mehen, and $30,000 each for Class Representatives Kathi Lucas, Jorge Lopez, and Keith A. Feather, which shall be recovered from the Gross Settlement Amount.

**7.2** Class Counsel will file a motion for an award of Attorneys' Fees and Costs at least thirty (30) calendar days before the deadline set in the Preliminary Order for objections to the proposed settlement, which may be supplemented thereafter.

**8. Article 8 – Release and Covenant Not to Sue**

**8.1** As of the Settlement Effective Date, the Plan (subject to Independent Fiduciary approval as required by Paragraph 3.1), the Class Representatives, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, successors, assigns, agents, and attorneys), on their own behalves and on behalf of the Plan, shall be deemed to have fully, finally, and forever settled, released, relinquished, waived, and discharged all Released Parties from the Released Claims, regardless of whether or not such Class Member receives a monetary benefit from the Settlement, executed and delivered a Former Participant Claim Form, filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Member have been approved or allowed.

**8.2** As of the Settlement Effective Date, the Class Representatives, the Class Members and the Plan (subject to Independent Fiduciary approval as required by Paragraph 3.1), expressly agree that they, acting individually or together, or in combination with others, shall not sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration or a proceeding before any state insurance or other

Exhibit A

department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of this Settlement Agreement in accordance with the procedures set forth in this Settlement Agreement.

8.3  Class Counsel, the Class Representatives, Class Members, or the Plan may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with the Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, each Class Member and the Plan shall expressly, upon the entry of the Final Order, be deemed to have, and, by operation of the Final Order, shall have fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims. The Class Representatives, Class Members and the Plan acknowledge and shall be deemed by operation of the Final Order to have acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in this Settlement Agreement of which this release is a part.

8.4  Each Class Representative, Class Member and the Plan hereby stipulate and agree with respect to any and all Released Claims that, upon entry of the Final Order, the Class Members shall be conclusively deemed to, and by operation of the Final Order shall, settle, release, relinquish, waive and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims pertaining specifically to Section 1542 of the California Civil Code, which provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Also, the Class Representatives and Class Members shall, upon entry of the Final Order with respect to the Released Claims, waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

## 9.   Article 9 – Representations and Warranties

9.1  The Settling Parties represent:

9.1.1  That they are voluntarily entering into this Settlement Agreement as a result of arm's length negotiations among their counsel, and that in executing this Settlement Agreement they are relying solely upon their own judgment, belief, and knowledge, and upon the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof;

9.1.2  That they assume the risk of mistake as to facts or law;

Exhibit A

**9.1.3** That they recognize that additional evidence may have come to light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement;

**9.1.4** That they have read carefully the contents of this Settlement Agreement, and this Settlement Agreement is signed freely by each individual executing this Settlement Agreement on behalf of each of the Settling Parties; and

**9.1.5** That they have made such investigation of the facts pertaining to the Settlement and all matters pertaining thereto, as they deem necessary.

**9.2** Each individual executing this Settlement Agreement on behalf of a Settling Party does hereby personally represent and warrant to the other Settling Parties that he/she has the authority to execute this Settlement Agreement on behalf of, and fully bind, each principal that each such individual represents or purports to represent.

## 10. Article 10 – Additional Terms

**10.1** There is a Settlement Period of three years from the effective date of the Settlement during which Duke will comply with the terms set forth in this Article.

**10.2** Within thirty (30) calendar days after the end of the first and second year of the Settlement Period, and within thirty (30) calendar days after the conclusion of the Settlement Period, Duke will provide Class Counsel a list of the Plan's investment options and the fees for those investment options, as well as a copy of the Investment Policy Statement (if any) for the Plan.

**10.3** No later than January 1, 2020, Duke shall communicate, in writing, with current Plan participants and inform them of the investment options available in the new lineup, including the annuity option, and provide a link to a webpage containing the fees and performance information for the new investment options and the contact information for the individual or entity that can facilitate a fund transfer for participants who seek to transfer their investments in frozen annuity accounts to another fund in the Plan.

**10.4** Given the consolidation of the Plan's vendors and investment options effective January 2019, during the third year of the Settlement Period, the Plan's fiduciaries shall retain an independent consultant with experience conducting Requests for Proposals for recordkeeping and administrative services on behalf of defined contribution plans of similar size and complexity, who shall provide a recommendation to the Plan's fiduciaries on whether they should issue Requests for Proposals for recordkeeping and administrative services during the fourth year after the Settlement Effective Date. The Plan's fiduciaries shall within ninety (90) days thereafter determine whether or not to follow the consultant recommendations in carrying out their fiduciary duties. If the Plan's fiduciaries determine that it would be in the best interests of the Plan and Plan participants to issue such Requests for Proposals, the Request for Proposals shall be made to at least three qualified service providers for administrative and recordkeeping services for the investment options in the Plan that are under the control of the Plan's fiduciaries. Before deciding not to issue Requests for Proposals for recordkeeping and administrative services, the Plan fiduciaries

21

Exhibit A

must obtain a recommendation from an investment consultant that did not provide services to the Plan fiduciaries on behalf of the Plan during the Class Period. If the Plan's fiduciaries determine that it would be in the best interests of the Plan and Plan participants to issue such Requests for Proposals, they shall request that any proposal provided by a service provider for administrative and recordkeeping services express the fee on a per participant basis. If the consultant recommends that the Plan's fiduciaries issue such Requests for Proposals and the Plan fiduciaries decide not to issue such Requests for Proposals, the Plan fiduciaries shall document the reasons for that decision and provide those reasons in writing to Class Counsel within thirty (30) days thereafter along with the consultant written report(s), if any, or other documentation reflecting the consultant's recommendation and basis for such recommendation.

10.5    If the Plan's fiduciaries determine that it would be in the best interests of the Plan and Plan participants to issue Requests for Proposals, the Plan may retain its current recordkeeper or retain a new recordkeeper based on relevant factors that the Plan fiduciaries deem appropriate under the circumstances, including but not limited to cost, available services, and quality of services.

10.6    Within thirty (30) days of selecting the recordkeeper or deciding to retain the current recordkeeper, Duke shall provide to Class Counsel the final bid amounts that were submitted in response to the request for proposal (without identifying the recordkeepers who submitted those bids) and shall identify the selected recordkeeper, which shall be accompanied with the final agreed-upon contract for recordkeeping services. Duke also shall provide Class Counsel the current recordkeeping contract for the Plan.

10.7    The Settling Parties agree that the costs of the consultants and costs of conducting the request for proposal are administrative expenses properly paid for by the Plan under applicable law.

10.8    During the Settlement Period, in considering Plan investment options, the Plan's fiduciaries shall consider, among other factors: (1) the cost of different share classes available for any particular mutual fund considered for inclusion in the Plan as well as other criteria applicable to different share classes; and (2) the availability of revenue sharing rebates on any share class available for any investment option considered for inclusion in the Plan; (3) other factors that the Plan fiduciaries deem appropriate under the circumstances.

10.9    During the Settlement Period, Duke shall not cause Plan assets or assets held in the Plan's ERISA revenue credit or reimbursement account to be used to pay salaries and fringe benefits and other expenses incurred by Duke for services performed by Duke employees. For avoidance of doubt, the Settlement Agreement shall not prohibit Duke from using Plan assets, including Plan forfeiture account monies, to reduce employer contributions to the Plan regardless of how such reduced employer contributions are accounted for.

11. **Article 11 – Termination, Conditions of Settlement, and Effect of Disapproval, Cancellation, or Termination**

11.1    The Settlement Agreement shall automatically terminate, and thereby become null and void with no further force or effect if:

    11.1.1    Under Paragraph 3.1, (1) either the Independent Fiduciary does not approve the Settlement Agreement, or disapproves the Settlement Agreement for any reason whatsoever or the Duke Defendants reasonably conclude that the Independent Fiduciary's approval does not include the determinations required by PTE 2003-39 in either case; and (2) the Settling Parties do not mutually agree to modify the terms of this Settlement Agreement to facilitate an approval by the Independent Fiduciary or the Independent Fiduciary's determinations required by PTE 2003-39.

    11.1.2    The Preliminary Order or the Final Order are not entered by the Court substantially in the form submitted by the Settling Parties or in a form which is otherwise agreed to by the Settling Parties;

    11.1.3    The Settlement Class is not certified as defined herein or in a form which is otherwise agreed to by the Settling Parties;

    11.1.4    This Settlement Agreement is disapproved by the Court or fails to become effective for any reason whatsoever; or

    11.1.5    The Preliminary Order or Final Order is finally reversed on appeal, or is modified on appeal, and the Settling Parties do not mutually agree to any such modifications.

11.2    If the Settlement Agreement is terminated, deemed null and void, or has no further force or effect, the Class Actions and the Released Claims asserted by Class Representatives shall for all purposes with respect to the Settling Parties revert to their status as though the Settling Parties never executed the Settlement Agreement. The Clark Case and the Lucas Case will no longer be consolidated and will revert to their original status as separate actions. All funds deposited in the Qualified Settlement Fund, and any interest earned thereon, shall be returned to the Duke Defendants or insurer pro rata based on their contributions to the Qualified Settlement Fund within thirty (30) calendar days after the Settlement Agreement is finally terminated or deemed null and void, except as provided for in Paragraph 11.4.

11.3    It shall not be deemed a failure to approve the Settlement Agreement if the Court denies, in whole or in part, Class Counsel's request for Attorneys' Fees and Costs and/or Class Representatives' Compensation and/or modifies any of the proposed orders relating to Attorneys' Fees and Costs and/or Class Representatives' Compensation accordingly.

11.4    In the event that the Settlement Agreement is terminated, Administrative Expenses incurred prior to the termination shall be paid first from the interest earned, if any, on the Qualified Settlement Fund. Administrative Expenses in excess of the interest earned on the Qualified Settlement Fund shall be split evenly and paid by Class Counsel, on the one hand, and the Duke Defendants, on the other hand.

23

Exhibit A

**11.5**    No later than ten (10) calendar days of the filing of the motion for preliminary approval of the Settlement, Defense Counsel shall serve the CAFA notice on the appropriate officials.

**12.**    **Article 12 – Confidentiality of Settlement Negotiations**

**12.1**    Except as set forth explicitly below, the Settling Parties and Class Counsel agree to keep confidential all positions and offers made during settlement negotiations relating to the Class Actions and the Settlement Agreement, except that they may discuss the negotiations with the Class Members, the Independent Fiduciary, and the Settling Parties' tax, legal, and regulatory advisors, provided in each case that they (a) secure written agreements with such persons or entities that such information shall not be further disclosed, and (b) comply with this Article 12 in all other respects.

**12.2**    Class Counsel will establish a Settlement Website on which it will post the following documents or links to the following documents on or following the date of the Preliminary Order: the operative Complaint, the Settlement Agreement and its Exhibits, Settlement Notice, Former Participants Claim Form, Class Representatives' Motion for Attorneys' Fees and Costs and Award of Compensation to Class Representatives, any Court orders related to the Settlement, any amendments or revisions to these documents, and any other documents or information mutually agreed upon by the Settling Parties ("Settlement Website Information"). No other information or documents will be posted on the Settlement Website unless agreed to in advance by the Settling Parties in writing. Class Counsel will take down the Settlement Website ninety (90) calendar days after the receipt of the affidavit(s) referenced in Paragraph 6.9.

**12.3**    Within thirty (30) calendar days of the filing of the motion for preliminary approval of the Settlement, the Duke Defendants may issue a communication to Plan participants explaining the terms of the Settlement and Plan of Allocation. If the Duke Defendants decide to issue such communication, it shall be approved by Class Counsel.

**13.**    **Article 13 – General Provisions**

**13.1**    The Settling Parties agree to cooperate fully with each other in seeking Court approval of the Preliminary Order and the Final Order, and to do all things as may reasonably be required to effectuate preliminary and final approval and the implementation of this Settlement Agreement according to its terms. The Settling Parties agree to provide each other with copies of any filings necessary to effectuate this Settlement at least three (3) business days in advance of filing.

**13.2**    This Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder are not, and shall not be construed as, deemed to be, or offered or received as evidence of an admission by or on the part of any Released Party of any wrongdoing, fault, or liability whatsoever by any Released Party, or give rise to any inference of any wrongdoing, fault, or liability or admission of any wrongdoing, fault, or liability in the Class Actions or any other proceeding, and the Duke Defendants and Released Parties admit no wrongdoing, fault or liability with respect to any of the allegations or claims in the Class Actions. This Settlement Agreement, whether or not

24

consummated, and any negotiations or proceedings hereunder, shall not constitute admissions of any liability of any kind, whether legal or factual. Subject to Federal Rule of Evidence 408, the Settlement and the negotiations related to it are not admissible as substantive evidence, for purposes of impeachment, or for any other purpose. The Duke Defendants deny all allegations of wrongdoing and deny all allegations and claims in the Class Actions. The Duke Defendants contend that the Plan has been managed, operated, and administered at all relevant times in accordance with ERISA, including the fiduciary duty and prohibited transaction provisions of ERISA.

