UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DAVID CLARK, *et al.*,<br>　　　　Plaintiffs,<br>　v.<br><br>DUKE UNIVERSITY, *et al.*,<br>　　　　Defendants. | Case No. 1:16-CV-01044-CCE-LPA |
| KATHI LUCAS, *et al.*,<br>　　　　Plaintiffs,<br>　v.<br><br>DUKE UNIVERSITY,<br>　　　　Defendant. | Case No. 1:18-CV-00722-CCE-LPA |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION
FOR CERTIFICATION OF SETTLEMENT CLASS**

Under Fed. R. Civ. P. 23(b)(1), Plaintiffs, as representatives of a class of similarly situated persons and on behalf of the Duke University Faculty and Staff Retirement Plan (the Plan), respectfully request that this Court certify a class for settlement purposes only in *Clark, et al. v. Duke University, et al.,* Case No. 1:16-cv-01044, and *Lucas, et al. v. Duke University,* Case No. 1:18-cv-00722. Plaintiffs also request that the Court appoint the Named Plaintiffs as class representatives and appoint Schlichter, Bogard & Denton, LLP as class counsel.

**BACKGROUND**

On August 10, 2016, Plaintiffs David Clark, Keith A. Feather, Jorge Lopez, Thomas C. Mehen, Susie Pettus, and Robert Healy filed their complaint in *Clark, et al. v. Duke University, et al.,* Case No. 1:16-cv-01044, alleging breaches of fiduciary duty and

prohibited transactions in violation of the Employee Retirement Income Security Act (ERISA).[1] *Clark* Doc. 1. On August 20, 2018, Plaintiffs Lucas, Lopez and Feather filed a related complaint in *Lucas, et al. v. Duke University,* Case No. 1:18-cv-00722, alleging separate ERISA violations. *Lucas* Doc. 1.

ERISA authorizes any plan participant to bring an action to enforce ERISA's fiduciary duties and to recover all losses to a plan caused by a breach of fiduciary duty. 29 U.S.C. §1132(a)(2), §1109(a). Plaintiffs are acting "in a representative capacity on behalf of the plan as a whole" to recover losses to their Plan resulting from the Duke Defendants' alleged breaches of duty, and to obtain equitable remedies. *Mass. Mut. Life. Ins. Co. v. Russell*, 473 U.S. 134, 142 n.9 (1985); *see Clark* Doc. 72 ¶¶13–17; *Lucas* Doc. 1 ¶¶9–11.

On January 16, 2019, the parties reached a settlement to resolve the claims asserted in *Clark* and *Lucas.* As defined under Section 2.40 of the Settlement Agreement, Plaintiffs seek to certify the following settlement class:

> All persons who are or were participants or beneficiaries in the Plan at any time during the Class Period, including any Beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and/or Alternate Payee, in the case of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are Kyle Cavanaugh, Tim Walsh, James S. Roberts, Rhonda Brandon, Steve Smith, Anders Hall, Richard Schmalbeck, Michael Lazar, Dr. Nan Jokerst, Eric Koehrsen, and Jean Shields.

---

[1] Mr. Healy and Ms. Pettus withdrew as named plaintiffs. *See Clark* Docs. 58, 64. Kathi Lucas was added as a named plaintiff shortly after the filing of the initial complaint. *See Clark* Doc. 24.

As defined under Section 2.11 of the Settlement Agreement, the Class Period is August 10, 2010 through the date of entry of the Preliminary Order.

**ARGUMENT**

To be approved for certification, even as a settlement class, a case must meet the requirements of Fed. R. Civ. P. 23. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 622 (1997). The Court need not determine whether the action would be manageable if tried, "for the proposal is that there be no trial." *Id.* at 620. The proposed class must satisfy numerosity, common questions of law or fact, typicality of claims or defenses, and adequacy of representation under Rule 23(a) and one of the categories under Rule 23(b). Fed. R. Civ. P. 23(a), (b).

