UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DAVID CLARK, *et al.*,<br>        Plaintiffs,<br>  v.<br><br>DUKE UNIVERSITY, *et al.*,<br>        Defendants. | Case No. 1:16-CV-01044-CCE-LPA |
| KATHI LUCAS, *et al.*,<br>        Plaintiffs,<br>  v.<br><br>DUKE UNIVERSITY,<br>        Defendant. | Case No. 1:18-CV-00722-CCE-LPA |

**MEMORANDUM IN SUPPORT OF JOINT MOTION TO CONSOLIDATE**

In accordance with Rule 42(a) of the Federal Rules of Civil Procedure, the parties respectfully request that the Court consolidate *Clark v. Duke University*, Case No. 1:16-cv-01044, with *Lucas v. Duke University*, Case No. 1:18-cv-0072. Both cases should be consolidated for settlement purposes only under Case No. 1:16-cv-01044. Because both actions involve common questions of fact and law, and consolidation would promote judicial efficiency, the Court should consolidate both actions for settlement purposes only.

**BACKGROUND**

This litigation is comprised of two separate but related underlying actions brought under 29 U.S.C. §1132(a)(2) of the Employee Retirement Income Security Act of 1974 (ERISA). The first action, *Clark v. Duke University*, Case No. 1:16-cv-01044,

commenced on August 10, 2016, and alleges that Defendant Duke University and other individually named defendants breached their duties under ERISA by causing the Duke University Faculty and Staff Retirement Plan (Plan) to pay unreasonable administrative expenses, maintaining underperforming investment options, engaging in prohibited transactions with parties-in-interest, and failing to remedy the breaches of the Plan fiduciaries. *See Clark* Doc. 72.

The second action, *Lucas v. Duke University*, Case No. 1:18-cv-00722, commenced on August 20, 2018, and alleges that Defendant Duke University breached its duties and committed prohibited transactions under ERISA by causing Plan assets to be used to pay for salaries and fringe benefits of Duke University employees who provided services to the Plan. *See Lucas* Doc. 1.

Both actions seek to enforce Duke University and/or the other individual Defendants' personal liability under 29 U.S.C. §1109(a) to make good to the Plan all losses resulting from each alleged breach and to restore the Plan all profits Duke University and/or the individual Defendants allegedly made through the use of Plan assets.

On January 16, 2019, the Settling Parties reached a settlement to resolve the claims asserted in *Clark* and *Lucas.* As a term of the Settlement Agreement, the Settling Parties agreed to consolidate *Clark* and *Lucas* for purposes of settlement only. *See* Settlement Agreement, ¶3.2.1.[1]

---

[1] The Settlement Agreement has been filed as an attachment to Plaintiffs' Unopposed Motion for Preliminary Approval of the Class Action Settlement.

# ARGUMENT

"If actions before the court involve a common question of law or fact," this Court may "consolidate the actions[.]" Fed. R. Civ. P. 42(a)(2). The Court also may "issue any other orders to avoid unnecessary cost or delay." *Id.* at (a)(3). "A district court has 'broad discretion' regarding whether or not to consolidate cases." *Fenix Flashlights, LLC v. Li*, No. 12-1310, 2015 U.S.Dist.LEXIS 132391, at *4 (M.D.N.C. Sep. 30, 2015)(citation omitted). "[C]onsiderations of judicial economy favor consolidation." *Hirtenstein v. Cempra, Inc.*, No. 16-1303, 2017 U.S.Dist.LEXIS 103799, at *4 (M.D.N.C. July 5, 2017)(citation omitted).

