IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DAVID CLARK, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:16-CV-1044 |
| | ) | |
| DUKE UNIVERSITY, et al., | ) | |
| | ) | |
| Defendants, | ) | |
| ---------------------------------------------- | ) | |
| KATHI LUCAS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:18-CV-722 |
| | ) | |
| DUKE UNIVERSITY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on the plaintiffs' motion for preliminary approval of a class action settlement in two related matters, *Clark v. Duke University,* No. 16-cv-1044, and *Lucas v. Duke University*, No. 18-cv-722. While class counsel have adequately addressed many of the factors relevant to the Court's decision to preliminarily approve the proposed settlement, they did not substantively address the adequacy of the proposed settlement. Before ruling, the Court requires additional information.

At the preliminary stage of settlement review, the Court determines "whether the proposed settlement is within the range of possible approval or, in other words, whether there is probable cause to notify the class of the proposed settlement." *Horton v. Merrill*

*Lynch, Pierce, Fenner & Smith, Inc.*, 855 F. Supp. 825, 827 (E.D.N.C. 1994) (quotations omitted); *see also U.S. Airline Pilots Ass'n. v. Velez*, No. 3:14-cv-00577-RJC-DCK, 2016 WL 1615408, at *4 (W.D.N.C. Apr. 22, 2016) (quoting same).  The parties must therefore provide the Court with "information sufficient to enable it to determine whether to give notice of the proposal to the class." Fed. R. Civ. P. 23(e)(1)(A) (as amended effective December 1, 2018).  Although courts apply less scrutiny to a settlement at the preliminary approval stage, they still consider many of the same factors as for final approval.  4 Newberg on Class Actions § 13:15 (5th ed. November 2018 Update).

The Court should only approve a class settlement if it is "fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2); *see also In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158 (4th Cir. 1991).  Fairness "focuses on whether the proposed settlement was negotiated at arm's length," and adequacy "focuses on whether the consideration provided the class members is sufficient."  *Beaulieu v. EQ Indus. Servs., Inc.*, No. 5:06-CV-00400-BR, 2009 WL 2208131, at *23 (E.D.N.C. July 22, 2009) (citing *Jiffy Lube*, 927 F.2d at 158–59).

At this stage, the Court does not require additional information about process or notice, in light of the information provided by class counsel in their motion papers.  As to the adequacy of the proposed settlement, however, class counsel offer only their own conclusory opinions.  Doc. 150 at 10–11.[1]  The Fourth Circuit suggests courts consider several factors when evaluating adequacy, including "(1) the relative strength of the

---

[1] Citations to the record are to the matter *Clark v. Duke University*, No. 16-cv-1044 (M.D.N.C.) unless otherwise noted.

plaintiffs' case on the merits, (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial, (3) the anticipated duration and expense of additional litigation, [and] (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment," among others. *Jiffy Lube*, 927 F.2d at 158–59; *see also Beaulieu*, 2009 WL 2208131, at \*26–27 (applying factors). The parties have not provided any of this information, even in summary or preliminary form. Moreover, class members deciding whether to object need to have some meaningful context within which to evaluate the settlement amount and the non-monetary relief, beyond advice of counsel. Without enough information, the degree of opposition to the settlement—a factor the Court considers as to adequacy at the final approval stage, *see Jiffy Lube*, 927 F.2d at 159—will be difficult to weigh fairly, as both opposition and support may not have an informed basis.

Before deciding whether to preliminarily approve the settlement, the Court will give the parties an opportunity to supplement the record. For example, class counsel might provide: some basic information about the plaintiff's damages evidence, including the range of potential damages which the class as a whole and class members individually might ultimately recover should they prevail on one or more claims and how this compares to the negotiated settlement amounts; a comparison of the non-monetary relief negotiated compared to the injunctive relief sought; and an overview of the nature and extent of any obstacles to recovery.

The Court is also inclined to order the parties to make available all motion papers and supplemental briefing related to the settlement approval on the settlement website

3

Case 1:16-cv-01044-CCE-LPA   Document 155   Filed 01/29/19   Page 3 of 4

mentioned in the proposed class notice, *see* Doc. 149-2 at 59, 66, so class members may readily have access to this information. The parties should indicate in their supplemental briefing whether they would object to this measure and if so, why.

The Court will hold the matter open and authorizes counsel for any party to file supplemental briefing and evidence to address the Court's questions. Such supplementary briefing and evidence shall be filed no later than February 15, 2019, though earlier would be appreciated. If the supplemental materials are filed by February 4, 2019, the Court will endeavor to rule on the motion for preliminary approval by February 8; otherwise it will likely late February or early March before a ruling will issue.

**SO ORDERED,** this the 29th day of January, 2019.

_____
UNITED STATES DISTRICT JUDGE