IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DAVID CLARK, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:16-CV-1044 |
| | ) | |
| DUKE UNIVERSITY, et al., | ) | |
| | ) | |
| Defendants, | ) | |
| ------------------------------------------- | ) | |
| KATHI LUCAS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:18-CV-722 |
| | ) | |
| DUKE UNIVERSITY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING**
**MOTION FOR CERTIFICATION OF SETTLEMENT CLASS AND**
**MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION**
**SETTLEMENT**

This litigation involves two separate but related class actions alleging breaches of fiduciary duties and prohibited transactions by the defendants under the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1001, et seq., in the management, operation, and administration of the Duke University Faculty and Staff Retirement Plan (the "Plan"). The defendants deny and continue to deny the allegations, claims, and contentions of the Class Representatives, deny that they are liable at all to the Settlement Class, and deny that the Settlement Class or the Plan has suffered any harm or damage for which the defendants could be held responsible.

In their Unopposed Motion for Preliminary Approval of Class Settlement, Doc.

149,[1] the Class Representatives seek preliminary approval of a settlement of the claims asserted in these two class actions. Defendants consented to this motion. The terms of the Settlement are set out in a Class Action Settlement Agreement dated January 16, 2019, executed by the Settling Parties and their counsel. *See* Doc. 149-2 at 1–29. Plaintiffs also request that the Court certify a class for settlement only purposes in accordance with the terms of the Settlement. Doc. 151.

The Court has considered the proposed Settlement, the memorandum in support of class counsel's motion for preliminary approval, and the supplemental information provided by class counsel. *See* Docs. 150, 156. For purposes of this Order, capitalized terms have the definitions in the Settlement Agreement, located at Doc. 149-2 at 1–29 and incorporated herein by reference, unless otherwise defined in this Order. Having reviewed the Settlement Agreement and the accompanying and supporting papers, it is **ORDERED** as follows.

1. **Class Findings**: Solely for the purposes of the Settlement, the Court finds that the proposed Settlement Class meets the requirements of Rule 23 of the Federal Rules of Civil Procedure. The class, as defined under ¶ 2.40 of the Settlement Agreement, includes:

> All persons who are or were participants or beneficiaries in the Plan at any time during the Class Period, including any Beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and/or Alternate Payee, in the case of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period. Excluded from the Settlement

---

[1] Citations to the record are to the matter *Clark v. Duke University*, No. 1:16-cv-1044 (M.D.N.C.) unless otherwise noted.

Class are Kyle Cavanaugh, Tim Walsh, James S. Roberts, Rhonda Brandon, Steve Smith, Anders Hall, Richard Schmalbeck, Michael Lazar, Dr. Nan Jokerst, Erik Koehrsen, and Jean Shields.[2]

As defined under Section 2.11 of the Settlement Agreement, the Class Period is August 10, 2010 through the date of entry of this Preliminary Order.

The Court finds that:

A. Rule 23(a)(1) is satisfied because there are over 40,000 potential class members, making joinder impracticable. *See* Doc. 96 at 4.

B. Rule 23(a)(2) is satisfied because there are one or more questions of fact or law common to the Settlement Class that can or would be resolved as to the Plan, not only as to individual participants, including: whether the fiduciaries to the Plan breached their duties; what losses are to the Plan resulting from each breach of duty; and what Plan-wide equitable and other relief the Court should impose in light of defendants' breach of duty.

C. Rule 23(a)(3) is satisfied because the claims of the Class Representatives are typical of the claims of the Settlement Class since these claims all arise from a Plan-level course of conduct.

D. Rule 23(a)(4) is satisfied because there is no conflict between Plaintiffs' individual interests and the interests of the Settlement Class. They share the

---

[2] The individuals excluded from this class by name are the named individual defendants in the matter *Clark v. Duke University*, No. 1:16-cv-1044 (M.D.N.C.). They were previously excluded by the Court's order certifying the class in that matter. *See* Doc. 96 at 21 (certifying a class of "All participants and beneficiaries of the Duke Faculty and Staff Retirement Plan from August 10, 2010 through the date of judgment, excluding Defendants").

3

same objectives, share the same factual and legal positions, and share the same interest in establishing the defendants' liability. Additionally, Class Counsel is qualified, reputable, and has extensive experience in ERISA fiduciary breach class actions such as this one.