13.3 Neither the Settling Parties, Class Counsel, nor Defense Counsel shall have any responsibility for or liability whatsoever with respect to: (i) any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Gross Settlement Amount or otherwise; (ii) the determination of the Independent Fiduciary; (iii) the management, investment, or distribution of the Qualified Settlement Fund; (iv) the Plan of Allocation as approved by the Court; (v) the determination, administration, calculation, or payment of any claims asserted against the Qualified Settlement Fund; (vi) any losses suffered by, or fluctuations in the value of, the Qualified Settlement Fund; or (vii) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Qualified Settlement Fund or tax reporting, or the filing of any returns. Further, neither the Duke Defendants nor Defense Counsel shall have any responsibility for, or liability whatsoever with respect to, any act, omission, or determination of Class Counsel in connection with the administration of the Gross Settlement Amount or otherwise.

13.4 Only Class Counsel shall have standing to seek enforcement of this Settlement Agreement on behalf of Plaintiffs and Class Members. Any individual concerned about the Duke Defendants' compliance with this Settlement Agreement may so notify Class Counsel and direct any requests for enforcement to them. Class Counsel shall have the full and sole discretion to take whatever action they deem appropriate, or to refrain from taking any action, in response to such request. Any action by Class Counsel to monitor or enforce the Settlement Agreement shall be done without additional fee or reimbursement of expenses beyond the Attorneys' Fees and Costs determined by the Court.

13.5 This Settlement Agreement shall be interpreted, construed, and enforced in accordance with applicable federal law and, to the extent that federal law does not govern, by North Carolina law.

13.6 The Settling Parties agree that any and all disputes concerning compliance with the Settlement Agreement, with the exception of any and all disputes concerning compliance with Article 8, shall first follow the process below:

13.6.1 If a Settling Party has reason to believe that a legitimate dispute exists concerning the Settlement Agreement, other than any and all disputes concerning compliance with Article 8, the Settling Party raising the dispute shall first promptly give written notice under the Settlement Agreement to the other Settling Parties including in such notice: (a) a reference to all specific provisions of the Settlement Agreement that are involved; (b) a statement of the alleged non-compliance; (c) a statement of

25

the remedial action sought; and (d) a brief statement of the specific facts, circumstances, and any other arguments supporting the position of the Settling Party raising the dispute.

**13.6.2** Within twenty (20) calendar days after receiving the notice described in Paragraph 13.6.1, the receiving parties shall respond in writing with their position and the facts and arguments they rely on in support of their position.

**13.6.3** For a period of not more than twenty (20) calendar days following mailing of the response described in Paragraph 13.6.2, the Settling Parties shall undertake good-faith negotiations, which may include meeting in person or conferring by telephone, to attempt to resolve the dispute.

**13.6.4** If the dispute is not resolved during the period described in Paragraph 13.6.3, the Settling Parties shall conduct a mediation of the dispute with the Mediator on the earliest reasonably practicable date; provided, however, that the scope of such mediation shall be expressly limited to the dispute.

**13.6.5** The Settling Parties intend to resolve any disputes quickly, expeditiously, and inexpensively. Accordingly, there shall be no discovery allowed in connection with mediation pursuant to this Paragraph 13.7, and no witnesses shall be presented or examined during the mediation. The Mediator will make his decision based solely on the papers, documents, testimony, and arguments of counsel presented to him.

**13.6.6** In any mediation under this Paragraph 13.7, each Settling Party shall bear its own fees and costs.

**13.6.7** If the dispute is not resolved through mediation, either Settling Party may request that the Court resolve the dispute.

**13.7** The Settling Parties agree that the Court has personal jurisdiction over the Settlement Class and the Duke Defendants and shall maintain that jurisdiction for purposes of resolving any disputes between the Settling Parties concerning compliance with this Settlement Agreement that are not resolved under Paragraph 13.6. Any motion or action to enforce this Settlement Agreement—including by way of injunction—may be filed in the U.S. District Court for the Middle District of North Carolina, or asserted by way of an affirmative defense or counterclaim in response to any action asserting a violation of the Settlement Agreement.

**13.8** The Settlement Agreement may be executed by exchange of executed signature pages, and any signature transmitted by facsimile or e-mail attachment of scanned signature pages for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement. The Settlement Agreement may be executed in any number of counterparts, and each of such counterparts shall for all purposes be deemed an original, and all such counterparts shall together constitute the same instrument.

**13.9** Each Settling Party to this Settlement Agreement hereby acknowledges that he, she, or it has consulted with and obtained the advice of counsel prior to executing this Settlement Agreement and that this Settlement Agreement has been explained to that Settling Party by his, her, or its counsel.

**13.10** Any headings included in this Settlement Agreement are for convenience only and do not in any way limit, alter, or affect the matters contained in this Settlement Agreement or the Articles or Paragraphs they caption. References to a person are also to the person's permitted successors and assigns, except as otherwise provided herein. Whenever the words "include," "includes" or "including" are used in this Settlement Agreement, they shall not be limiting but shall be deemed to be followed by the words "without limitation."

**13.11** Before entry of the Preliminary Approval Order and approval of the Independent Fiduciary, this Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Settling Parties. Following approval by the Independent Fiduciary, the Settlement Agreement may be modified or amended only if such modification or amendment is set forth in a written agreement signed by or on behalf of all Settling Parties and only if the Independent Fiduciary approved such modification or amendment in writing. Following entry of the Preliminary Approval Order, this Settlement Agreement may be modified or amended only by written agreement signed on behalf of all Settling Parties, and only if the modification or amendment is approved by the Independent Fiduciary in writing and approved by the Court.

**13.12** This Settlement Agreement and the exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning the Settlement other than those contained in this Settlement Agreement and the exhibits thereto.

**13.13** The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving party and specifically waiving such provisions. The waiver of any breach of this Settlement Agreement by any Settling Party shall not be deemed to be or construed as a waiver of any other breach or waiver by any other Settling Party, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

**13.14** Each of the Settling Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that it will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter of this Settlement Agreement.

**13.15** All of the covenants, representations, and warranties, express or implied, oral or written, concerning the subject matter of this Settlement Agreement are contained in this Settlement Agreement. No Settling Party is relying on any oral representations or oral agreements. All such covenants, representations, and warranties set forth in this Settlement Agreement shall be deemed continuing and shall survive the Effective Date of Settlement.

27

Exhibit A

**13.16** All of the exhibits attached hereto are incorporated by reference as though fully set forth herein. The exhibits shall be: Exhibit 1 – Former Participant Claim Form; Exhibit 2 – Preliminary Order; Exhibit 3 – Notice of Class Action Settlement and Fairness Hearing to Current Participants; Exhibit 4 – Notice of Class Action Settlement and Fairness Hearing to Former Participants; Exhibit 5 – Final Order; Exhibit 6- Form of CAFA Notice.

**13.17** No provision of the Settlement Agreement or of the exhibits attached hereto shall be construed against or interpreted to the disadvantage of any Settling Party to the Settlement Agreement because that Settling Party is deemed to have prepared, structured, drafted, or requested the provision.

**13.18** Any notice, demand, or other communication under this Settlement Agreement (other than the Settlement Notice, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail postage prepaid, or delivered by reputable express overnight courier;

IF TO THE CLASS REPRESENTATIVES:

Jerome J. Schlichter (jschlichter@uselaws.com)
Michael A. Wolff (mwolff@uselaws.com)
Kurt C. Struckhoff (kstruckhoff@uselaws.com)
SCHLICHTER, BOGARD & DENTON
100 S. Fourth St., Ste. 1200
St. Louis, Missouri 63102
Tel: (314) 621-6115
Fax: (314) 621-5934

IF TO DEFENDANTS:

Jeremy P. Blumenfeld
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: 215.963.5258
Facsimile: 215.963.5001
jeremy.blumenfeld@morganlewis.com

Abbey M. Glenn
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: 202.739.3000
Facsimile: 202.739.3001
abbey.glenn@morganlewis.com

28

Exhibit A

ON BEHALF OF PLAINTIFFS Individually and as Representatives of the Class:

Dated: ___1/16/19___

SCHLICHTER, BOGARD & DENTON, LLP

Jerome J. Schlichter
Michael A. Wolff
Kurt C. Struckhoff

100 South Fourth Street, Ste. 1200
St. Louis, MO 63102
Telephone: (314) 621-6115
Facsimile: (314) 621-5934
Attorneys for Plaintiffs and Class Representatives

ON BEHALF OF THE DUKE DEFENDANTS:

Dated: ___1/16/19___

DUKE UNIVERSITY

Pamela J. Bernard
Vice President & General Counsel

# www.duke403bsettlement.com
## FORMER PARTICIPANT CLAIM FORM

ABC1234567890                                          Claim Number: 1111111

## *ABC1234567890*
JOHN Q CLASS MEMBER
123 MAIN ST
APT 1
ANYTOWN, ST 12345

This Former Participant Claim Form is **ONLY** for Class Members who are **Former Participants**, or the beneficiaries, alternate payees or attorneys-in-fact of Former Participants (all of whom will be treated as Former Participants). A Former Participant is a Class Member who did not have a Plan Account with a balance greater than $0 as of December 31, 2018.

This form must be completed, signed and mailed with a postmark date no later than _____, 2019 to the Settlement Administrator in order for you to receive your share of the Settlement proceeds. **Former Participants who do not complete and timely return this form will not receive any Settlement payment**. Please review the instructions below carefully. If you have questions regarding this Claim Form, you may contact the Settlement Administrator as indicated below.

*******************************************************************************************************

## PART 1: INSTRUCTIONS FOR COMPLETING FORMER PARTICIPANT CLAIM FORM

1.  Complete this claim form and keep a copy of all pages of your Former Participant Claim Form, including page 1 with the address label, for your records.

2.  Mail your completed Former Participant Claim Form that is postmarked no later than _____, 2019 to the Settlement Administrator at following address:          -   -

    **Duke 403(b) Settlement Administrator**
    **[Address]**
    **City, State, Zip**

    It is <u>your</u> responsibility to ensure the Settlement Administrator has timely received your Former Participant Claim Form.

3.  Other Reminders:

    •   You must provide date of birth, signature and a completed Substitute IRS Form W-9, which is attached as Part 5 to this form.

    •   If you desire to do a rollover and you do not complete in full the rollover information in Part 4 Payment Election of the Settlement Distribution Form, payment will be made to the participant.

    •   If you change your address after sending in your Former Participant Claim Form, please send your new address to the Settlement Administrator.

    •   **Timing Of Payments To Eligible Settlement Class Members**. Please note that Settlement payments are subject to the Settlement Agreement's receiving final Court approval. If the Settlement Agreement is approved and if you are entitled to a Settlement payment under the terms of the Settlement, such payments will be distributed no earlier than _____ due to the need to process and verify information for all Settlement Class Members who are entitled to a payment and to compute the amount of each payment. Payments may be further delayed if any appeals are filed.

4.  **Questions?** If you have any questions about this Former Participant Claim Form, please call the Settlement Administrator at XXX-XXX-XXXX. The Settlement Administrator will provide advice only regarding completing this form and will not provide financial, tax or other advice concerning the Settlement. You therefore may want to consult with your financial or tax advisor. Information about the status of the approval of the Settlement, the Settlement administration and claim processing is available on the lawsuit website, www.duke403bsettlement.com.

Exhibit 1

You are eligible to receive a payment from a class action settlement. The Court has preliminarily approved the class settlement of *Clark, et al. v. Duke University, et al.,* Case No. 1:16-cv-01044, and *Lucas, et al. v. Duke University,* Case No. 1:18-cv-00722. That settlement provides allocation of monies to the individual accounts of Settlement Class Members who had retirement plan accounts with a positive balance in the Duke University Faculty and Staff Retirement Plan ("Plan") as of December 31, 2018 ("Current Participants"). Settlement Class Members who are entitled to a distribution but who did not have a Plan account with a positive balance as of December 31, 2018 ("Former Participants") will receive their allocation in the form of a check or rollover if and only if they mail a valid Former Participant Claim Form that is postmarked no later than _____, 2019 to the Settlement Administrator. For more information about the settlement, please see www.duke403bsettlement.com, or call XXX-XXX-XXXX.

Because you are a Former Participant (or beneficiary of a Former Participant) in the Plan, you must decide whether you want your payment (1) sent payable to you directly or (2) to be rolled over into another eligible retirement plan or into an individual retirement account ("IRA"). To make that choice, please complete and mail this Former Participant Claim Form that is postmarked no later than _____, 2019 to the Settlement Administrator. If you do not indicate a payment election, your payment will be sent payable to you directly.