In *Clark*, the Court previously found that the requirements for class certification under Rule 23(a) and Rule 23(b)(1) were met and certified a class consisting of "[a]ll participants and beneficiaries of the Duke Faculty and Staff Retirement Plan from August 10, 2010 through the date of judgment, excluding Defendants." *Clark* Doc. 96 at 21. The Court also appointed Schlichter, Bogard & Denton as class counsel, and Named Plaintiffs Clark, Feather, Lopez, Mehen and Lucas as class representatives. *Id.* Based on the Court's prior findings, the proposed settlement class satisfies Rule 23(a) and Rule 23(b)(1), and the Named Plaintiffs and Schlichter, Bogard & Denton meet the requirements for appointment as class representatives and class counsel.

3

### I. Rule 23(a) is satisfied.

#### A. Numerosity

Plaintiffs' proposed settlement class of over 40,000 individuals satisfies the numerosity requirement under Fed. R. Civ. P. 23(a)(1) because joinder of all class members is impracticable. *See Clark* Doc. 96 at 4.

#### B. Commonality and Typicality

Plaintiffs' proposed settlement class satisfies commonality and typicality under Rule 23(a)(2) and (3) because there are "questions of law or fact common to the class", including whether the Plan suffered losses, and the claims of the Named Plaintiffs are "typical of the claims ... of the class" because they arise from the same course of conduct and are based on the same legal theories as the absent class members. Fed. R. Civ. P. 23(a)(2), (3); *Clark* Doc. 96 at 10–14; *see also Lucas* Doc. 1 ¶45(b), (c); *Tatum v. R.J. Reynolds Tobacco Co.*, 254 F.R.D 59, 65–66 (M.D.N.C. 2008).

#### C. Adequacy of Representation

The Named Plaintiffs meet the requirements of Rule 23(a)(4) because they "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *Clark* Doc. 96 at 14; *Clark* Docs. 70-2 – 70-6. And Schlichter, Bogard & Denton are competent and able to fairly and adequately represent the interests of the proposed settlement class. Fed. R. Civ. P. 23(g); *Clark* Doc. 96 at 15; *Clark* Doc. 70-7.

### II. The requirements of Rule 23(b)(1) are met.

The proposed settlement class meets the requirements under Rule 23(b)(1)(A) because separate actions over whether the Duke Defendants violated their fiduciary duties could

result "in decisions that place incompatible requirements on the defendants in terms of either the losses to that defendants would have to pay back to the Plan, or the requirements for obtaining future Plan services, or both." *Clark* Doc. 96 at 19; *Lucas* Doc. 1 ¶45(e). Because Plaintiffs' claims "concern the same actions in managing the Plan and because damages are owed to the Plan as a whole and not individual plaintiffs", adjudications by individual participants regarding the breaches of fiduciary duties and remedies to the Plan would be dispositive of the interests of other participants not parties to the adjudication. *Clark* Doc. 96 at 20; *Lucas* Doc. 1 ¶45(e).

## CONCLUSION

The Court should grant certification of the proposed Settlement Class for settlement purposes only, appoint the Named Plaintiffs as class representatives, and appoint Schlichter, Bogard & Denton, LLP as class counsel.

January 16, 2019

Respectfully submitted:

/s/ Jerome J. Schlichter
SCHLICHTER BOGARD & DENTON LLP
Jerome J. Schlichter, MO No. 32225
Michael A. Wolff, MO No. 38207
Kurt C. Struckhoff, MO No. 61873
100 South Fourth Street, Ste. 1200
St. Louis, Missouri 63102
(314) 621-6115, (314) 621-5934 (fax)
jschlichter@uselaws.com
mwolff@uselaws.com
kstruckhoff@uselaws.com

*Counsel for all Plaintiffs*

/s/ David B. Puryear, Jr.
David B. Puryear, Jr.
North Carolina State Bar No. 11063
PURYEAR & LINGLE, PLLC
5501-E Adams Farm Lane
Greensboro, NC 27407
(336) 218-0227
puryear@puryearandlingle.com

*Local Counsel for all Plaintiffs*

# CERTIFICATE OF COMPLIANCE

In accordance with the Civil Local Rules of Practice for the United States District Court for the Middle District of North Carolina, this is to certify that the foregoing document complies with the font and point selections approved by the Court in Local Rule 7.3(d)(1). The foregoing was prepared on computer using Times New Roman font (13 point). I certify that the above-referenced Memorandum contains 1,035 words.

/s/ Jerome J. Schlichter

# CERTIFICATE OF SERVICE

I certify that on January 16, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of filing to all counsel of record.

/s/ Jerome J. Schlichter