The requirements for consolidation under Rule 42(a) are met. *Clark* and *Lucas* involve common questions of law. They both were brought under 29 U.S.C. §1132(a) on behalf of the Plan for breaches of fiduciary duties under ERISA seeking to enforce Duke University and/or Defendants' personal liability under 29 U.S.C. §1109(a) to make good to the Plan all losses resulting from each breach of fiduciary duty and to restore to the Plan any profits made through Duke University and/or Defendants' use of the Plan's assets. *See Clark* Doc. 72 ¶¶1,5–6, 229–262; *Lucas* Doc. 1 ¶¶1–2, 48–59. Both actions also share numerous common questions of fact, including the same defined contribution plan, the same Plan fiduciaries and named fiduciary (Duke University) with authority over the control or management of the assets of the Plan, the same documents and instruments governing the Plan, common class representatives, and substantially

3

overlapping classes, among others. *See Clark* Doc. 72 ¶¶9–20, 225; *Lucas* Doc. 1 ¶¶5–13, 44.

An Order consolidating the class actions also will promote judicial efficiency and avoid unnecessary costs by: eliminating the need for the Court to manage two dockets, enter separate orders on matters related to the settlement, and potentially holding two hearings for settlement purposes; saving time and effort of the Settling Parties by eliminating the need to file separate motions or other necessary filings to facilitate the settlement; and avoiding any confusion or unnecessary administrative burdens through maintaining two separate but related actions.

## CONCLUSION

The Parties respectfully request that the Court consolidate *Clark* and *Lucas* under Case No. 1:16-cv-01044.

January 16, 2019

Respectfully submitted,

/s/ Jeremy P. Blumenfeld (w/consent)
MORGAN, LEWIS & BOCKIUS LLP
Jeremy P. Blumenfeld
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: 215.963.5000
Facsimile: 215.963.5001
jeremy.blumenfeld@morganlewis.com

Donald L. Havermann
Christopher A. Weals
Abbey M. Glenn
1111 Pennsylvania Ave NW
Washington, DC 20004-2541
Telephone: 202.739.3000

/s/ Jerome J. Schlichter
SCHLICHTER BOGARD & DENTON LLP
Jerome J. Schlichter, MO No. 32225
Michael A. Wolff, MO No. 38207
Kurt C. Struckhoff, MO No. 61873
100 South Fourth Street, Ste. 1200
St. Louis, Missouri 63102
(314) 621-6115, (314) 621-5934 (fax)
jschlichter@uselaws.com
mwolff@uselaws.com
kstruckhoff@uselaws.com

*Counsel for all Plaintiffs*

Facsimile: 202.739.3001
donald.havermann@morganlewis.com
christopher.weals@morganlewis.com
abbey.glenn@morganlewis.com

*Lead Counsel for Defendants*

James P. Cooney III, NC State Bar No. 12140
WOMBLE BOND DICKINSON (US) LLP
One Wells Fargo Center, Suite 3500
301 South College Street
Charlotte, NC 28202
Telephone: 704.331.4900
Facsimile: 704.331.4955
Jim.Cooney@wbd-us.com

Brent F. Powell, NC State Bar No. 41938
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: 336.721.3600
Facsimile: 336.721.3660
Brent.Powell@wbd-us.com

*Local Counsel for Defendants*

/s/ David B. Puryear, Jr.
David B. Puryear, Jr.
North Carolina State Bar No. 11063
PURYEAR & LINGLE, PLLC
5501-E Adams Farm Lane
Greensboro, NC 27407
(336) 218-0227
puryear@puryearandlingle.com

*Local Counsel for all Plaintiffs*

## CERTIFICATE OF COMPLIANCE

In accordance with the Civil Local Rules of Practice for the United States District Court for the Middle District of North Carolina, this is to certify that the foregoing document complies with the font and point selections approved by the Court in Local Rule 7.3(d)(1). The foregoing was prepared on computer using Times New Roman font (13 point). I certify that the above-referenced Memorandum contains 713 words.

<u>/s/ Jerome J. Schlichter</u>

## CERTIFICATE OF SERVICE

I certify that on January 16, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of filing to all counsel of record.

<u>/s/ Jerome J. Schlichter</u>