E. Rule 23(b)(1) is satisfied because individual members of the Settlement Class pursuing their own claims could result in inconsistent or varying adjudications as to individual members of the Settlement Class, establishing incompatible standards of conduct for the defendants. Furthermore, adjudication as to individual class members would, as a practical matter, be dispositive of the interest of other members not parties to the individual adjudications, or would substantially impair or impeded those persons' ability to protect their interests.

F. Rule 23(g) is satisfied because the law firm Schlichter, Bogard & Denton, LLP, is capable of fairly and adequately representing the interests of the Settlement Class. Class Counsel has done extensive work on this case, including significant investigation of the underlying merit of Plaintiffs' claims alleged in the Class Actions. Class Counsel is experienced in these types of cases and is knowledgeable of the applicable law.

2. **Settlement Class Certification**: The Court certifies the following class for settlement purposes under Federal Rule of Civil Procedure 23(b)(1):

> All persons who are or were participants or beneficiaries in the Plan at any time during the Class Period, including any Beneficiary of a deceased person who participated in the Plan at any time during the

4

Class Period, and/or Alternate Payee, in the case of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are Kyle Cavanaugh, Tim Walsh, James S. Roberts, Rhonda Brandon, Steve Smith, Anders Hall, Richard Schmalbeck, Michael Lazar, Dr. Nan Jokerst, Erik Koehrsen, and Jean Shields. The Class Period is August 10, 2010 through the date of entry of this Preliminary Order.

3. For settlement purposes only, the Court modifies the class currently certified in *Clark v. Duke University,* No. 1:16-cv-1044, to be consistent with this Order. *See* Doc. 96 at 21; Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment.").

4. **Appointment of Class Representatives and Class Counsel**: The Court appoints the Class Representatives to represent the Settlement Class, and Schlichter, Bogard & Denton, LLP, as Class Counsel.

5. **Preliminary Findings Regarding Proposed Settlement**: The Court preliminarily finds that:

    A. The proposed Settlement resulted from extensive arm's-length negotiations;

    B. The Settlement Agreement was executed only after the parties engaged in substantial litigation for well over two years and after settlement negotiations had continued within that period for months, including an in-person mediation session with a nationally recognized private mediator and extensive telephonic and email communications with and without the mediator;

5

C. Class Counsel has concluded that the Settlement Agreement is fair, reasonable, and adequate;

D. The Settlement appears sufficiently fair, reasonable, and adequate to be within the range of possible approval and to warrant sending notice of the Settlement to the Settlement Class; and

E. The Class Actions should be consolidated for settlement purposes, as set forth in the Court's order issued concurrently with this Order.

6. **Fairness Hearing**: A hearing is scheduled at the United States District Court for the Middle District of North Carolina, the Honorable District Court Judge Catherine C. Eagles presiding, at 10 a.m. on June 18, 2019, to determine, among other issues:

A. Whether the Court should approve the Settlement Agreement as fair, reasonable, and adequate;

B. Whether the parties executed the Settlement Notice and notice methodology as directed by this Court;

C. Whether the Court should approve the motion for attorney's fees and costs to be filed by Class Counsel;

D. Whether the Court should approve an amount of compensation to Class Representatives; and

E. Whether the Court should approve for payment Administrative Expenses specified in the Settlement Agreement and requested by the Settling Parties from the Gross Settlement Amount.

6

7. **Establishment of Qualified Settlement Fund**: The Settling Parties agree to a common fund in the Settlement Agreement, which is hereby established and shall be known as the *Clark v. Duke University* Litigation Settlement Fund (the "Settlement Fund" or "Gross Settlement Amount"). The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall consist of $10,650,000 and any interest earned thereon. The Settlement Fund shall be administered as follows:

    A. The Settlement Fund is established exclusively for the purposes of: (i) making distributions to Class Representatives and the Settlement Class specified in the Settlement Agreement; (ii) making payments for all settlement administration costs and costs of notice, including payments of all Administrative Expenses specified in the Settlement Agreement; (iii) making payments of all Attorneys' Fees and Costs to Class Counsel as awarded by the Court; and (iv) paying employment, withholding, income and other applicable taxes, all in accordance with the terms of the Settlement Agreement and this Order. Other than the payment of Administrative Expenses or as otherwise expressly provided in the Settlement Agreement, no distribution shall be made from the Settlement Fund until after the Settlement Effective Date.