## PART 2: PARTICIPANT INFORMATION

First Name      Middle   Last Name

Mailing Address

City      State   Zip Code

Home Phone      Work Phone or Cell Phone

Participant's Social Security Number      Participant's Date of Birth

     M   M    D   D    Y   Y   Y   Y

Email Address

☐ Check here if you were a Former Participant, but did **not** receive this Claim Form in the mail. This may be because you were a participant in the Plan only for a brief period.

## PART 3: BENEFICIARY OR ALTERNATE PAYEE INFORMATION (IF APPLICABLE)

☐ Check here if you are the **surviving spouse or other beneficiary** for the Former Participant and the Former Participant is deceased. **Documentation must be provided showing current authority of the representative to file on behalf of the deceased**. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

☐ Check here if you are an **alternate payee under a qualified domestic relations order (QDRO), or attorney-in-fact** for the Former Participant. The Settlement Administrator may contact you with further instructions. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

Your First Name      Middle   Last Name

Your Social Security Number or Tax ID Number      Your Date of Birth

     M   M    D   D    Y   Y   Y   Y

Your Mailing Address

City      State   Zip Code

Exhibit 1

## PART 4: PAYMENT ELECTION

☐ **Payment to Self** – A check subject to mandatory federal and applicable state withholding tax will be mailed to your address on the previous page.

☐ **Direct Rollover to an Eligible Plan** – Check only one box below and complete Rollover Information Section Below:

☐ Government 457(b)        ☐ 401(a)/401(k)        ☐ 403(b)

☐ Direct Rollover to a Traditional IRA        ☐ Direct Rollover to a Roth IRA (subject to ordinary income tax)

**Rollover Information:**

Company or Trustee's Name (to whom the check should be made payable)

Company or Trustee's Mailing Address 1

Company or Trustee's Mailing Address 2

Company or Trustee's City                                                State        Zip Code

Account Number                                                Company or Trustee's Phone Number

## PART 5: SIGNATURE, CONSENT, AND SUBSTITUTE IRS FORM W-9

UNDER PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORMER PARTICIPANT CLAIM FORM IS TRUE, CORRECT AND COMPLETE AND THAT I SIGNED THIS FORMER PARTICIPANT CLAIM FORM.

1. The Social Security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3. I am a U.S. Person (including a U.S. resident alien).

M M    D D    Y Y Y Y

_____
**Participant Signature**                                **Date Signed** (*Required*)

Note: if you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above. The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.

**QUESTIONS? VISIT: www.duke403bsettlement.com, OR CALL XXX-XXX-XXXX**

Exhibit 1

Case 1:16-cv-01044-CCE-LPA   Document 149-2   Filed 01/16/19   Page 32 of 75

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

DAVID CLARK, *et al.*,
               Plaintiffs,
     v.

DUKE UNIVERSITY, *et al.*,
               Defendants.

Case No. 1:16-CV-01044-CCE-LPA

KATHI LUCAS, *et al.*,
               Plaintiffs,
     v.

DUKE UNIVERSITY,
               Defendant.

Case No. 1:18-CV-00722-CCE-LPA

## [PROPOSED] ORDER GRANTING MOTION FOR CERTIFICATION OF SETTLEMENT CLASS AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This litigation arises out of two separate but related class actions alleging breaches of fiduciary duties and prohibited transactions against the defendants under the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1001, *et seq.*, with respect to their management, operation, and administration of the Duke University Faculty and Staff Retirement Plan (the "Plan"). The defendants deny and continue to deny the allegations, claims and contentions of the Class Representatives, deny that they are liable at all to the Settlement Class, and deny that the Settlement Class or the Plan has suffered any harm or damage for which the defendants could be held responsible, as defendants contend that they acted prudently and in keeping with their fiduciary responsibilities under ERISA by monitoring, reviewing and evaluating the Plan's investment options, monitoring, reviewing and evaluating the administrative fees

Exhibit 2

paid by the Plan, by eliminating or adding investment options when appropriate, and by negotiating fees for administrative services for the Plan to ensure that the Plan participants paid reasonable fees for the services provided..

In their Unopposed Motion for Preliminary Approval of Class Settlement, the Class Representatives seek preliminary approval of a settlement of the claims asserted in *Clark v. Duke University,* No. 16-1044, and *Lucas v. Duke University,* No. 18-00722 ("Class Actions"). Defendants consented to this motion. The terms of the Settlement are set out in a Class Action Settlement Agreement dated January 16, 2019, executed by the Settling Parties and their counsel. Plaintiffs also request that the Court certify a class for settlement only purposes in accordance with the terms of the Settlement.

The Court has considered the proposed Settlement. For purposes of this Order, if not defined herein, capitalized terms have the definitions in the Settlement Agreement, which is incorporated herein by reference. Having reviewed the Settlement Agreement and the accompanying and supporting papers, it is **ORDERED** as follows.

1.    **Class Findings**: Solely for the purposes of the Settlement, the Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure have been met as to the Settlement Class, which is defined as:

> All persons who are or were participants or beneficiaries in the Plan at any time during the Class Period, including any Beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and/or Alternate Payee, in the case of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are certain individuals identified in the Settlement Agreement.

Exhibit 2

As defined under Section 2.11 of the Settlement Agreement, the Class Period is August 10, 2010 through the date of entry of the Preliminary Order.

A.    The Court finds that Rule 23(a)(1) is satisfied because there are over 40,000 potential class members making joinder impracticable.

B.    The Court finds that Rule 23(a)(2) is satisfied because there are one or more questions of fact and/or law common to the Settlement Class that can or would be resolved as to the Plan, not only as to individual participants, including: whether the fiduciaries to the Plan breached their duties; what are the losses to the Plan resulting from each breach of duty; and what Plan-wide equitable and other relief the Court should impose in light of defendants' breach of duty.

C.    The Court finds that Rule 23(a)(3) is satisfied because the claims of the Class Representatives are typical of the claims of the Settlement Class because they all arise from a Plan-level course of conduct.

D.    The Court finds that Rule 23(a)(4) is satisfied because there is no conflict between Plaintiffs' individual interests and the interests of the Settlement Class. Instead, they share the same objectives, share the same factual and legal positions, and share the same interest in establishing the defendants' liability. Additionally, Class Counsel is qualified, reputable, and has extensive experience in ERISA fiduciary breach class actions such as this one.

3

E.    The Court finds that, as required by Rule 23(b)(1), individual members of the Settlement Class pursuing their own claims could result in inconsistent or varying adjudications as to individual members of the Settlement Class that would establish incompatible standards of conduct for the defendants, and that adjudication as to individual class members would, as a practical matter, be dispositive of the interest of other members not parties to the individual adjudications, or would substantially impair or impeded those persons' ability to protect their interests.

F.    The Court finds that Rule 23(g) is satisfied because the law firm Schlichter, Bogard & Denton, LLP, is capable of fairly and adequately representing the interests of the Settlement Class. Class Counsel has done extensive work on this case, including significant investigation of the underlying merit of Plaintiffs' claims alleged in the Class Actions. Class Counsel is experienced in these types of cases and is knowledgeable of the applicable law.

2.    **Settlement Class Certification**: The Court certifies the following class for settlement purposes under Federal Rule of Civil Procedure 23(b)(1):

> All persons who are or were participants or beneficiaries in the Plan at any time during the Class Period, including any Beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and/or Alternate Payee, in the case of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are certain individuals identified in the Settlement Agreement.

3.    For settlement purposes only, the Court modifies the class currently

4

certified in *Clark v. Duke University,* No. 16-1044, to be consistent with this Order. *See Clark* Doc. 96.

4. **Appointment of Class Representatives and Class Counsel**: The Court appoints the Class Representatives to represent the Settlement Class, and Schlichter, Bogard & Denton, LLP, as Class Counsel.

5. **Preliminary Findings Regarding Proposed Settlement**: The Court preliminarily finds that:

A. The proposed Settlement resulted from extensive arm's-length negotiations;

B. The Settlement Agreement was executed only after the parties engaged in substantial litigation for almost three years and after settlement negotiations had continued within that period for months, including an in-person mediation session with a nationally recognized private mediator, and extensive telephonic and email communications with and without the mediator;

C. Class Counsel has concluded that the Settlement Agreement is fair, reasonable and adequate;

D. The Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class; and

E. The Class Actions should be consolidated for settlement purposes.

6. **Fairness Hearing**: A hearing is scheduled at the United States District

Exhibit 2

Court for the Middle District of North Carolina, the Honorable District Court Judge

Catherine C. Eagles presiding, at _____ a.m./p.m. on _____, 2019, **[not before June 3,**

**2019]** (the "Fairness Hearing") to determine, among other issues:

      A.      Whether the Settlement Agreement should be approved as fair,

      reasonable, and adequate;

      B.      Whether the Settlement Notice and notice methodology were

      performed as directed by this Court;

      C.      Whether the motion for attorneys' fees and costs to be filed by Class

      Counsel should be approved;

      D.      Whether an amount of compensation to Class Representatives

      should be approved; and

      E.      Whether the Administrative Expenses specified in the Settlement

      Agreement and requested by the Settling Parties should be approved for

      payment from the Gross Settlement Amount.

      7.      **Establishment of Qualified Settlement Fund**: A common fund is agreed

to by the Settling Parties in the Settlement Agreement and is hereby established and shall

be known as the *Clark v. Duke University* Litigation Settlement Fund (the "Settlement

Fund" or "Gross Settlement Amount"). The Settlement Fund shall be a "qualified

settlement fund" within the meaning of Treasury Regulations § 1.468-1(a) promulgated

under Section 468B of the Internal Revenue Code. The Settlement Fund shall consist of

$10,650,000 and any interest earned thereon. The Settlement Fund shall be administered

as follows:

A.     The Settlement Fund is established exclusively for the purposes of: (i) making distributions to Class Representatives and the Settlement Class specified in the Settlement Agreement; (ii) making payments for all settlement administration costs and costs of notice, including payments of all Administrative Expenses specified in the Settlement Agreement; (iii) making payments of all Attorneys' Fees and Costs to Class Counsel as awarded by the Court; and (iv) paying employment, withholding, income and other applicable taxes, all in accordance with the terms of the Settlement Agreement and this Order. Other than the payment of Administrative Expenses or as otherwise expressly provided in the Settlement Agreement, no distribution shall be made from the Settlement Fund until after the Settlement Effective Date.

B.     Within the time period set forth in the Settlement Agreement, the Duke Defendants or insurer shall cause $10,650,000 to be deposited into the Settlement Fund.

C.     The Court appoints Analytics LLC as the Settlement Administrator for providing Settlement Notice, implementing the Plan of Allocation, and otherwise assisting in administration of the Settlement as set forth in the Settlement Agreement.

D.     The Duke Defendants shall timely furnish a statement to the

7

Settlement Administrator that complies with Treasury Regulation §
1.468B-3(e)(2), which may be a combined statement under Treasury
Regulation § 1.468B-3(e)(2)(ii), and shall attach a copy of the statement to
their federal income tax returns filed for the taxable year in which the Duke
Defendants make a transfer to the Settlement Fund.

E.      The Duke Defendants shall have no withholding, reporting or tax
reporting responsibilities with regard to the Settlement Fund or its
distribution, except as otherwise specifically identified herein. Moreover,
the Duke Defendants shall have no liability, obligation, or responsibility for
administration of the Settlement Fund or the disbursement of any monies
from the Settlement Fund except for: (1) their obligation to cause the Gross
Settlement Amount to be paid; and (2) their agreement to cooperate in
providing information that is necessary for settlement administration set
forth in the Settlement Agreement.

F.      The oversight of the Settlement Fund is the responsibility of the
Settlement Administrator. The status and powers of the Settlement
Administrator are as defined by this Order and as approved in the
Settlement Agreement.

G.      The Gross Settlement Amount caused to be paid by the Duke
Defendants and/or insurer into the Settlement Fund in accordance with the
Settlement Agreement, and all income generated by that amount, shall be *in*

*custodia legis* and immune from attachment, execution, assignment, hypothecation, transfer or similar process by any person. Once the Settlement Fund vests, it is irrevocable during its term and the Duke Defendants have divested themselves of all right, title or interest, whether legal or equitable, in the Settlement Fund, if any; provided, however, in the event the Settlement Agreement is not approved by the Court or the Settlement set forth in the Settlement Agreement is terminated or fails to become effective in accordance with its terms (or, if following approval by this Court, such approval is reversed or modified), the parties shall be restored to their respective positions in this case as of the day prior to the Settlement Agreement Execution Date; the terms and provisions of the Settlement Agreement and this Order shall be void and have no force and effect and shall not be used in this case or in any proceeding for any purpose; and the Settlement Fund and income earned thereon shall immediately be returned to the entity(ies) that funded the Settlement Fund.