    B. Within the time period set forth in the Settlement Agreement, the Duke Defendants or insurer shall cause $10,650,000 to be deposited into

the Settlement Fund.

C. The Court appoints Analytics LLC as the Settlement Administrator for providing Settlement Notice, implementing the Plan of Allocation, and otherwise assisting in administration of the Settlement as set forth in the Settlement Agreement.

D. The Duke Defendants shall timely furnish a statement to the Settlement Administrator that complies with Treasury Regulation § 1.468B-3(e)(2), which may be a combined statement under Treasury Regulation § 1.468B-3(e)(2)(ii), and shall attach a copy of the statement to their federal income tax returns filed for the taxable year in which the Duke Defendants make a transfer to the Settlement Fund.

E. The Duke Defendants shall have no withholding, reporting, or tax reporting responsibilities for the Settlement Fund or its distribution, except as otherwise specifically identified herein. Moreover, the Duke Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) their obligation to cause the Gross Settlement Amount to be paid; and (2) their agreement to cooperate in providing information that is necessary for settlement administration set forth in the Settlement Agreement.

F. The oversight of the Settlement Fund is the responsibility of the Settlement Administrator. The status and powers of the Settlement

8

Administrator are as defined by this Order and as approved in the Settlement Agreement.

G. The Gross Settlement Amount caused to be paid by the Duke Defendants and/or insurer into the Settlement Fund in accordance with the Settlement Agreement, and all income generated by that amount, shall be *in custodia legis* and immune from attachment, execution, assignment, hypothecation, transfer or similar process by any person.  Once the Settlement Fund vests, it is irrevocable during its term and the Duke Defendants have divested themselves of all right, title or interest, whether legal or equitable, in the Settlement Fund, if any; provided, however, in the event the Settlement Agreement is not approved by the Court or the Settlement set forth in the Settlement Agreement is terminated or fails to become effective in accordance with its terms (or, if following approval by this Court, such approval is reversed or modified), the parties shall be restored to their respective positions in this case as of the day prior to the Settlement Agreement Execution Date; the terms and provisions of the Settlement Agreement and this Order shall be void and have no force and effect and shall not be used in this case or in any proceeding for any purpose; and the Settlement Fund and income earned thereon shall immediately be returned to the entity(ies) that funded the Settlement Fund.

H. The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Order or any additional

Orders issued by the Court.

I.      The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with Article 6 of the Settlement Agreement, provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges and excises of any kind, including income taxes, and any interest, penalties or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund.

J.      The Settlement Fund shall be used to make payments to Class Members under the Plan of Allocation set forth in the Settlement Agreement. Individual payments to Class Members will be subject to tax withholding as required by law and as described in the Class Notice and its attachments. In addition, all Class Representatives' Compensation, Administrative Expenses and all Attorney's Fees and Costs of Class Counsel shall be paid from the Settlement Fund.

K.      The Court and the Settlement Administrator recognize that there will be tax payments, withholding, and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, in accordance with the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund and

10

Case 1:16-cv-01044-CCE-LPA   Document 158   Filed 02/07/19   Page 10 of 20

shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund.  The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes.

L.  The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities as to the correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as fiduciaries of the Settlement Fund.  Reserves may be established for taxes on the Settlement Fund income or on distributions.

M.  The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions.  Such powers include receiving and processing information from Former Participants pertaining to their claims and investing, allocating and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms

11

and this Order.

N.     The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements and other transactions of the Settlement Fund. All accounts, books and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person; the nature and status of any payment from the Settlement Fund and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Order, and any future orders that the Court may find it necessary to issue.

O.     The Settlement Administrator may establish protective conditions concerning the disclosure of information maintained by the Settlement Administrator if publication of such information would violate any law, including rights to privacy. Any person entitled to such information who is denied access to the Settlement Fund's records may submit a request to the Court for such information. However, the Settlement Administrator shall supply such information to any claimant as may be reasonably necessary to allow him or her to accurately determine his or her federal, state and local tax liabilities. Such information shall be supplied in the form and manner

prescribed by relevant law.