H.     The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Order or any additional Orders issued by the Court.

I.     The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with Article 6 of the Settlement Agreement, provided, however, that the

Exhibit 2

Settlement Fund shall not terminate until its liability for any and all

government fees, fines, taxes, charges and excises of any kind, including

income taxes, and any interest, penalties or additions to such amounts, are,

in the Settlement Administrator's sole discretion, finally determined and all

such amounts have been paid by the Settlement Fund.

J.        The Settlement Fund shall be used to make payments to Class

Members under the Plan of Allocation set forth in the Settlement

Agreement. Individual payments to Class Members will be subject to tax

withholding as required by law and as described in the Class Notice and its

attachments. In addition, all Class Representatives' Compensation,

Administrative Expenses and all Attorneys' Fees and Costs of Class

Counsel shall be paid from the Settlement Fund.

K.        The Court and the Settlement Administrator recognize that there will

be tax payments, withholding and reporting requirements in connection

with the administration of the Settlement Fund. The Settlement

Administrator shall, in accordance with the Settlement Agreement,

determine, withhold, and pay over to the appropriate taxing authorities any

taxes due with respect to any distribution from the Settlement Fund and

shall make and file with the appropriate taxing authorities any reports or

returns due with respect to any distributions from the Settlement Fund. The

Settlement Administrator also shall determine and pay any income taxes

owing with respect to the income earned by the Settlement Fund.

Additionally, the Settlement Administrator shall file returns and reports

with the appropriate taxing authorities with respect to the payment and

withholding of taxes.

L.      The Settlement Administrator, in its discretion, may request

expedited review and decision by the IRS or the applicable state or local

taxing authorities, with regard to the correctness of the returns filed for the

Settlement Fund and shall establish reserves to assure the availability of

sufficient funds to meet the obligations of the Settlement Fund itself and the

Settlement Administrator as fiduciaries of the Settlement Fund. Reserves

may be established for taxes on the Settlement Fund income or on

distributions.

M.      The Settlement Administrator shall have all the necessary powers,

and take all necessary ministerial steps, to effectuate the terms of the

Settlement Agreement, including the payment of all distributions. Such

powers include receiving and processing information from Former

Participants pertaining to their claims and investing, allocating and

distributing the Settlement Fund, and in general supervising the

administration of the Settlement Agreement in accordance with its terms

and this Order.

N.      The Settlement Administrator shall keep detailed and accurate

Exhibit 2

accounts of all investments, receipts, disbursements and other transactions of the Settlement Fund. All accounts, books and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person; the nature and status of any payment from the Settlement Fund and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Order, and any future orders that the Court may find it necessary to issue.

O.     The Settlement Administrator may establish protective conditions concerning the disclosure of information maintained by the Settlement Administrator if publication of such information would violate any law, including rights to privacy. Any person entitled to such information who is denied access to the Settlement Fund's records may submit a request to the Court for such information. However, the Settlement Administrator shall supply such information to any claimant as may be reasonably necessary to allow him or her to accurately determine his or her federal, state and local tax liabilities. Such information shall be supplied in the form and manner prescribed by relevant law.

Exhibit 2

P.     This Order will bind any successor Settlement Administrator. The

successor Settlement Administrator(s) shall have, without further act on the

part of anyone, all the duties, powers, functions, immunities, and discretion

granted to the original Settlement Administrator. Any Settlement

Administrator(s) who is replaced (by reason other than death) shall execute

all instruments, and do all acts, that may be necessary or that may be

ordered or requested in writing by the Court or by any successor Settlement

Administrator(s), to transfer administrative powers over the Settlement

Fund to the successor Settlement Administrator(s). The appointment of a

successor Settlement Administrator(s), if any, shall not under any

circumstances require any of the Duke Defendants to make any further

payment of any nature into the Settlement Fund or otherwise.

8.     **Class Notice**: The Settling Parties have presented to the Court proposed

forms of Settlement Notice, which are appended hereto as Exhibits 3 and Exhibit 4,

respectively.

A.     The Court finds that the proposed forms and the website referenced

in the Settlement Notice fairly and adequately:

i.   Describe the terms and effect of the Settlement Agreement and of

the Settlement;

ii.  Notify the Settlement Class concerning the proposed Plan of

Allocation;

13

Exhibit 2

iii. Notify the Settlement Class that Class Counsel will seek compensation from the Settlement Fund for the Class Representatives, Attorneys' Fees and Costs;

iv. Notify the Settlement Class that Administrative Expenses related to the implementation of the Settlement will be paid from the Settlement Fund;

v. Give notice to the Settlement Class of the time and place of the Fairness Hearing; and

vi. Describe how the recipients of the Class Notice may object to any of the relief requested and the rights of the Settling Parties to discovery concerning such objections.

B.     The Settling Parties have proposed the following manner of communicating the notice to  Class Members: the Settlement Administrator shall by no later than sixty (60) days before the Fairness Hearing, cause the Settlement Notice, with such non-substantive modifications thereto as may be agreed upon by the Settling Parties, to be sent by electronic email to all Class Members who have a current email address known to Duke University and/or the Plan's recordkeeper(s) and mailed, by first-class mail, postage prepaid, to the last known address of each member of the Settlement Class for whom there is no current email address that can be identified through commercially reasonable means. The Court finds that

Exhibit 2

such proposed manner is the best notice practicable under the circumstances, and directs that the Settlement Administrator to provide notice to the Settlement Class in the manner described. The Duke Defendants shall cooperate with the Settlement Administrator by providing or facilitating the provision of, in electronic format, the names, addresses, email addresses (to the extent available), and social security numbers or other unique identifiers of members of the Settlement Class. The names, addresses, email addresses (to the extent available), and Social Security numbers or other unique identifiers obtained pursuant to this Order shall be used solely for the purpose of providing notice of this settlement and as required for purposes of tax withholding and reporting, and for no other purpose.

C.      For any Settlement Notice returned as undeliverable, the Settlement Administrator shall utilize the provided Social Security number or other unique identifier to attempt to determine the current address of the person and shall mail notice to that address.

D.      At or before the Fairness Hearing, Class Counsel or the Settlement Administrator shall file with the Court a proof of timely compliance with the foregoing requirements.

E.      The Court directs Class Counsel, no later than sixty (60) days before the Fairness Hearing, to cause the Settlement Notice to be published on the

Settlement Website.

9.      **Objections to Settlement**: Any Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement, to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to any request for Class Representatives' Compensation, must file an objection in the manner set out in this Order.

A.      A Class Member wishing to raise an objection to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to any request for Class Representatives' Compensation must do the following: (i) file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection; and (ii) serve copies of the objection and all supporting authorities or evidence to Class Counsel and Defense Counsel. The addresses for filing objections with the Court and for service of such objections on counsel for the parties to this matter are as follows:

        Clerk of the Court
        United States District Courthouse
        L. Richard Preyer Federal Building
        324 West Market Street, Suite 1
        Greensboro, NC 27401

        SCHLICHTER, BOGARD & DENTON, LLP
        Attn: Duke 403(b) Settlement
        100 S. 4th Street, Ste. 1200
        St. Louis, MO 63102

16

*Attorneys for Plaintiffs*

MORGAN, LEWIS, BOCKIUS LLP
Attn: Abbey M. Glenn
1111 Pennsylvania Ave NW
Washington, DC 20004
*Attorneys for Defendants*

B.      The objector or his, her, or its counsel (if any) must serve copies of

the objection(s) on the attorneys listed above and file it with the Court by

no later than thirty (30) calendar days before the date of the Fairness

Hearing.

C.      If an objector hires an attorney to represent him, her, or it for the

purposes of making such objection pursuant to this paragraph, the attorney

must serve a notice of appearance on the attorneys listed above and file it

with the Court by no later than thirty (30) calendar days before the date of

the Fairness Hearing.

D.      Failure to serve objections(s) on either the Court or counsel for the

parties shall constitute a waiver of the objection(s). Any Class Member or

other person who does not timely file and serve a written objection

complying with the terms of this Order shall be deemed to have waived,

and shall be foreclosed from raising, any objection to the Settlement, and

any untimely objection shall be barred.

E.      Any party wishing to obtain discovery from any objector may, but is

not required to, serve discovery requests, including requests for documents

and notice of deposition not to exceed two (2) hours in length, on any

17

Exhibit 2

objector within ten (10) calendar days of receipt of the objection and that

any responses to discovery or depositions must be completed within ten

(10) calendar days of the request being served on the objector.

F.     Any party wishing to file a response to an objection must do so, and

serve the response on all parties, no later than ten (10) calendar days before

the Fairness Hearing.

10.     **Appearance at Fairness Hearing**: Any objector who files and serves a

timely, written objection in accordance with the terms of this Order as set out in

Paragraph 9 above may also appear at the Fairness Hearing either in person or through

counsel retained at the objector's expense. Objectors or their attorneys intending to speak

at the Fairness Hearing must serve a notice of intention to speak setting forth, among

other things, the name, address, and telephone number of the objector (and, if applicable,

the name, address, and telephone number of the objector's attorney) on Class Counsel

and Defense Counsel (at the addresses set out above) and file it with the Court by no later

than ten (10) calendar days before the date of the Fairness Hearing. Any objector (or

objector's attorney) who does not timely file and serve a notice of intention to appear in

accordance with this paragraph shall not be permitted to speak at the Fairness Hearing.

11.     **Claim Form Deadline**: All valid Former Participant Claim Forms must be

received by the Settlement Administrator with a postmark date no later than _____,

2019.

12.     **Service of Papers**: Defense Counsel and Class Counsel shall promptly

Exhibit 2

furnish each other with copies of all objections that come into their possession.

13. **Termination of Settlement**: If the Settlement is terminated in accordance with the Settlement Agreement, this Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing the day before the Settlement Agreement Execution Date, and the Class Actions shall be unconsolidated.

14. **Use of Order**: This Order shall not be construed or used as an admission, concession, or declaration by or against the defendants of any fault, wrongdoing, breach, or liability or a waiver of any claims or defenses, including but not limited to those as to the propriety of any amended pleadings or the propriety and scope of class certification. This Order shall not be construed or used as an admission, concession, or declaration by or against any named plaintiff, Class Representatives, or the Settlement Class that their claims lack merit, or that the relief requested in the Class Actions is inappropriate, improper or unavailable, or that the Class Actions should be consolidated. This Order shall not be construed or used as a waiver by any party of any arguments, defenses, or claims he, she, or it may have, including but not limited to any objections by the defendants to class certification in the event that the Settlement Agreement is terminated.

15. **Parallel Proceedings**: Pending final determination of whether the Settlement Agreement should be approved, the Class Representatives, every Class Member, and the Plan are prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal

Exhibit 2

asserting any of the Released Claims against the Duke Defendants, the Released Parties, or the Plan.

16. **Class Action Fairness Act Notice**:  The form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted as Exhibit 6 to the Settlement Agreement complies with the requirements of CAFA and will, upon mailing, discharge the Duke Defendants' obligations pursuant to CAFA.

17. **Continuance of Hearing**: The Court may continue the Fairness Hearing in its discretion without direct notice to the Settlement Class, other than by notice to Class Counsel and Defense Counsel, and any Class Member wishing to appear should check the Court's docket or call the Clerk's office three (3) calendar days before the scheduled date of the Fairness Hearing.

     **IT IS SO ORDERED.**

DATED: _____, 2019

                                  _____
                                  HON. CATHERINE C. EAGLES
                                  UNITED STATES DISTRICT JUDGE

Exhibit 2

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DAVID CLARK, *et al.*,<br>                    Plaintiffs,<br>        v.<br><br>DUKE UNIVERSITY, *et al.*,<br>                    Defendants. | Case No. 1:16-CV-01044-CCE-LPA |
| KATHI LUCAS, *et al.*,<br>                    Plaintiffs,<br>        v.<br><br>DUKE UNIVERSITY,<br>                    Defendant. | Case No. 1:18-CV-00722-CCE-LPA |

## NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

### Your legal rights might be affected if you are a member of the following class:

All persons who are or were participants or beneficiaries in the Duke University Faculty and Staff Retirement Plan ("Plan") at any time during the Class Period, including any beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and/or Alternate Payee, in the case of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are certain individuals identified in the Settlement Agreement.

The Class Period is defined as August 10, 2010 through the date of entry of the Preliminary Order. For purposes of this Notice, if not defined herein, capitalized terms have the definitions in the Settlement Agreement, which is incorporated herein by reference.

## PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY

- The Court has given its preliminary approval to a proposed settlement (the "Settlement") comprised of two class action lawsuits brought by certain participants in the Plan alleging violations of the Employee Retirement Income Security Act ("ERISA"). The first case (the "Clark case" was filed against Duke University, the Duke University Investment Advisory Committee, and certain individual defendants. The second case (the "Lucas case") was filed against Duke University. Although the Lucas case is separate from the Clark case, both cases are related and assert ERISA claims concerning the management, operation and administration of the Plan. The Settlement will provide for the allocation of monies directly into the individual accounts of the Settlement Class who had Plan accounts during the Class Period with a balance greater than $0 as of December 31, 2018 ("Current Participants"). Class Members who are entitled to a distribution but who no longer had a Plan account with a balance greater than $0 as of December 31, 2018 ("Former Participants") will receive their allocation in the form of a check mailed to their last known address or a rollover, if elected.

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated January 16, 2019. Capitalized terms used in this Settlement Notice but not defined in this Settlement Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at www.duke403bsettlement.com. Any amendments to the Settlement Agreement or any other settlement documents will be posted on that website. You should visit that website if you would like more information about the Settlement and any possible amendments to the Settlement Agreement or other changes, including changes to the Plan of Allocation, the date, time, or location of the Fairness Hearing, or other Court orders concerning the Settlement.

- Your rights and options — and the deadlines to exercise them — are explained in this Settlement Notice.

- The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement and that final approval is upheld in the event of any appeal.

- A hearing on the final approval of the Settlement and for approval of the Class Representatives' petition for Attorneys' Fees and Costs and for Class Representatives' Compensation will take place on _____, 2019,

1

Exhibit 3

at _____ a.m./p.m., before U.S. District Court Judge Catherine C. Eagles in Courtroom ___, L. Richard Preyer Federal Building, 324 West Market Street, Suite 1, Greensboro, NC 27401.

- Any objections to the Settlement, to the petition for Attorneys' Fees and Costs or to Class Representatives' Compensation, must be served in writing on Class Counsel and Defendants' Counsel, as identified on page 5 of this Settlement Notice.

- Further information regarding the litigation, the Settlement, and this Settlement Notice, including any changes to the terms of the Settlement and all orders of the Court regarding the Settlement, may be obtained at www.duke403bsettlement.com.

> **Our records indicate that you are a Current Participant. If you believe that you meet the definition of a Former Participant, please contact the Settlement Administrator. Current Participants include both participants currently employed at Duke University and those who are no longer employed by Duke University but continued to have an account balance in the Plan as of December 31, 2018.**

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
|---|---|
| **OUR RECORDS INDICATE THAT YOU ARE A CURRENT PARTICIPANT. YOU DO NOT NEED TO DO ANYTHING TO PARTICIPATE IN THE SETTLEMENT** | Our records indicate that you are a Current Participant because you had an account balance in the Plan greater than $0 as of December 31, 2018. If, however, you are a "Former Participant" who participated in the Plan during the Class Period and did not have a balance greater than $0 as of December 31, 2018 or are the beneficiary, alternate payee, or attorney-in-fact of such a person, then, unlike a Current Participant, you must return a Former Participant Claim Form that is postmarked by _____ to receive a check for your share of the Net Settlement Amount. If you are a Former Participant, and you do not return the Former Participant Claim Form that is postmarked by _____, you will forfeit your share of the Net Settlement Amount. We have not included a claim form in your notice because Current Participants do not need to submit a claim form, and our records indicate that you are a Current Participant. However, if you believe you are a Former Participant, a claim form may be obtained by accessing www.duke403bsettlement.com. |
| **YOU CAN OBJECT (NO LATER THAN _____, 2019)** | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and counsel about why you object to the Settlement. The Court has authorized the Settling Parties to seek discovery, including the production of documents and appearance at a deposition, from any person who files an objection. |
| **YOU CAN ATTEND A HEARING ON _____** | If you submit a written objection to the Settlement to the Court and counsel before the deadline, you may attend the hearing about the Settlement and present your objections to the Court. You may attend the hearing even if you do not file a written objection, but you will not be permitted to address the Court at the hearing if you do not notify the Court and counsel of your intention to appear at the hearing by _____, 2019. |

### The Class Actions

The litigation involves two separate but related class actions called *Clark, et al. v. Duke University, et al.,* Case No. 1:16-cv-1044, and *Lucas, et al. v. Duke University,* Case No. 1:18-cv-00722 (the "Class Actions"). The Court supervising the cases is the United States District Court for the Middle District of North Carolina. The individuals who brought this suit are called Class Representatives, and the individuals and entities they sued are called the defendants. The Class Representatives are current and former participants in the Plan. The Class Representatives' claims are described below, and additional information about them is available at www.duke403bsettlement.com.

### The Settlement

The Settlement was reached on January 16, 2019. Class Counsel filed the Clark case on August 10, 2016 and the Lucas case on August 20, 2018. Since the filing of the Clark case and for a period of almost three years, the parties engaged in substantial litigation. During the course of the litigation, over 760,000 pages of documents were produced, which required Class Counsel to devote substantial time and effort to review and analyze those documents to support their underlying claims. Class Counsel took over 15 depositions of fact and expert witnesses, and also retained experts intimately familiar with the retirement plan industry and prudent practices of fiduciaries for defined contribution plans to provide their opinions based on the record and their experience. The Settling Parties participated in mediation before a nationally recognized mediator who has extensive experience in resolving similar

Exhibit 3

claims involving other retirement plans. The Settling Parties also engaged in substantial settlement discussions without a mediator. Only after months of extensive arm's length negotiation following the mediation were the Settling Parties able to agree to the terms of the Settlement.

As part of the Settlement, a Qualified Settlement Fund or Gross Settlement Amount of $10,650,000 will be established to resolve the Class Actions. The Net Settlement Amount is $10,650,000 minus any Administrative Expenses, taxes, tax expenses, Court-approved Attorneys' Fees and Costs, Class Representatives' Compensation, and other approved expenses of the litigation. The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court.

In addition to the monetary component of the Settlement, the Settling Parties have agreed to certain additional terms: (1) within 30 calendar days after the end of the first and second year of the Settlement Period, Duke will provide to Class Counsel a list of the Plan's investment options and fees, and a copy of the Plan's Investment Policy Statement (if any); (2) no later than January 1, 2020, Duke shall communicate, in writing, with current Plan participants and inform them of the investment options available in the new lineup, including the annuity option, and provide a link to a webpage containing the fees and performance information for the new investment options and the contact information for the individual or entity that can facilitate a fund transfer for participants who seek to transfer their investments in frozen annuity accounts to another fund in the Plan; (3) during the third year of the Settlement Period, the Plan's fiduciaries shall retain an independent consultant to provide a recommendation regarding whether the Plan fiduciaries should issue Requests for Proposals for recordkeeping and administrative services provided to the Plan; (4) during the Settlement Period, in considering Plan investment options, the Plan's fiduciaries shall consider, among other factors: (a) the cost of different share classes available for any particular mutual fund considered for inclusion in the Plan as well as other criteria applicable to different share classes; and (b) the availability of revenue sharing rebates on any share class available for any investment option considered for inclusion in the Plan; (c) other factors that the Plan fiduciaries deem appropriate under the circumstances; and (5) during the Settlement Period, Duke shall not cause Plan assets or assets held in the Plan's ERISA revenue credit or reimbursement account to be used to pay salaries and fringe benefits and other expenses incurred by Duke for services performed by Duke employees.

### Statement Of Attorneys' Fees and Costs Sought in the Class Actions

Since mid-2016, Class Counsel have devoted thousands of hours investigating potential claims and bringing the Class Actions. Class Counsel reviewed thousands of pages of documents prior to filing of the Clark case and thousands of pages of publicly filed documents, including those filed with the Department of Labor, to support their claims. Class Counsel also reviewed and analyzed in detail three-quarters of a million pages of documents, including thousands of electronic files, produced in the Clark case to support their claims in that case and those that were later brought in the Lucas case. Class Counsel took the entire risk of litigation and has not been paid for any of their time or for any of their costs incurred in bringing the Class Actions. Due to the highly complex nature of this litigation, Class Counsel was required to advance substantial costs to investigate and extensively develop Plaintiffs' claims. These included expenses associated with experts who were necessary and critical in supporting Plaintiffs' claims, as well as the substantial costs incurred during the discovery phase to review hundreds of thousands of pages of documents and take over 15 depositions of fact and expert witnesses at multiple locations across the country. Class Counsel has agreed: (1) to undertake the additional risk of paying half of the costs of the settlement process if the Settlement is not approved; (2) monitor for three years compliance with the Settlement Agreement; (3) bring an enforcement action in court, if necessary, to insure compliance with the Settlement Agreement; and (4) do each of these without pay.

Class Counsel will apply to the Court for payment of Attorneys' Fees and Costs for their work in the Class Actions. The amount of fees (not including costs) that Class Counsel will request will not exceed one-third of the Settlement Amount, $3,550,000, in addition to no more than $825,000 in litigation costs, which have been incurred. Class Counsel will not seek to receive any interest earned by the Qualified Settlement Fund, which will be added to the amount received by the Class. Any Attorneys' Fees and Costs awarded by the Court to Class Counsel will be paid from the Qualified Settlement Fund.

As is customary in class action cases, in which the Class Representatives have spent time and effort on the litigation, Class Counsel also will ask the Court to approve payments, not to exceed $25,000 each for the Class Representatives in the Clark Case, and $30,000 for the Class Representatives that were class representatives in both the Clark and Lucas cases, who took on the risk of litigation, devoted considerable time, and committed to spend the time necessary to bring the Class Actions to conclusion. Their activities also included assisting in the factual investigation of the cases by Class Counsel and giving overall support to the cases. Any Class Representatives' Compensation awarded by the Court will be paid from the Qualified Settlement Fund.

A full application for Attorneys' Fees and Costs and for Class Representatives' Compensation will be filed with the Court and made available on the Settlement Website, www.duke403bsettlement.com.

| 1. | **Why Did I Receive This Settlement Notice?** |
|---|---|

The Court caused this Settlement Notice to be sent to you because the Plan's records indicate that you may be a Class Member. If you fall within the definition of the Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be allocated among Class Members according to a Court-approved Plan of Allocation.

| 2. | **What Are The Class Actions About?** |
|---|---|

In the Class Actions, Class Representatives claim that, during the Class Period, the defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. 1001, *et seq.*, with respect their management, operation and administration of the Plan.

The defendants have denied and continue to deny the allegations, claims and contentions of the Class Representatives, deny that they are liable at all to the Settlement Class, and deny that the Settlement Class or the Plan have suffered any harm or damage for which the defendants could or should be held responsible, as the defendants deny all allegations of wrongdoing and deny that the Plan suffered harm or damage from those claims.

| 3. | **Why Is There A Settlement?** |
|---|---|

The Court has not reached a final decision as to the Class Representatives' claims. Instead, the Class Representatives and the Duke Defendants have agreed to the Settlement. The Settlement is the product of extensive negotiations between Class Counsel and Defense Counsel during an all-day session with a private mediator, and several months of additional arm's-length negotiations. The Settling Parties have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representatives and Class Counsel, who are highly experienced in this kind of matter, believe that the Settlement is best for all Class Members.

| 4. | **What Does The Settlement Provide?** |
|---|---|

The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court. Class Members fall into two categories: Current Participants and Former Participants. Allocations to Current Participants who are entitled to a distribution under the Plan of Allocation will be made into their existing Plan accounts. Former Participants who are entitled to a distribution will receive their distribution as a check mailed to their last known address or, if they elect, as a rollover to a qualified retirement account.

In addition to the monetary component of the Settlement, as discussed above, the Settlement also provides certain additional terms that provide substantial value to Class Members and materially add to the total value of the Settlement above the already significant monetary component. These additional terms include: (1) within 30 calendar days after the end of the first and second year of the Settlement Period, Duke will provide to Class Counsel a list of the Plan's investment options and fees, and a copy of the Plan's Investment Policy Statement (if any); (2) no later than January 1, 2020, Duke shall communicate, in writing, with current Plan participants and inform them of the investment options available in the new lineup, including the annuity option, and provide a link to a webpage containing the fees and performance information for the new investment options and the contact information for the individual or entity that can facilitate a fund transfer for participants who seek to transfer their investments in frozen annuity accounts to another fund in the Plan; (3) during the third year of the Settlement Period, the Plan's fiduciaries shall retain an independent consultant to provide a recommendation regarding whether the Plan fiduciaries should issue Requests for Proposals for recordkeeping and administrative services provided to the Plan; (4) during the Settlement Period, in considering Plan investment

4

Exhibit 3

options, the Plan's fiduciaries shall consider, among other factors: (a) the cost of different share classes available for any particular mutual fund considered for inclusion in the Plan as well as other criteria applicable to different share classes; and (b) the availability of revenue sharing rebates on any share class available for any investment option considered for inclusion in the Plan; (c) other factors that the Plan fiduciaries deem appropriate under the circumstances; and (5) during the Settlement Period, Duke shall not cause Plan assets or assets held in the Plan's ERISA revenue credit or reimbursement account to be used to pay salaries and fringe benefits and other expenses incurred by Duke for services performed by Duke employees.