  P. This Order will bind any successor Settlement Administrator. The successor Settlement Administrator(s) shall have, without further act on the part of anyone, all the duties, powers, functions, immunities, and discretion granted to the original Settlement Administrator.  Any Settlement Administrator(s) who is replaced (by reason other than death) shall execute all instruments, and do all acts, that may be necessary or that may be ordered or requested in writing by the Court or by any successor Settlement Administrator(s), to transfer administrative powers over the Settlement Fund to the successor Settlement Administrator(s).  The appointment of a successor Settlement Administrator(s), if any, shall not under any circumstances require any of the Duke Defendants to make any further payment of any nature into the Settlement Fund or otherwise.

8. **Class Notice**:  The Settling Parties have presented to the Court proposed forms of Settlement Notice, filed as Exhibits 3 and Exhibit 4 to the proposed settlement agreement, Doc. 149-2 at 53–59, 60–66, respectively.

  A. The Court finds that the proposed forms and the website referenced in the Settlement Notice, as supplemented herein per ¶ 8(E), fairly and adequately:

   i. Describe the terms and effect of the Settlement Agreement and of the Settlement;

   ii. Notify the Settlement Class concerning the proposed Plan of

13

Allocation;

iii. Notify the Settlement Class that Class Counsel will seek compensation from the Settlement Fund for the Class Representatives, Attorneys' Fees and Costs;

iv. Notify the Settlement Class that Administrative Expenses related to the implementation of the Settlement will be paid from the Settlement Fund;

v. Give notice to the Settlement Class of the time and place of the Fairness Hearing; and

vi. Describe how the recipients of the Class Notice may object to any of the relief requested and the rights of the Settling Parties to discovery concerning such objections.

B. The Settling Parties have proposed the following manner of communicating the notice to Class Members: the Settlement Administrator shall by no later than sixty (60) days before the Fairness Hearing, cause the Settlement Notice, with such non-substantive modifications thereto as may be agreed upon by the Settling Parties, to be sent by electronic email to all Class Members who have a current email address known to Duke University and/or the Plan's recordkeeper(s) and mailed, by first-class mail, postage prepaid, to the last known address of each member of the Settlement Class for whom there is no current email address that can be identified through commercially reasonable means. The Court finds that

14

such proposed manner is the best notice practicable under the circumstances and directs that the Settlement Administrator provide notice to the Settlement Class in the manner described. The Duke Defendants shall cooperate with the Settlement Administrator by providing or facilitating the provision of, in electronic format, the names, addresses, email addresses (to the extent available), and social security numbers or other unique identifiers of members of the Settlement Class. The names, addresses, email addresses (to the extent available), and Social Security numbers or other unique identifiers obtained pursuant to this Order shall be used solely for the purpose of providing notice of this settlement and as required for purposes of tax withholding and reporting, and for no other purpose.

C. For any Settlement Notice returned as undeliverable, the Settlement Administrator shall utilize the provided Social Security number or other unique identifier to attempt to determine the current address of the person and shall mail notice to that address.

D. At or before the Fairness Hearing, Class Counsel or the Settlement Administrator shall file with the Court a proof of timely compliance with the foregoing requirements.

E. The Court directs Class Counsel, no later than sixty (60) days before the Fairness Hearing, to cause the Settlement Notice to be published on the Settlement Website. The Settlement Website shall also contain the motion

papers and other filings in the matters *Clark v. Duke University*, No. 1:16-cv-1044, and *Lucas v. Duke* University, No. 1:18-cv-722, relevant to the fairness, reasonableness, and adequacy of the Settlement Agreement.

9. **Objections to Settlement**: Any Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement, to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to any request for Class Representatives' Compensation, must file an objection in the manner set out in this Order.