All Class Members and anyone claiming through them will fully release the Plan as well as the Duke Defendants and the "Released Parties" from "Released Claims." The Released Parties include: (a) Duke University, the Duke University Investment Advisory Committee, Duke University Health System, Inc. d/b/a Duke University Hospital, the Private Diagnostic Clinic, PLLC, and certain individual defendants identified in the Settlement Agreement; (b) their insurers, co-insurers, and reinsurers, (c) their past, present, and future parent corporation(s), (d) their past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns, (e) their past, present and future members of their respective boards of trustees, agents, officers, employees, independent contractors, representatives, attorneys, administrators, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, service providers to the Plan (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them, and (f) the Plan and the Plan's fiduciaries, administrators, plan administrators, recordkeepers, service providers, consultants, and parties-in-interest.

The Released Claims include claims that were asserted in the Class Actions or that relate to any of the allegations, facts or occurrences asserted in the Class Actions or would be barred by the principles of res judicata or collateral estoppel had the claims asserted been fully litigated and resulted in final judgment; and all claims relating to the implementation of the Settlement. This is only a summary of the Released Claims and not a binding description of the Released Claims. The actual governing release is found within the Settlement Agreement at www.duke403bsettlement.com. Generally, the release means that Class Members will not have the right to sue the Duke Defendants, the Plan, or the Released Parties for conduct during the Class Period arising out of or relating to the allegations in the Class Actions.

This is only a summary of the Settlement. The entire Settlement Agreement is at www.duke403bsettlement.com.

## 5. How Much Will My Distribution Be?

The amount, if any, that will be allocated to you will be based upon the Plan records, or, if on December 31, 2018, you either no longer had a Plan account or had a Plan account with no money in it, based upon your Former Participant Claim Form. Calculations regarding the individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To be eligible for a distribution from the Net Settlement Amount, you must either be a (1) "Current Participant" as defined on page 1 or (2) an "Authorized Former Participant" (a "Former Participant" as defined on page 1 who submitted a completed, satisfactory Former Participant Claim Form that is postmarked by the deadline), or (3) a beneficiary, alternate payee, or attorney-in-fact of persons identified in (1) or (2).

The Plan of Allocation will allocate the Net Settlement Fund among Current and Authorized Former Participants as follows:

1. The quarterly balances for the Class Period of Current and Authorized Former Participants are identified for each quarter;

2. All quarterly balances identified in step 1 will be summed together for each Participant;

3. An average quarterly balance for each Current Participant and each Authorized Former Participant will be calculated for the Class Period;

Exhibit 3

4.    For each Current Participant and each Authorized Former Participant, the average quarterly balance of step 3 will be divided by the average quarterly balance for the Class Period of all Current and Authorized Former Participants;

5.    Each Current Participant and each Authorized Former Participant will receive the fraction of the total Net Settlement Amount which is calculated in step 4.

No amount shall be distributed to a Class Member that is five dollars ($5.00) or less, because such an amount is de minimis and would cost more in processing than its value. The method of making these calculations is described in the Plan of Allocation, found in Article 6 of the Settlement Agreement and available at www.duke403bsettlement.com.

There are approximately 58,110 Class Members.

Note that if you are an alternate payee pursuant to a Qualified Domestic Relations Order, you will receive a check if and to the extent you are entitled to receive a portion of a Current Participant's or Authorized Former Participant's allocation under the Settlement Agreement in accordance with the plan of allocation as if you are a Current Participant or Authorized Former Participant.

## 6.    How Can I Receive My Distribution?

Whether you need to submit a claim form to receive your distribution depends on whether you are considered a "Current Participant" or a "Former Participant." **According to our records, you are a Current Participant.  If so, you do not need to do anything to receive your share of the Settlement.**

## 7.    When Will I Receive My Distribution?

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement and that approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution likely will occur in late 2019.

**There Will Be No Payments Under The Settlement If The Settlement Agreement Is Terminated.**

## 8.    Can I Get Out Of The Settlement?

No. The Class was certified under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Class Member, you are bound by any judgments or orders that are entered in the Class Actions for all claims that were asserted in the Class Actions or are otherwise included as Released Claims under the Settlement.

## 9.    Do I Have A Lawyer In The Case?

The Court has appointed the law firm Schlichter, Bogard & Denton, in St. Louis, Missouri, as Class Counsel in the Class Actions. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 10.  How Will The Lawyers Be Paid?

Class Counsel will file a petition for the award of Attorneys' Fees and Costs. This petition will be considered at the Fairness Hearing. Class Counsel has agreed to limit their application for an award of Attorneys' Fees and Costs to not more than $3,550,000 in fees and $825,000 in costs. The Court will determine what fees and costs will be approved.

## 11.  How Do I Tell The Court If I Don't Like The Settlement?

If you are a Class Member, you can tell the Court that you do not agree with the Settlement or some part of it. To object, you must send the Court a written statement that you object to the Settlement in *Clark, et al. v. Duke University, et al.,* Case No. 1:16-cv-1044, and *Lucas, et al. v. Duke University,* Case No. 1:18-00722. Be sure to include your name, address, telephone number, signature, and a full explanation of why you object to the Settlement. Your written objection must be received by the Court no later than _____, 2019. The Court's address is Clerk of the Court, United States District Courthouse, L. Richard Preyer Federal Building, 324 West Market Street, Suite 1, Greensboro, NC 27401. Your written objection also must be mailed to the lawyers listed below, **no later than _____, 2019.** Please note that the Court's Order Granting Preliminary Approval of this Settlement provides that any party to the litigation may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two hours in length, on any objector. Any responses to discovery, or any depositions, must be completed within ten calendar days of the request being served on the objector.

6

Exhibit 3

| CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|
| SCHLICHTER, BOGARD & DENTON<br>Attn: Duke 403(b) Settlement<br>100 S. Fourth St., Suite 1200<br>St. Louis, MO 63102<br>duke403bsettlement@uselaws.com<br>Tel: (314) 621-6115<br>Fax: (314) 621-5934 | MORGAN, LEWIS & BOCKIUS LLP<br>Attn: Abbey M. Glenn<br>1111 Pennsylvania Ave NW<br>Washington, DC 20004 |

### 12. When And Where Will The Court Decide Whether To Approve The Settlement?

The Court will hold a Fairness Hearing at _____ a.m./p.m. on _____, 2019, in Courtroom ____ at the United States District Courthouse for the Middle District of North Carolina, L. Richard Preyer Federal Building, 324 West Market Street, Suite 1, Greensboro, NC 27401.

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to give its final approval to the Settlement. The Court also will consider the petition for Class Counsel's Attorneys' Fees and Costs and any Class Representatives' Compensation.

### 13. Do I Have To Attend The Fairness Hearing?

No, but you are welcome to come at your own expense. If you send an objection, you do not have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it when the Court considers whether to approve the Settlement as fair, reasonable and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but such attendance is not necessary.

### 14. May I Speak At The Fairness Hearing?

If you are a Class Member, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Clark, et al. v. Duke University, et al.,* Case No. 1:16-cv-1044, and *Lucas, et al. v. Duke University,* Case No. 1:18-00722." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be mailed to the attorneys and filed with the Clerk of the Court, at the addresses listed in the Answer to Question No. 11, **no later than_____, 2019**.

### 15. What Happens If I Do Nothing At All?

**If you are a "Current Participant" as defined on page 1, and do nothing, you will participate in the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is approved.**

If you are a "Former Participant" as defined on page 1, and you do nothing, you will be bound by the Settlement of the Class Actions as described above in this Settlement Notice if the Settlement is finally approved, BUT YOU WILL <u>NOT</u> RECEIVE ANY MONEY UNLESS YOU SUBMIT A FORMER PARTICIPANT CLAIM FORM.

### 16. How Do I Get More Information?

If you have general questions regarding the Settlement, you can visit this website: www.duke403bsettlement.com, call 1-_____, or write to the Settlement Administrator at Duke 403(b) Settlement Administrator, _____.

Exhibit 3

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DAVID CLARK, *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 1:16-CV-01044-CCE-LPA |
| DUKE UNIVERSITY, *et al.*, | |
| Defendants. | |
| | |
| KATHI LUCAS, *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 1:18-CV-00722-CCE-LPA |
| DUKE UNIVERSITY, | |
| Defendant. | |

## NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

### Your legal rights might be affected if you are a member of the following class:

All persons who are or were participants or beneficiaries in the Duke University Faculty and Staff Retirement Plan ("Plan") at any time during the Class Period, including any beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and/or Alternate Payee, in the case of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are certain individuals identified in the Settlement Agreement.

The Class Period is defined as August 10, 2010 through the date of entry of the Preliminary Order. For purposes of this Notice, if not defined herein, capitalized terms have the definitions in the Settlement Agreement, which is incorporated herein by reference.

### PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY

- The Court has given its preliminary approval to a proposed settlement (the "Settlement") comprised of two class action lawsuits brought by certain participants in the Plan alleging violations of the Employee Retirement Income Security Act ("ERISA"). The first case (the "Clark case") was filed against Duke University, the Duke University Investment Advisory Committee, and certain individual defendants. The second case (the "Lucas case") was filed against Duke University. Although the Lucas case is separate from the Clark case, both cases are related and assert ERISA claims concerning the management, operation and administration of the Plan. The Settlement will provide for the allocation of monies directly into the individual accounts of the Settlement Class who had Plan accounts during the Class Period with a balance greater than $0 as of December 31, 2018 ("Current Participants"). Class Members who are entitled to a distribution but who no longer had a Plan account with a balance greater than $0 as of December 31, 2018 ("Former Participants") will receive their allocation in the form of a check mailed to their last known address or a rollover, if elected.

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated January 16, 2019 _____. Capitalized terms used in this Settlement Notice but not defined in this Settlement Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at www.duke403bsettlement.com. Any amendments to the Settlement Agreement or any other settlement documents will be posted on that website. You should visit that website if you would like more information about the Settlement and any possible amendments to the Settlement Agreement or other changes, including changes to the Plan of Allocation, the date, time, or location of the Fairness Hearing, or other Court orders concerning the Settlement.

- Your rights and options — and the deadlines to exercise them — are explained in this Settlement Notice.

- The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement and that final approval is upheld in the event of any appeal.

- A hearing on the final approval of the Settlement and for approval of the Class Representatives' petition for Attorneys' Fees and Costs and for Class Representatives' Compensation will take place on _____, 2019, at

1

_____ a.m./p.m., before U.S. District Court Judge Catherine C. Eagles in Courtroom ___, L. Richard Preyer Federal Building, 324 West Market Street, Suite 1, Greensboro, NC 27401.

• Any objections to the Settlement, to the petition for Attorneys' Fees or Costs or to Class Representatives' Compensation, must be served in writing on Class Counsel and Defendants' Counsel, as identified on page 5 of this Settlement Notice.

• Further information regarding the litigation, the Settlement, and this Settlement Notice, including any changes to the terms of the Settlement and all orders of the Court regarding the Settlement, may be obtained at www.duke403bsettlement.com.

> **Our records indicate that you are a Former Participant. If you believe that you meet the definition of a Current Participant, please contact the Settlement Administrator. Former Participants are individuals who no longer had an account balance in the Plan as of December 31, 2018.**

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
|---|---|
| **OUR RECORDS INDICATE THAT YOU ARE A FORMER PARTICIPANT. YOU MUST RETURN THE ENCLOSED FORMER PARTICIPANT CLAIM form BY ____ TO PARTICIPATE IN THE SETTLEMENT** | Our records indicate that you are a Former Participant. You must return a Former Participant Claim Form that is postmarked by _____ to receive your share of the Net Settlement Amount. If you do not return the Former Participant Claim Form that is postmarked by _____, you will forfeit your share of the Net Settlement Amount. A claim form is enclosed with this notice but may also be obtained by accessing www.duke403bsettlement.com. |
| **YOU CAN OBJECT (NO LATER THAN _____, 2019)** | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and counsel about why you object to the Settlement. The Court has authorized the Settling Parties to seek discovery, including the production of documents and appearance at a deposition, from any person who files an objection. |
| **YOU CAN ATTEND A HEARING ON _____** | If you submit a written objection to the Settlement to the Court and counsel before the deadline, you may attend the hearing about the Settlement and present your objections to the Court. You may attend the hearing even if you do not file a written objection, but you will not be permitted to address the Court at the hearing if you do not notify the Court and counsel of your intention to appear at the hearing by _____, 2019. |

### The Class Actions

The litigation involves two separate but related class actions called *Clark, et al. v. Duke University, et al.,* Case No. 1:16-cv-1044, and *Lucas, et al. v. Duke University,* Case No. 1:18-cv-00722 (the "Class Actions"). The Court supervising the cases is the United States District Court for the Middle District of North Carolina. The individuals who brought this suit are called Class Representatives, and the individuals and entities they sued are called the defendants. The Class Representatives are current and former participants in the Plan. The Class Representatives' claims are described below, and additional information about them is available at www.duke403bsettlement.com.