    A.    A Class Member wishing to raise an objection to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to any request for Class Representatives' Compensation must do the following: (i) file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection; and (ii) serve copies of the objection and all supporting authorities or evidence to Class Counsel and Defense Counsel. The addresses for filing objections with the Court and for service of such objections on counsel for the parties to this matter are as follows:

    Clerk of the Court
    United States District Courthouse
    L. Richard Preyer Federal Building
    324 West Market Street, Suite 1
    Greensboro, NC 27401

16

Case 1:16-cv-01044-CCE-LPA   Document 158   Filed 02/07/19   Page 16 of 20

SCHLICHTER, BOGARD & DENTON, LLP
Attn: Duke 403(b) Settlement
100 S. 4th Street, Ste. 1200
St. Louis, MO 63102
*Attorneys for Plaintiffs*

MORGAN, LEWIS, BOCKIUS LLP
Attn: Abbey M. Glenn
1111 Pennsylvania Ave NW
Washington, DC 20004
*Attorneys for Defendants*

B. The objector or his, her, or its counsel (if any) must serve copies of the objection(s) on the attorneys listed above and file it with the Court by no later than thirty (30) calendar days before the date of the Fairness Hearing.

C. If an objector hires an attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must serve a notice of appearance on the attorneys listed above and file it with the Court by no later than thirty (30) calendar days before the date of the Fairness Hearing.

D. Failure to serve objections(s) on either the Court or counsel for the parties shall constitute a waiver of the objection(s). Any Class Member or other person who does not timely file and serve a written objection complying with the terms of this Order shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

E. Any party wishing to obtain discovery from any objector may, but is not required to, serve discovery requests, including requests for documents

17

and notice of deposition not to exceed two (2) hours in length, on any objector within ten (10) calendar days of receipt of the objection and that any responses to discovery or depositions must be completed within ten (10) calendar days of the request being served on the objector.

F. Any party wishing to file a response to an objection must do so, and serve the response on all parties, no later than ten (10) calendar days before the Fairness Hearing.

10. **Appearance at Fairness Hearing**: Any objector who files and serves a timely, written objection in accordance with the terms of this Order as set out in Paragraph 9 above may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to speak at the Fairness Hearing must serve a notice of intention to speak setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defense Counsel (at the addresses set out above) and file it with the Court by no later than ten (10) calendar days before the date of the Fairness Hearing. Any objector (or objector's attorney) who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to speak at the Fairness Hearing.

11. **Claim Form Deadline**: All valid Former Participant Claim Forms must be received by the Settlement Administrator with a postmark date no later than June 3, 2019.

12. **Service of Papers**: Defense Counsel and Class Counsel shall promptly furnish each other with copies of all objections that come into their possession.

13. **Termination of Settlement**: If the Settlement is terminated in accordance with the Settlement Agreement, this Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing the day before the Settlement Agreement Execution Date, and the Class Actions shall be unconsolidated.

14. **Use of Order**: This Order shall not be construed or used as an admission, concession, or declaration by or against the defendants of any fault, wrongdoing, breach, or liability or a waiver of any claims or defenses, including but not limited to those as to the propriety of any amended pleadings or the propriety and scope of class certification. This Order shall not be construed or used as an admission, concession, or declaration by or against any named plaintiff, Class Representatives, or the Settlement Class that their claims lack merit, or that the relief requested in the Class Actions is inappropriate, improper or unavailable, or that the Class Actions should be consolidated. This Order shall not be construed or used as a waiver by any party of any arguments, defenses, or claims he, she, or it may have, including but not limited to any objections by the defendants to class certification if the Settlement Agreement is terminated.

15. **Parallel Proceedings**: Pending final determination of whether the Settlement Agreement should be approved, the Class Representatives, every Class Member, and the Plan are prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against the Duke Defendants, the Released Parties, or the Plan.

16. **Class Action Fairness Act Notice**: The form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted as Exhibit 6 to the Settlement Agreement, Doc. 149-2 at 73–75, complies with the requirements of CAFA and will, upon mailing, discharge the Duke Defendants' obligations pursuant to CAFA.

17. **Continuance of Hearing**: The Court may continue the Fairness Hearing in its discretion without direct notice to the Settlement Class, other than by notice to Class Counsel and Defense Counsel. Notice of any such continuance shall be posted on the Settlement website. Any Class Member wishing to appear should check the Court's docket or call the Clerk's office three (3) calendar days before the scheduled date of the Fairness Hearing.

**IT IS SO ORDERED.**

This the 7th day of February, 2019.

_____
UNITED STATES DISTRICT JUDGE