### The Settlement

The Settlement was reached on January 16, 2019. Class Counsel filed the Clark case on August 10, 2016 and the Lucas case on August 20, 2018. Since the filing of the Clark case and for a period of almost three years, the parties engaged in substantial litigation. During the course of the litigation, over 760,000 pages of documents were produced, which required Class Counsel to devote substantial time and effort to review and analyze those documents to support their underlying claims. Class Counsel took over 15 depositions of fact and expert witnesses, and also retained experts intimately familiar with the retirement plan industry and prudent practices of fiduciaries for defined contribution plans to provide their opinions based on the record and their experience. The Settling Parties participated in mediation before a nationally recognized mediator who has extensive experience in resolving similar claims involving other retirement plans. The Settling Parties also engaged in substantial settlement discussions without a mediator. Only after months of extensive arm's length negotiation following the mediation were the Settling Parties able to agree to the terms of the Settlement.

As part of the Settlement, a Qualified Settlement Fund or Gross Settlement Amount of $10,650,000 will be established to resolve the Class Actions. The Net Settlement Amount is $10,650,000 minus any Administrative

Exhibit 4

Expenses, taxes, tax expenses, Court-approved Attorneys' Fees and Costs, Class Representatives' Compensation, and other approved expenses of the litigation. The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court.

In addition to the monetary component of the Settlement, the Settling Parties have agreed to certain additional terms: (1) within 30 calendar days after the end of the first and second year of the Settlement Period, Duke will provide to Class Counsel a list of the Plan's investment options and fees, and a copy of the Plan's Investment Policy Statement (if any); (2) no later than January 1, 2020, Duke shall communicate, in writing, with current Plan participants and inform them of the investment options available in the new lineup, including the annuity option, and provide a link to a webpage containing the fees and performance information for the new investment options and the contact information for the individual or entity that can facilitate a fund transfer for participants who seek to transfer their investments in frozen annuity accounts to another fund in the Plan; (3) during the third year of the Settlement Period, the Plan's fiduciaries shall retain an independent consultant to provide a recommendation regarding whether the Plan fiduciaries should issue Requests for Proposals for recordkeeping and administrative services provided to the Plan; (4) during the Settlement Period, in considering Plan investment options, the Plan's fiduciaries shall consider, among other factors: (a) the cost of different share classes available for any particular mutual fund considered for inclusion in the Plan as well as other criteria applicable to different share classes; and (b) the availability of revenue sharing rebates on any share class available for any investment option considered for inclusion in the Plan; (c) other factors that the Plan fiduciaries deem appropriate under the circumstances; and (5) during the Settlement Period, Duke shall not cause Plan assets or assets held in the Plan's ERISA revenue credit or reimbursement account to be used to pay salaries and fringe benefits and other expenses incurred by Duke for services performed by Duke employees.

### Statement Of Attorneys' Fees and Costs Sought in the Class Actions

Since mid-2016, Class Counsel have devoted thousands of hours investigating potential claims and bringing the Class Actions. Class Counsel reviewed thousands of pages of documents prior to filing of the Clark case and thousands of pages of publicly filed documents, including those filed with the Department of Labor, to support their claims. Class Counsel also reviewed and analyzed in detail three-quarters of a million pages of documents, including thousands of electronic files, produced in the Clark case to support their claims in that case and those that were later brought in the Lucas case. Class Counsel took the entire risk of litigation and has not been paid for any of their time or for any of their costs incurred in bringing the Class Actions. Due to the highly complex nature of this litigation, Class Counsel was required to advance substantial costs to investigate and extensively develop Plaintiffs' claims. These included expenses associated with experts who were necessary and critical in supporting Plaintiffs' claims, as well as the substantial costs incurred during the discovery phase to review hundreds of thousands of pages of documents and take over 15 depositions of fact and expert witnesses at multiple locations across the country. Class Counsel has agreed: (1) to undertake the additional risk of paying half of the costs of the settlement process if the Settlement is not approved; (2) monitor for three years compliance with the Settlement Agreement; (3) bring an enforcement action in court, if necessary, to insure compliance with the Settlement Agreement; and (4) do each of these without pay.

Class Counsel will apply to the Court for payment of Attorneys' Fees and Costs for their work in the Class Actions. The amount of fees (not including costs) that Class Counsel will request will not exceed one-third of the Settlement Amount, $3,550,000, in addition to no more than $825,000 in litigation costs. Class Counsel will not seek to receive any interest earned by the Qualified Settlement Fund, which will be added to the amount received by the Class. Any Attorneys' Fees and Costs awarded by the Court to Class Counsel will be paid from the Qualified Settlement Fund.

As is customary in class action cases, in which the Class Representatives have spent time and effort on the litigation, Class Counsel also will ask the Court to approve payments, not to exceed $25,000 each for the Class Representatives in the Clark Case, and $30,000 for the Class Representatives that were class representatives in both the Clark and Lucas cases, who took on the risk of litigation, devoted considerable time, and committed to spend the time necessary to bring the Class Actions to conclusion. Their activities also included assisting in the factual investigation of the cases by Class Counsel and giving overall support to the cases. Any Class Representatives' Compensation awarded by the Court will be paid from the Qualified Settlement Fund.

Exhibit 4

A full application for Attorneys' Fees and Costs and for Class Representatives' Compensation will be filed with the Court and made available on the Settlement Website, www.duke403bsettlement.com.

**1. Why Did I Receive This Settlement Notice?**

The Court caused this Settlement Notice to be sent to you because the Plan's records indicate that you may be a Class Member. If you fall within the definition of the Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be allocated among Class Members according to a Court-approved Plan of Allocation.

**2. What Are The Class Actions About?**

In the Class Actions, Class Representatives claim that, during the Class Period, the defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. 1001, *et seq.*, with respect their management, operation and administration of the Plan.

The defendants have denied and continue to deny the allegations, claims and contentions of the Class Representatives, deny that they are liable at all to the Settlement Class, and deny that the Settlement Class or the Plan have suffered any harm or damage for which the Duke Defendants could or should be held responsible, as the defendants deny all allegations of wrongdoing and deny that the Plan suffered harm or damage from those claims.

**3. Why Is There A Settlement?**

The Court has not reached a final decision as to the Class Representatives' claims. Instead, the Class Representatives and the Duke Defendants have agreed to the Settlement. The Settlement is the product of extensive negotiations between Class Counsel and Defense Counsel during an all-day session with a private mediator, and several months of additional arm's-length negotiations. The Settling Parties have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representatives and Class Counsel, who are highly experienced in this kind of matter, believe that the Settlement is best for all Class Members.

**4. What Does The Settlement Provide?**

The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court. Class Members fall into two categories: Current Participants and Former Participants. Allocations to Current Participants who are entitled to a distribution under the Plan of Allocation will be made into their existing Plan accounts. Former Participants who are entitled to a distribution will receive their distribution as a check mailed to their last known address or, if they elect, as a rollover to a qualified retirement account.

In addition to the monetary component of the Settlement, as discussed above, the Settlement also provides certain additional terms that provide substantial value to Class Members and materially add to the total value of the Settlement above the already significant monetary component. These additional terms include: (1) within 30 calendar days after the end of the first and second year of the Settlement Period, Duke will provide to Class Counsel a list of the Plan's investment options and fees, and a copy of the Plan's Investment Policy Statement (if any); (2) no later than January 1, 2020, Duke shall communicate, in writing, with current Plan participants and inform them of the investment options available in the new lineup, including the annuity option, and provide a link to a webpage containing the fees and performance information for the new investment options and the contact information for the individual or entity that can facilitate a fund transfer for participants who seek to transfer their investments in frozen annuity accounts to another fund in the Plan; (3) during the third year of the Settlement Period, the Plan's fiduciaries shall retain an independent consultant to provide a recommendation regarding whether the Plan fiduciaries should issue Requests for Proposals for recordkeeping and administrative services provided to the Plan; (4) during the Settlement Period, in considering Plan investment options, the Plan's fiduciaries shall consider, among other factors: (a) the cost of different share classes available for any particular mutual fund considered for inclusion in the Plan as well as other criteria applicable to different share classes; and (b) the availability of revenue sharing rebates on any share class available for any investment option considered for inclusion in the Plan; (c) other factors that the Plan fiduciaries deem appropriate under the circumstances; and (5) during the Settlement Period, Duke shall not cause Plan assets or assets held in the Plan's ERISA revenue credit or reimbursement account to be used to pay salaries and fringe benefits and other expenses incurred by Duke for services performed by Duke employees.

4

Exhibit 4

All Class Members and anyone claiming through them will fully release the Plan as well as the Duke Defendants and the "Released Parties" from "Released Claims." The Released Parties include: (a) Duke University, the Duke University Investment Advisory Committee, Duke University Health System, Inc. d/b/a Duke University Hospital, the Private Diagnostic Clinic, PLLC, and certain individual defendants identified in the Settlement Agreement; (b) their insurers, co-insurers, and reinsurers, (c) their past, present, and future parent corporation(s), (d) their past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns, (e) their past, present and future members of their respective boards of trustees, agents, officers, employees, independent contractors, representatives, attorneys, administrators, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, service providers to the Plan (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them, and (f) the Plan and the Plan's fiduciaries, administrators, plan administrators, recordkeepers, service providers, consultants, and parties-in-interest.

The Released Claims include claims that were asserted in the Class Actions or that relate to any of the allegations, facts or occurrences asserted in the Class Actions or would be barred by the principles of res judicata or collateral estoppel had the claims asserted been fully litigated and resulted in final judgment; and all claims relating to the implementation of the Settlement. This is only a summary of the Released Claims and not a binding description of the Released Claims. The actual governing release is found within the Settlement Agreement at www.duke403bsettlement. Generally, the release means that Class Members will not have the right to sue the Duke Defendants, the Plan, or the Released Parties for conduct during the Class Period arising out of or relating to the allegations in the Class Actions.

This is only a summary of the Settlement. The entire Settlement Agreement is at www.duke403bsettlement.com.

| 5. | How Much Will My Distribution Be? |
|---|---|

The amount, if any, that will be allocated to you will be based upon the Plan records, or, if on December 31, 2018, you either no longer had a Plan account or had a Plan account with no money in it, based upon your Former Participant Claim Form. Calculations regarding the individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To be eligible for a distribution from the Net Settlement Amount, you must either be a (1) "Current Participant" as defined on page 1 or (2) an "Authorized Former Participant" (a "Former Participant" as defined on page 1 who submitted a completed, satisfactory Former Participant Claim Form that is postmarked by the deadline), or (3) a beneficiary, alternate payee, or attorney-in-fact of persons identified in (1) or (2).

The Plan of Allocation will allocate the Net Settlement Fund among Current and Authorized Former Participants as follows:

1. The quarterly balances for the Class Period of Current and Authorized Former Participants are identified for each quarter;

2. All quarterly balances identified in step 1 will be summed together for each Participant;

3. An average quarterly balance for each Current Participant and each Authorized Former Participant will be calculated for the Class Period;

4. For each Current Participant and each Authorized Former Participant, the average quarterly balance of step 3 will be divided by the average quarterly balance for the Class Period of all Current and Authorized Former Participants;

5. Each Current Participant and each Authorized Former Participant will receive the fraction of the total Net Settlement Amount which is calculated in step 4.

No amount shall be distributed to a Class Member that is five dollars ($5.00) or less, because such an amount is de minimis and would cost more in processing than its value. The method of making these calculations is described

5

in the Plan of Allocation, found in Article 6 of the Settlement Agreement and available at www.duke403bsettlement.com.

There are approximately 58,110 Class Members.

Note that if you are an alternate payee pursuant to a Qualified Domestic Relations Order, you will receive a check if and to the extent you are entitled to receive a portion of a Current Participant's or Authorized Former Participant's allocation under the Settlement Agreement in accordance with the plan of allocation as if you are a Current Participant or Authorized Former Participant.

## 6. How Can I Receive My Distribution?

Whether you need to submit a claim form to receive your distribution depends on whether you are considered a "Current Participant" or a "Former Participant." **According to our records, you are a Former Participant. Therefore, you need to return your claim form to receive your share of the Settlement.**

## 7. When Will I Receive My Distribution?

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement and that approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution likely will occur in late 2019.

**There Will Be No Payments Under The Settlement If The Settlement Agreement Is Terminated.**

## 8. Can I Get Out Of The Settlement?

No. The Class was certified under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Class Member, you are bound by any judgments or orders that are entered in the Class Actions for all claims that were asserted in the Class Actions or are otherwise included as Released Claims under the Settlement.

## 9. Do I Have A Lawyer In The Case?

The Court has appointed the law firm Schlichter, Bogard & Denton, in St. Louis, Missouri, as Class Counsel in the Class Actions. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 10. How Will The Lawyers Be Paid?

Class Counsel will file a petition for the award of Attorneys' Fees and Costs. This petition will be considered at the Fairness Hearing. Class Counsel has agreed to limit their application for an award of Attorneys' Fees and Costs to not more than $3,550,000 in fees and $825,000 in costs. The Court will determine what fees and costs will be approved.

## 11. How Do I Tell The Court If I Don't Like The Settlement?

If you are a Class Member, you can tell the Court that you do not agree with the Settlement or some part of it. To object, you must send the Court a written statement that you object to the Settlement in *Clark, et al. v. Duke University, et al.,* Case No. 1:16-cv-1044, and *Lucas, et al. v. Duke University,* Case No. 1:18-00722. Be sure to include your name, address, telephone number, signature, and a full explanation of why you object to the Settlement. Your written objection must be received by the Court no later than _____, 2019. The Court's address is Clerk of the Court, United States District Courthouse, L. Richard Preyer Federal Building, 324 West Market Street, Suite 1, Greensboro, NC 27401. Your written objection also must be mailed to the lawyers listed below, **no later than _____, 2019.** Please note that the Court's Order Granting Preliminary Approval of this Settlement provides that any party to the litigation may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two hours in length, on any objector. Any responses to discovery, or any depositions, must be completed within ten calendar days of the request being served on the objector.

| CLASS COUNSEL | DUKE DEFENDANTS' COUNSEL |
|---|---|
| SCHLICHTER, BOGARD & DENTON<br>Attn: Duke 403(b) Settlement<br>100 S. Fourth St., Suite 1200<br>St. Louis, MO 63102<br>duke403bsettlement@uselaws.com<br>Tel: (314) 621-6115<br>Fax: (314) 621-5934 | MORGAN, LEWIS & BOCKIUS LLP<br>Attn: Abbey M. Glenn<br>1111 Pennsylvania Ave NW<br>Washington, DC 20004 |

Exhibit 4

| **12. When And Where Will The Court Decide Whether To Approve The Settlement?** |
| --- |

The Court will hold a Fairness Hearing at _____ a.m./p.m. on _____, 2019, in Courtroom _____ at the United States District Courthouse for the Middle District of North Carolina, L. Richard Preyer Federal Building, 324 West Market Street, Suite 1, Greensboro, NC 27401.

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to give its final approval to the Settlement. The Court also will consider the petition for Class Counsel's Attorneys' Fees and Costs and any Class Representatives' Compensation.

| **13. Do I Have To Attend The Fairness Hearing?** |
| --- |

No, but you are welcome to come at your own expense. If you send an objection, you do not have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it when the Court considers whether to approve the Settlement as fair, reasonable and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but such attendance is not necessary.

| **14. May I Speak At The Fairness Hearing?** |
| --- |

If you are a Class Member, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Clark, et al. v. Duke University, et al.,* Case No. 1:16-cv-1044, and *Lucas, et al. v. Duke University,* Case No. 1:18-00722." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be mailed to the attorneys and filed with the Clerk of the Court, at the addresses listed in the Answer to Question No. 11, **no later than_____, 2019.**

| **15. What Happens If I Do Nothing At All?** |
| --- |

**If you are a "Current Participant" as defined on page 1, and do nothing, you will participate in the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is approved.**

If you are a "Former Participant" as defined on page 1, and you do nothing, you will be bound by the Settlement of the Class Actions as described above in this Settlement Notice if the Settlement is finally approved, BUT YOU WILL <u>NOT</u> RECEIVE ANY MONEY UNLESS YOU SUBMIT A FORMER PARTICIPANT CLAIM FORM.

| **16. How Do I Get More Information?** |
| --- |

If you have general questions regarding the Settlement, you can visit this website: www.duke403bsettlement.com, call 1-_____, or write to the Settlement Administrator at Duke 403(b) Settlement Administrator, _____.

Exhibit 4

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

DAVID CLARK, *et al.*,
           Plaintiffs,
     v.

DUKE UNIVERSITY, *et al.*,
          Defendants.

KATHI LUCAS, *et al.*,
           Plaintiffs,
     v.

DUKE UNIVERSITY,
          Defendant.

Case No. 1:16-CV-01044-CCE-LPA

Case No. 1:18-CV-00722-CCE-LPA

## [PROPOSED] FINAL ORDER AND JUDGMENT

EAGLES, U.S. District Court Judge:

Wherefore, this ___ day of _____, 2019, upon consideration of the Plaintiffs' Motion for Final Approval of the Settlement of the actions (collectively referred to as the "Class Actions") under the terms of a Class Action Settlement Agreement dated January 16, 2019, (the "Settlement Agreement"), the Court hereby orders and adjudges as follows:

1. For purposes of this Final Order and Judgment, capitalized terms used herein have the definitions set forth in the Settlement Agreement, which is incorporated herein by reference.

2. In accordance with the Court's Preliminary Approval Order, Settlement Notice was timely distributed by electronic or first-class mail to all Class Members who

Exhibit 5

could be identified with reasonable effort, and Settlement Notice was published on the Settlement Website maintained by Class Counsel. In addition, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq*., notice was provided to the Attorneys General for each of the states in which a Class Member resides, the Attorney General of the United States, and the United States Secretary of Labor.

3.      The form and methods of notifying the Settlement Class of the terms and conditions of the proposed Settlement Agreement met the requirements of Fed. R. Civ. P. 23(c)(2), any other applicable law, and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the Fairness Hearing and the rights of all Class Members have been provided to all people, powers and entities entitled thereto.

4.      All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq*., have been met.

5.      Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court.

6.      Each and every objection to the settlement is overruled with prejudice.

7.      The Motion for Final Approval of the Settlement Agreement is hereby GRANTED, the Settlement of the Class Actions is APPROVED as fair, reasonable and adequate to the Plan and the Settlement Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

Exhibit 5

8.      The operative complaints and all claims asserted therein in the Class Actions are hereby dismissed with prejudice and without costs to any of the Settling Parties other than as provided for in the Settlement Agreement.

9.      The Plan, the Class Representatives, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, successors, assigns, agents, and attorneys) on their own behalves and on behalf of the Plan, hereby fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties from the Released Claims, regardless of whether or not such Class Member receives a monetary benefit from the Settlement, executed and delivered a Former Participant Claim Form,  filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Member have been approved or allowed.

10.      The Class Representatives, the Class Members, and the Plan, acting individually or together, or in combination with others, are hereby barred from suing or seeking to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of the Settlement Agreement in accordance with the procedures set forth in the Settlement Agreement.

11.     Class Counsel, the Class Representatives, the Class Members, or the Plan may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with the Duke Defendants and the Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, each Class Representative, Class Member, and the Plan has hereby fully, finally and forever settled, released, relinquished, waived, and discharged any and all Released Claims. The Class Representatives, Class Members, and the Plan have hereby acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in the Settlement Agreement of which this release is a part.

12.     Each Class Representative, Class Member, and the Plan hereby settle, release, relinquish, waive and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." The Class Representatives, Class Members, and the Plan with respect to the Released Claims also hereby waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the

4

Exhibit 5

United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

13.     The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over Class Members herein pursuant to the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing this Final Order and the Settlement Agreement. Any motion to enforce paragraphs 8 through 12 of this Final Order or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Order may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

14.     Each Class Member shall hold harmless the Duke Defendants, Defense Counsel, the Released Parties, and the Plan for any claims, liabilities, attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

15.     The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant.

16.     With respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

5

Exhibit 5

17.  With respect to any matters that arise concerning distributions to Current Participants (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan's administrator pursuant to the applicable law and governing Plan terms.

18.    Within twenty-one (21) calendar days following the issuance of all settlement payments to Class Members, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who was issued a settlement payment or contribution and the amount of such payment or contribution.

19.    Upon entry of this Order, all Class Members and the Plan shall be bound by the Settlement Agreement (including any amendments) and by this Final Order.

SO ORDERED:

DATED: _____, 2019

_____
Hon. Judge Catherine C. Eagles
United States District Court Judge

Exhibit 5

# Morgan Lewis

**Abbey M. Glenn**
Associate
+1.202.739.5569
abbey.glenn@morganlewis.com

January __, 2019

**VIA FEDERAL EXPRESS**

[Department]
[Address]

Re:     *Clark, et al. v. Duke University, et al.*, Civ. No. 1:16-CV-1044 (M.D.N.C.) and
        *Lucas, et al. v. Duke University*, Civ. No. 1:18-CV-00722 (M.D.N.C.), Notice
        Pursuant to 28 U.S.C. § 1715

Dear Sir or Madam:

Defendant Duke University ("Duke") hereby provides this Notice of a Proposed Class
Action Settlement in the above-referenced class actions pursuant to the Class Action
Fairness Act of 2005 ("CAFA").  The proposed settlement will resolve both cases.

In accordance with its obligations under CAFA, Duke encloses the following:

**(1)     The Complaint, any materials filed with the Complaint, and any Amended
          Complaints.**

Plaintiffs' Class Action Complaint, First Amended Complaint, and Second Amended
Complaint filed in the *Clark, et al. v. Duke University, et al.* case can be found on the
enclosed CD as "Exhibit 1- Clark Complaints."  Plaintiffs' Class Action Complaint filed in
the *Lucas, et al. v. Duke University* case can be found on the enclosed CD as "Exhibit 2-
Lucas Complaint."

**(2)     Notice of any scheduled judicial hearing in the class action.**

The Court has not yet scheduled a fairness hearing regarding the settlement.  Once the
Court sets a hearing date, such date(s) can be found on PACER as follows:  (1) enter
PACER through https://ecf.ncmd.uscourts.gov/cgi-bin/login.pl, (2) click on "Query,"  (3)
enter the civil case number, 1:16-cv-1044, (4) click on "Run Query," and (5) click on the
link "Docket Report."  The order(s) scheduling hearing(s) will be found on the docket

---

**Morgan, Lewis & Bockius LLP**

1111 Pennsylvania Avenue, NW
Washington, DC  20004-2541          **T** +1.202.739.3000
United States                      **F** +1.202.739.3001

Exhibit 6

entry sheet.

**(3)    Any proposed or final notification to class members.**

The proposed Notices of Class Action Settlement as submitted to the Court can be found on the enclosed CD as "Exhibit 3 – Notice of Class Action Settlement and Fairness Hearing to Class Members."

**(4)    Any proposed or final class action settlement.**

The Settlement Agreement entered into by the parties and as submitted to the Court can be found on the enclosed CD as "Exhibit 4 – Settlement Agreement."  There are no other agreements contemporaneously made between Class Counsel and counsel for the defendants.

**(5)    A final judgment or notice of dismissal.**

Final judgment has not yet been entered.  Upon entry, a copy of the Final Order and Judgment will be available through PACER and can be accessed online as follows:  (1) enter PACER through https://ecf.ncmd.uscourts.gov/cgi-bin/login.pl, (2) click on "Query," (3) enter the civil case number, 1:16-cv-1044, (4) click on "Run Query," and (5) click on the link "Docket Report."  The order(s) entering final judgment will be found on the docket entry sheet.

**(6)    Names of class members who reside in each state and the estimated proportionate share of the claims of such members to the entire settlement.**

On the enclosed CD is a list of the names of Class Members who reside in your state.  The specific settlement allocation to each Class Member will be determined by a Settlement Administrator appointed by the Court.  As a result, we do not yet know which Class Members will receive settlement proceeds or how much each Class Member will receive, and it is not feasible to determine the estimated proportionate share of the claims of the Class Members who reside in each state to the entire settlement.  Upon final approval of the Court, the settlement proceeds will be distributed among the Class Members according to the Plan of Allocation as set forth in the Settlement Agreement.

**(7)    Any written judicial opinion relating to the materials described in (3) through (5).**

The Court has not yet entered a Preliminary Approval Order or any opinions relating to the materials described in sections (3) through (5).  Upon entry, a copy of said Order or opinion can be found online through the process described in section (5) above.

Addressee
January __, 2019
Page 3

Final judgment has not yet been entered.  Upon entry, a copy of said judgment can be found online through the process described in section (5) above.

If you have questions about this notice, the lawsuits, or the enclosed materials, please do not hesitate to contact me.

Sincerely,

*/s/ Abbey M. Glenn*

Abbey M. Glenn, Esq.

Enclosures

DB1/ 101096105.1